COPY

1  Laurence M. Rosen, Esq. (SBN 219683)
2  THE ROSEN LAW FIRM, P.A.
   333 South Grand Avenue, 25th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 785-2610
4  Facsimile: (213) 226-4684
   Email: lrosen@rosenlegal.com
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
11 APR -1  AM 10: 27
FILED
BY:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MICHAEL STERN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

        Plaintiff,

        vs.

CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC., LI XUEMEI, KIU KEVIN JIANG, WU SHILANG, MICHAEL ASKEW, SU YANG, RUXIANG NIU, ZHANG HONGFENG, WESTPARK CAPITAL, INC., AND RODMAN & RENSHAW, LLC,

        Defendants.

CV11-02768 PSG SSx

CASE No.:

COMPLAINT

CLASS ACTION

**JURY TRIAL DEMANDED**

Plaintiff Michael Stern, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against China Intelligent Lighting and Electronics, Inc. ("CIL", or the "Company"), alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other

1

things, a review of the Defendant's public documents, conference calls and announcements made by the Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding the Company, securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## <u>SUBSTANTIVE ALLEGATIONS</u>

1.    This is a securities class action on behalf of all persons or entities who: (1) purchased or otherwise acquired the securities of CIL pursuant and/or traceable to the Company's Registration and Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's June 18, 2010 initial public offering (the "IPO" or the "Offering") seeking to pursue remedies under the Sections 11, 12(a)(2), and 15 of Securities Act of 1933 (the "Securities Act"); and (2) purchased or otherwise acquired the securities of CIL during the period from June 18, 2010 to March 29, 2011, inclusive (the "Class Period"), seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

2.    On June 16, 2010 the Company filed with the SEC an amended Registration Statement on Form S-1/A in connection with the Offering.  The Registration Statement also contained a Prospectus and both documents contained,

among other things, the Company's financial results for the fiscal years ended December 31, 2009, interim quarterly reports thereof, and results for the first quarter ended March 31, 2010.

3.      The Registration Statement was declared effective on June 17, 2010, and the Company filed the final prospectus with the SEC on June 21, 2010.

4.      The Offering was for 3,350,000 shares of the Company's common stock at a price of $3.00 per share.  The Offering was underwritten by defendants WestPark Capital, Inc. ("WestPark") and Rodman & Renshaw, LLC ("Renshaw"). WestPark and Renshaw are collectively referred to herein as the "Underwriters" or "Underwriter Defendants."  Pursuant to the Offering the Underwriters had a 45-day option to purchase an additional 502,500 shares of the Company common stock to cover over-allotments.

5.      On June 18, 2010 the Company completed the Offering and gross proceeds to the Company was $10.05 million.

6.      Throughout the Class Period, the Defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, prospects and performance. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that the financial statements included in the Registration Statement as of December 31, 2009 was materially false and misleading and could not be relied upon as they contained material errors.   Moreover, the Company's financial

statements for the quarterly periods in 2010 were also materially false and misleading and could not be relied upon.

## JURISDICTION AND VENUE

7.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R.  §240.10b-5).  Additional claims arise under Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k and 77o.

8.    This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331 and Section 22of the Securities Act, 15 U.S.C. §77v.

9.    Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C.  § 78aa, 28 U.S.C.  § 1391(b), and Section 22 of the Securities Act, 15 U.S.C. §77v.

10.    In connection with the acts, conduct and other wrongs alleged in this Complaint, the Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the AMEX.

## PARTIES

11.    Plaintiff Michael Stern, as set forth in the attached PSLRA certification, purchased CIL securities at artificially inflated prices during the Class Period and has been damaged thereby.

12.     Defendant CIL is a Delaware Corporation with its principal executive offices in Guangdong Province, China.  CIL purports to manufacture LED lighting products in China.

13.     Defendant Li Xuemei ("Xuemei") at all relevant times herein was the Company's Chief Executive Officer, President and Chairman of the Board. Xuemei signed the Registration Statement.

14.     Defendant Kui Kevin Jiang ("Jiang") at all relevant times herein was the Company's Chief Financial Officer and Corporate Secretary.  Jiang signed the Registration Statement.

15.     Defendant Wu Shiliang ("Shiliang") at all relevant times herein was the Company's Executive Vice President, and Sales and Marketing Director. Shiliang signed the Registration Statement.

16.     Defendant Michael Askew ("Askew") was Company Director until he resigned on or about March 24, 2011.  Askew signed the Registration Statement.

17.     Defendant Su Yang ("Yang") was a Company Director until Yang resigned from the Company on March 1, 2011.  Yang signed the Registration Statement.

18.     Defendant Ruxiang Niu ("Niu") was a Company Director beginning on March 1, 2011.

19.     Defendant Zhang Hongfeng ("Hongfeng") at all relevant times herein was a Company Director.  Hongfeng signed the Registration Statement.

20.    Defendants Xuemei, Jiang, Shiliang, Askew, Yang and Hongfeng are collectively the "Individual Defendants".

21.    Defendant WestPark Capital ("WestPark"), Inc. is a full service investment banking company.  WestPark's headquarters are located at 1900 Avenue of the Stars, Suite 310, Los Angeles, CA 90067.  WestPark was an underwriter of the Offering.

22.    Defendant Rodman & Renshaw LLC ("Rodman") is a full-service investment bank  Rodman maintains offices in New York, New York.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who: (1) purchased or otherwise acquired the securities of CIL pursuant and/or traceable to the Company's Registration Statement issued in connection with the with the Company's June 18, 2010 Offering; and (2) purchased or otherwise acquired the securities of CIL during the Class Period. Excluded from the Class are the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

24.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, the Company's common stock was actively traded on the AMEX.  While the exact number of Class members is

unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class.  Members of the Class may be identified from records maintained by CIL or its transfer agent, and may be notified of the pendency of this action by mail using a form of notice customarily used in securities class actions.

25.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

27.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)  whether statements made by the Defendants to the investing public during the Class Period misrepresented material facts about the business, operations, and management of the Company; and

(c)  to what extent the members of the Class have sustained damages, and the proper measure of damages.

28.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

29.    On June 16, 2010 the Company filed with the SEC an amended Registration Statement on Form S-1/A in connection with the Offering.    The Registration Statement also contained a Prospectus and both documents contained, among other things, the Company's financial results for the fiscal year ended December 31, 2009 interim quarterly periods thereto, and results for the first quarter ended March 31, 2010.

30.    The Registration Statement declared effective on June 17, 2010 and the Company filed the final prospectus with the SEC on June 21, 2010.

31.    The Offering consisted of 3,350,000 shares priced at $3.00 per share.

32.    WestPark and Rodman were the Underwriters.  The Underwriters had a 45-day option to purchase an additional 502,500 shares of common stock from the Company to cover over-allotments.

33.    On June 30, 2010 the Company filed its second quarter ended June 30, 2010 results with the SEC on Form 10-Q, signed by defendant Xuemei.

34.    Attached to the 10-Q were separately signed Sarbanes-Oxley Act of 2002 ("SOX") certifications of defendants Xuemei and Jiang.  In addition to stating that each of the them were responsible for establishing maintaining disclosure controls and procedures and internal control over financial reporting, the certifications falsely stated, in part, that the 10-Q "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading…";(2) "[a]ll significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process, summarize and report financial information" was disclosed to the Company's auditor, audit committee and board; and (3) "[a]ny fraud, whether or not material, that involves management or other employees who have a significant role in the registrant's internal controls over financial reporting" were disclosed to the Company's board, auditors, and audit committee.

35.    On November 8, 2010 the Company filed its third quarter ended September 30, 2010 results with the SEC on Form 10-Q, signed by defendant Xuemei.  .  The 10-Q also included SOX certifications executed by defendants Xuemei and Jiang that was in sum and substance the same as the SOX certifications filed with the Q2 10-Q.

**TRUTH BEGINS TO EMERGE**

36.    Throughout the Class Period, the Defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, prospects and performance. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that the financial statements included in the Registration Statement as of December 31, 2009 were materially false and misleading and could not be relied upon as they contained material errors, as well as the Company's quarterly financial statements in 2010.

37.    On March 24, 2011 trading in the Company's stock was inexplicably halted.

38.    On March 21, 2011 the Company filed an 8-K with the SEC announcing that defendant De Campo had resigned.

39.    On March 29, 2011 the Company issued a press release, announcing among other things, (a) resignation/termination of the Company's auditor, MaloneBailey LLP ("MB"); (b) a determination the Company's financials statements could not be relied upon as they contained material errors; (c) potential accounting fraud; (d) a formal SEC investigation; and (e) employee departures. The announcement states in relevant part:

China Intelligent Lighting Announces Termination of Engagement with Auditor; Auditor Withdrawal of Audit Opinion; Resignation of Audit Committee Chair; NYSE Amex Request for Information; Notice of SEC Investigation; and Formation of Special Investigation Committee

Press Release Source: China Intelligent Lighting and Electronics, Inc. On Tuesday March 29, 2011, 4:30 pm EDT

HUIZHOU, China, March 29, 2011 /PRNewswire-Asia-FirstCall/ -- China Intelligent Lighting and Electronics, Inc. (NYSE Amex: CIL) (the "Company"), today announced that the Company's engagement with its registered independent accounting firm, MaloneBailey LLP ("MaloneBailey"), has been formally terminated. On March 23, 2011, the Company provided notice of termination to MaloneBailey as the Company's auditor, effective immediately. On March 24, 2011, the Company received a notice of resignation from MaloneBailey ("Resignation Letter") indicating that MaloneBailey is terminating its engagement with the Company, effective immediately. The Company has begun to seek to retain a new auditor.

The Resignation Letter described MaloneBailey's resignation being due to accounting fraud involving forging of the Company's accounting records and forging bank statements, in addition to other discrepancies identified in the Company's accounts receivable. The Resignation Letter indicated that MaloneBailey believed that the accounting records of the Company have been falsified, which constitutes an illegal act. Furthermore, MaloneBailey's letter notes that the discrepancies could indicate a material error in previously issued financial statements. As a result, MaloneBailey stated that it is unable to rely on management's representations as they relate to previously issued financial statements and it can no longer support its opinion related to the Company's financial statements for the year ended and as of December 31, 2009.

On March 24, 2011, Michael Askew resigned as a member of the Board of Directors of the Company, effective immediately, including his position as the Chairman of the Company's Audit Committee. Mr. Askew submitted his resignation to the Board via email on March 24, 2011, approximately the twelve month anniversary of appointment, indicating that his resignation was due to, among other things, the circumstances relevant to his limited ability to provide assistance and advice to the Company in the present situation, including but not limited to the Board not seeking Mr. Askew's input or professional services during his term on the Board.

Class Action Complaint for Violation of the Federal Securities Laws

On March 24, 2011, the Company received a preliminary information request from Amex requesting additional information. The Company intends to fully cooperate with NYSE Amex regarding this matter.

The Company was also recently notified by the staff of the U.S. Securities and Exchange Commission ("SEC") that it has initiated a formal, nonpublic investigation into whether the Company had made material misstatements or omissions concerning its financial statements, including cash accounts and accounts receivable. The SEC has informed the Company that the investigation should not be construed as an indication that any violations of law have occurred. On March 24, 2011, the SEC served the Company a subpoena for documents relating to the matters under review by the SEC. The Company is committed to cooperating with the SEC. It is not possible at this time to predict the outcome of the SEC investigation, including whether or when any proceedings might be initiated, when these matters may be resolved or what, if any, penalties or other remedies may be imposed.

In light of these events, the Board of Directors of the Company has formed a Special Investigation Committee consisting of independent members of the Board of Directors to launch an investigation with respect to the concerns of MaloneBailey. The Committee is authorized to retain experts and advisers, including a forensic accounting firm and independent legal advisors, in connection with its investigation. The Company does not intend to provide further comment regarding the allegations until after the conclusion of the Special Committee's investigation.

The Company expects that the filing of its Annual Report on Form 10-K for the year ended December 31, 2010 will be delayed until completion of the internal investigation, engagement of a new auditor and audit of the Company's financial statements. The Company is unable to provide an estimated date of filing of the Form 10-K at this time.

40.    Later that day the Company filed an 8-K with the SEC providing further details about the information contained in the press release above. The 8-K revealed that in addition to the fiscal year ended 2009 financial statements, the Company's financial statements for the first three quarters ended 2010 could no be relied upon as well as they contained material errors.

**Applicability of Presumption of Reliance:**
**<u>Fraud-on-the-Market Doctrine</u>**

41.    At all relevant times, the market for CIL's common stock was an efficient market for the following reasons, among others:

(a)    The Company's stock met the requirements for listing, and was listed and actively traded on the AMEX, a highly efficient and automated market;

(b)    As a regulated issuer, CIL filed periodic public reports with the SEC and the AMEX;

(c)    CIL regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(d)    CIL was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of

these reports was publicly available and entered the public marketplace; and

42.    As a result of the foregoing, the market for the Company's common stock promptly digested current information regarding the Company from all publicly available sources and reflected such information in the Company's stock price.  Under these circumstances, all purchasers of the Company's common stock during the Class Period suffered similar injury through their purchase of the Company's common stock at artificially inflated prices, and a presumption of reliance applies.

## Applicability of Presumption of Reliance:

### *Affiliated Ute*

43.    Neither Plaintiff nor the Class need prove reliance – either individually or as a class because under the circumstances of this case, which involves a failure to disclose the material related party transactions described herein above, positive proof of reliance is not a prerequisite to recovery, pursuant to ruling of the United States Supreme Court in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972).    All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered the omitted information important in deciding whether to buy or sell the subject security.

## <u>NO SAFE HARBOR</u>

44.   The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint.  Many or all of the specific statements pleaded herein were not identified as "forward-looking statements" when made.  To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.  Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of the Company who knew that those statements were false when made.

**FIRST CLAIM**
**Violation of Section 10(b) of**
**The Exchange Act and Rule 10b-5**
**Promulgated Thereunder Against CIL, Xuemei and Jiang**

45.   Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46.   This Claim is asserted against defendants CIL, Xuemei and Jiang (collectively, "First Claim Defendants")

47.     During the Class Period, First Claim Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase CIL's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, First Claim Defendants, and each of them, took the actions set forth herein.

48.     First Claim Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for CIL's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

49.     First Claim Defendants, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of CIL as specified herein.

39.     First Claim Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and

engaged in acts, practices, and a course of conduct as alleged herein in an effort to

assure investors of the Company's value and performance and continued substantial

growth, which included the making of, or participation in the making of, untrue

statements of material facts and omitting to state material facts necessary in order to

make the statements made about the Company and its business operations and

future prospects in the light of the circumstances under which they were made, not

misleading, as set forth more particularly herein, and engaged in transactions,

practices and a course of business that operated as a fraud and deceit upon the

purchasers of the Company's securities during the Class Period.

40.     First    Claim    Defendants    had    actual    knowledge    of    the

misrepresentations and omissions of material facts set forth herein, or acted with

reckless disregard for the truth in that they failed to ascertain and to disclose such

facts, even though such facts were available.  Such material misrepresentations

and/or omissions were done knowingly or recklessly and for the purpose and effect

of concealing the Company's operating condition and future business prospects

from the investing public and supporting the artificially inflated price of its

securities.    As demonstrated by overstatements and misstatements of the

Company's financial condition throughout the Class Period, if the First Claim

Defendants did not have actual knowledge of the misrepresentations and omissions

alleged, they were reckless in failing to obtain such knowledge by deliberately

refraining from taking those steps necessary to discover whether those statements were false or misleading.

41.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of CIL's securities was artificially inflated during the Class Period.    In ignorance of the fact that market prices of the Company's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by the First Claim Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by the First Claim Defendants, but not disclosed in public statements by the First Claim Defendants during the Class Period, Plaintiff and the other members of the Class acquired CIL common stock during the Class Period at artificially high prices, and were, or will be, damaged thereby.

42.    At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding CIL's financial results, which was not disclosed by the Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their CIL's securities, or, if they had acquired such securities

during the Class Period, they would not have done so at the artificially inflated prices that they paid.

43.    As a direct and proximate result of the First Claim Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of CIL's securities during the Class Period.

44.    This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

### SECOND CLAIM
### Violation of Section 20(a) Of
### The Exchange Act Against the Individual Defendants

45.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46.    The Individual Defendants acted as controlling persons of CIL within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.  The Individual

Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

47.    In particular, each Individual Defendant had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

48.    As set forth above, the First Claim Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

49.    By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

50.    This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

### THIRD CLAIM

### Against All Defendants

## for Violation of §11 of the Securities Act

51.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on, and does not allege, fraud.

52.     For purposes of this claim, Plaintiff expressly disclaims and excludes any allegations that could be construed as alleging fraud or intentional or reckless misconduct as this cause of action is based expressly on claims of strict liability and/or negligence under the Securities Act.

53.     This claim is asserted by Plaintiff against all Defendants by, and on behalf of, persons who acquired shares of the Company's securities pursuant to and/or traceable to Registration Statement in connection with the Offering.

54.     Individual Defendants as signatories of the Registration Statement, as directors and/or officers of CIL and controlling persons of the issuer, owed to the holders of the securities obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct, and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from

Class Action Complaint for Violation of the Federal Securities Laws

the Registration Statement as set forth herein. As such, defendants are liable to the Class.

55.    Underwriter Defendants owed to the holders of the securities obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

56.    None of the Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

57.    Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public, which were contained in the Registration Statement, that misrepresented or failed to disclose, *inter alia*, the facts set forth above. By reason of the conduct herein alleged, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

58.    As a direct and proximate result of Defendants' acts and omissions in violation of the Securities Act, the market price of CIL's securities sold in the Offering was artificially inflated, and Plaintiff and the Class suffered substantial

damage in connection with their ownership of CIL's securities pursuant to the Registration Statement.

59.    CIL is the issuer of the securities sold via the Registration Statement. As issuer of the securities, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

60.    At the times they obtained his shares of CIL, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements or omissions alleged herein.

61.    This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement which should have been made through the exercise of reasonable diligence, and within three years of the effective date of the Prospectus.

62.    By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under Section 11 as measured by the provisions of Section 11 (e), from the defendants and each of them, jointly and severally.

## FOURTH CLAIM

### Against All Defendants
### for Violation of §12(a)(2) of the Securities Act Against All Defendants

63.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This claim is not based on, and does not allege, fraud.

64.     For purposes of this claim, Plaintiff expressly disclaims and excludes any allegations that could be construed as alleging fraud or intentional or reckless misconduct as this cause of action is based expressly on claims of strict liability and/or negligence under the Securities Act.

65.     Defendants were sellers, offerors, underwriters and/or solicitors of sales of the CIL securities offering pursuant to the June 2010 Prospectus.

66.     The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and concealed and failed to disclose material facts. Defendants' actions of solicitation included participating in the preparation of the false and misleading Prospectus.

67.     Defendants owed, to the purchasers of CIL securities which were sold in the Offering, the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus, to insure that such statements were true and that there was not omission to state a material fact required to be stated in order to make the statements contained therein not misleading. These Defendants knew of, or in the exercise of reasonable care should have known of, the misstatements and omissions contained in the Offering materials as set forth above.

68.     Plaintiff and other members of the Class purchased or otherwise acquired CIL securities pursuant to and traceable to the defective Prospectus. Plaintiff did not know, or in the exercise of reasonable diligence could not have known of the untruths and omissions.

69.     Plaintiff, individually and representatively, hereby offer to tender to Defendants those securities which Plaintiff and other class members continue to own, on behalf of all members of the Class who continue to own such securities, in return for the considerations paid for those securities together with interest thereon.

70.     By reason of the conduct alleges herein, these Defendants violated, and/or controlled a person who violated, section 12(a)(2) of the Securities Act. Accordingly, Plaintiffs and members of the Class who hold CIL securities purchased pursuant and/or traceable to the Offering have the right to rescind and recover the consideration paid for their CIL securities and, hereby elect to rescind and tender their CIL securities to· the Defendants sued herein. Plaintiff and class members who have sold their CIL securities are entitled to rescissionary damages.

71.     Less than three years elapsed from the time that the securities upon which this count is brought were sold to the public to the time of the filing of this action. Less than one elapsed from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this count is based to the time of the filing of this action.

### FIFTH CLAIM

### Violations of Section 15 of the Securities Act

### Against the Individual Defendants

72.   Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.  This claim is not based on, and does not allege, fraud.

73.   This claim is asserted against each of the Individual Defendants, each of whom was a control person of CIL during the relevant time period.

74.   For the reasons set forth above, CIL is liable to Plaintiff and the members of the Class who purchased CIL common stock in the Offering on the untrue statements and omissions of material fact contained in the Registration Statement and Prospectus, under §§11 and 12(a)(2) of the Securities Act.

75.   The Individual Defendants were control persons of CIL by virtue of, among other things, their positions as senior officers, directors and/or controlling shareholders of the Company.  Each was in a position to control and did in fact control CIL and the false and misleading statements and omissions contained in the Registration Statement and Prospectus

76.   None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were accurate and complete in all material respects.  Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

77.   This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and

within three years after CIL common stock was sold to the Class in connection with the public offering.

78.    By reason of the misconduct alleged herein, for which CIL is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as CIL pursuant to Section 15 of the Securities Act.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)   Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b)   Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)   Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

(d)   Awarding rescissory damages; and

(e)   Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 31, 2011                    Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         Laurence M. Rosen, Esq. (SBN 219683)
                                         THE ROSEN LAW FIRM, P.A.
                                         333 South Grand Avenue, 25th Floor
                                         Los Angeles, CA 90071
                                         Telephone: (213) 785-2610
                                         Facsimile: (213) 226-4684
                                         Email: lrosen@rosenlegal.com

                                         Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws

**Kim, Phillip**

| | |
|---|---|
| **From:** | Administrator |
| **Sent:** | Wednesday, March 30, 2011 8:38 AM |
| **To:** | lr54321@gmail.com |
| **Subject:** | Confirmation of Receipt of Certification |

Dear Michael J. Stern,

We have received your certification in the China Intelligent Lighting and Electronics, Inc. class action litigation. Thank you for submitting your information. Below is a copy of your certification - please retain it for your records. If you have any questions, please feel free to contact us at 1-866-rosenlegal (866-767-3653) or via e-mail at info@rosenlegal.com.

With increasing frequency, we find that our new clients were victimized by more than one company. If you think you may have lost monies in the market due to the dishonest acts or statements of a different company and would like it to be investigated, free of charge, please email us at reportfraud@rosenlegal.com.

Sincerely,

The Rosen Law Firm P.A.

--------

CERTIFICATION

Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against China Intelligent Lighting and Electronics, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The China Intelligent Lighting and Electronics, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

First name: Michael

Last name: Stern

Address: ███████████        **REDACTED**

City: ████████

State, Zip: ████████

Email: █████████████

Phone: ███████████

The Plaintiff Certifies that:

1

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Shares Purchased:

Purchase Date(s): 2/03/2011
Number of shares: 1000
Price per Share: 2.57

Purchase Date(s): 2/23/2011
Number of shares: 1000
Price per Share: 2.15


Shares Sold:


7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except if detailed below:



I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: yes

By clicking on the button below, I intend to sign and execute this agreement: yes

Clicked to Submit Certification in the China Intelligent Lighting and Electronics, Inc. Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act

-------------

Confidential Information

The information in this e-mail message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (866-767-3653) and return the original message to the above e-mail address. Thank you.

Name & Address:
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL STERN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV11-02768** PSG SSx |
| v. | |
| CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC. (see attached) | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Laurence M. Rosen, Esq._____, whose address is _333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___ APR - 1 2011 _____

**CHRISTOPHER POWERS**

By: _____
Deputy Clerk

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## ATTACHMENT

### PLAINTIFFS

MICHAEL STERN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

### DEFENDANTS

CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC., LI XUEMEI,
KIU KEVIN JIANG, WU SHILANG, MICHAEL ASKEW, SU YANG,
RUXIANG NIU, ZHANG HONGFENG, WESTPARK CAPITAL, INC., AND
RODMAN & RENSHAW, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 2768 PSG (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>MICHAEL STERN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | **DEFENDANTS**<br>CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC. et al. (see attached) |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Laurence M. Rosen, Esq. (SBN 219683), THE ROSEN LAW FIRM, P.A., 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071, Telephone: (213) 785-2610, Fax: (213) 226-4684, Email: lrosen@rosenlegal.com | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action for Violations of the Federal Securities Laws, 15 U.S.C. §78j(b) and 78t(a), 17 C.F.R. §240.10b-5, 15 U.S.C. §§77k and 77o

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS / PERSONAL INJURY | TORTS / PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____      **CV11-02768**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
 ☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
 ☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | People's Republic of China |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
 Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 3/31/2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2

## ATTACHMENT

### PLAINTIFFS

MICHAEL STERN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

### DEFENDANTS

CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC., LI XUEMEI,
KIU KEVIN JIANG, WU SHILANG, MICHAEL ASKEW, SU YANG,
RUXIANG NIU, ZHANG HONGFENG, WESTPARK CAPITAL, INC., AND
RODMAN & RENSHAW, LLC