GOLD BENNETT CERA & SIDENER LLP
SOLOMON B. CERA (99467)
THOMAS C. BRIGHT (169713)
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 777-2230
scera@gbcslaw.com
tbright@gbcslaw.com

Attorneys for the Perritt Emerging Opportunities Fund

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STERN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC.; LI XUEMEI; KIU KEVIN JIANG; WU SHILANG; MICHAEL ASKEW; SU YANG; RUXIANG NIU; and ZHANG HONGFENG,<br><br>Defendants.<br><br>[caption continues on next page] | Case No. 11-cv-02768-PSG (SSx)<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE PERRITT EMERGING OPPORTUNIITES FUND FOR (I) APPOINTMENT AS LEAD PLAINTIFF; (II) APPROVAL OF SELECTION OF LEAD COUNSEL; AND (III) CONSOLIDATION OF RELATED CASES |

DATE:     July 11, 2011
TIME:     1:30 p.m.
CTRM:   880, Los Angeles-Roybal
JUDGE:  Philip S. Gutierrez

#123996

| | |
|---|---|
| COLONEL NUNZIO MARABELLA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>      vs.<br><br>CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC.; LI XUEMEI; WU SHILANG; KUI JIAN; MICHAEL ASKEW; ZHANG HONGFENGL SU YANG; WESTPARK CAPITAL, INC.; and RODMAN AND RENSHAW, LLC,<br><br>                    Defendants. | Case No.: 11-cv-03390 PSG (SSx) |

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      PRELIMINARY STATEMENT.................................................................1

II.     STATEMENT OF FACTS..................................................................3

III.    ARGUMENT ...........................................................................4

    A.      The Perritt Fund Should Be Appointed Lead Plaintiff ........................4

        1.      The Legal Requirements Under The PSLRA.............................5

        2.      Notice of Pendency.......................................................7

        3.      The Perritt Fund Believes It Has The Largest Financial
            Interest In The Relief Sought By The Class.............................7

        4.      The Perritt Fund Otherwise Satisfies The Requirements
            Of Rule 23 .................................................................9

    B.      The Court Should Approve the Perritt Fund's Selection Of Lead
        Counsel...................................................................11

    C.      The Related Actions Should Be Consolidated....................................11

IV.     CONCLUSION ......................................................................13

#123996

# TABLE OF AUTHORITIES

1

**Cases**

*Armour v. Network Assoc., Inc.*
    171 F.Supp.2d 1044 (N.D.Cal. 2001) ...................................................9

*Ferrari v. Gisch*
    225 F.R.D. 599 (C.D.Cal. 2004) ..................................................10

*Hanon v. Dataproducts Corp.*
    976 F.2d 497 (9th Cir. 1992) .......................................................9

*In re Cavanaugh*
    306 F.3d 726 (9th Cir. 2002) ...............................................5, 6, 7

*In re McKesson HBOC, Inc. Sec. Litig.*
    97 F.Supp.2d 993 (N.D.Cal. 1999) ...............................................8

*In re Northern District of California, Dalkon Shield IUD Prods. Liab. Litig.*
    693 F.2d 847 (9th Cir. 1982) .....................................................10

*In re Olsten Corp. Sec. Litig.*
    3 F.Supp.2d 286 (E.D.N.Y. 1998) ...............................................8

*In re Peregrine Systems, Inc. Sec. Litig.*
    No. 02-CV-870-J (RBB), 2002 WL 32769239 (S.D.Cal. Oct. 11, 2002).......7

*In re Rent-Way Sec. Litig.*
    305 F.Supp.2d 491 (W.D. Pa. 2003) ...........................................11

*Investors Research Co. v. United States Dist. Court*
    877 F.2d 777 (9th Cir. 1989) .....................................................12

*Kaplan v. Gelfond*
    240 F.R.D. 88 (S.D.N.Y. 2001) ..................................................12

*Lax v. First Merchant's Acceptance Corp.*
    No. 97-C-2715, 1997 WL 461036 (N.D.Ill. Aug. 11, 1997) .........................8

*Ruland v. InfoSonics Corp.*
    No. 06-CV-1231 (BTM) (WMC), 2006 WL 3746716 (S.D.Cal. Oct. 23, 2006)............................................................................8

*Siegall v. Tibco Software, Inc.*
    No. C-05-2146 (SBA), 2006 WL 1050173 (N.D.Cal. Feb 24, 2006)............12

*Southwest Marine Inc. v. Triple A Machine Shop, Inc.*
    720 F.Supp. 805 (N.D. Cal. 1989) ...............................................12

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

#123996

# TABLE OF AUTHORITIES

*Takeda v. Turbodyne Techs., Inc.*
    67 F.Supp. 2d 1129 (C.D. Cal. 1999)...........................................................12

*Tanne v. Autobytel, Inc.*
    226 F.R.D. 659 (C.D.Cal. 2005) ..............................................................9, 10

*Wenderhold v. Cylink Corp.*
    188 F.R.D. 577 (N.D.Cal. 1999) ...................................................................9

*Zucker v. Zoran Corp.*
    No. 06-4843 (WHA), 2006 WL 3591156 (N.D.Cal. Dec. 11, 2006) .............9

**Statutes, Rules and Regulations**

15 U.S.C. §77z-1(a)(3) .......................................................................................5

15 U.S.C. §77z-1(a)(3)(A)(i) ..............................................................................5

15 U.S.C. §77z-1(a)(3)(B)(i) ..............................................................................5

15 U.S.C. §77z-1(a)(3)(B)(ii) ...........................................................................12

15 U.S.C. §77z-1(a)(3)(B)(iii) .............................................................................7

15 U.S.C. §77z-1(a)(3)(B)(iii)(I) ........................................................................5

15 U.S.C. §77z-1(a)(3)(B)(iii)(II) .......................................................................6

15 U.S.C. §78(j)(b) ..............................................................................................1

15 U.S.C. §78(t)....................................................................................................1

15 U.S.C. §78u-4(a)(1) ........................................................................................5

15 U.S.C. §78u-4(a)(3)(A)(i) ..............................................................................5

15 U.S.C. §78u-4(a)(3)(B) ..........................................................................1, 4, 11

15 U.S.C. §78u-4(a)(3)(B)(i).........................................................................2, 5

15 U.S.C. §78u-4(a)(3)(B)(ii) ...........................................................................12

15 U.S.C. §78u-4(a)(3)(B)(iii) .............................................................................7

#123996

## TABLE OF AUTHORITIES

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)........................................................................2, 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(II) ...........................................................................6

15 U.S.C. §78u-4(a)(B)(v) ......................................................................................11

17 C.F.R. §240.10b-5 ...............................................................................................1

Federal Rule of Civil Procedure

    Rule 23.............................................................................................2, 5, 9, 10

    Rule 42(a) ....................................................................................................11, 13

Securities Act of 1933

    Section 11 ..........................................................................................................13

    Section 15 ..........................................................................................................13

    Section 27(a)(3)(B)..............................................................................................1

    Section 27(a)(3)(B)(v) ......................................................................................11

Securities Exchange Act of 1934

    Section 10(b) ................................................................................................1, 13

    Section 20(a)................................................................................................1, 13

    Section 21D(a)(3)(B) ..................................................................................1, 11

#123996

The Perritt Emerging Opportunities Fund ("Perritt Fund") respectfully submits this memorandum in support of its motion for: (i) appointment as Lead Plaintiff, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), (ii) approval of its selection of the law firm of Gold Bennett Cera & Sidener LLP as Lead Counsel for the Class; and (iii) consolidation of all related cases.

## I.   **PRELIMINARY STATEMENT**

Currently pending in this District are two (2) securities class actions (the "Related Cases") brought on behalf of persons and/or entities who: (1) purchased or otherwise acquired the common stock of China Intelligent Lighting and Electronics, Inc. ("China Lighting" or the "Company") pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's initial public offering, seeking to pursue remedies under the Securities Act; and (2) purchased or acquired the securities of China Lighting between June 18, 2010 and March 29, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Exchange Act.[1]

The Related Cases allege violations of Sections 11 and 15 of the Securities Act (15 U.S.C. §§77k and 77o) and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), against China Lighting, certain of its executive officers and directors, and underwriters Westpark Capital, Inc. and Rodman & Renshaw, LLC.  The first

---

[1] *North v. China Intelligent Lighting & Electronics, Inc.,* No. 1:11-cv-00302-GMS, is pending in the  United States District Court for the District of Delaware, and alleges claims under the Securities Act only.  We believe this is an inappropriate venue and the case should be transferred to this Court for all purposes.

-1-

of the Related Cases was filed on April 1, 2011 by Mr. Michael Stern, and notice of the pendency of the action was published to investors on April 1, 2011, which provided a deadline to seek Lead Plaintiff status by May 31, 2011.[2]

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. §77z-1(a)(3)(B)(i); 15 U.S.C. §78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, the Perritt Fund believes it is the "most adequate plaintiff" by virtue of its substantial investment in China Lighting common stock. Specifically, the Perritt Fund incurred losses totalling approximately $879,895.88 in connection with its purchases of China Lighting common stock during the Class Period.[3] The Perritt Fund further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other Class members and it will fairly and adequately represent the Class.

Finally, the Perritt Fund fully understands a Lead Plaintiff's duties to the Class under the PSLRA, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to ensure vigorous prosecution of this action. The Perritt Fund has selected Gold Bennett Cera & Sidener LLP, a law firm with

---

[2]   A copy of Mr. Stern's notice is attached as Exhibit A to the Declaration of Thomas C. Bright in Support Of The Motion Of The Perritt Emerging Opportunities Fund For (I) Appointment As Lead Plaintiff; (II) Approval Of Selection Of Lead Counsel; And (III) Consolidation Of Related Cases (the "Bright Decl.").

[3]   The PSLRA-required Certification of the Perritt Fund is attached as Exhibit B to the Bright Decl.

substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, the Perritt Fund respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.   STATEMENT OF FACTS

Through its subsidiaries in China, China Lighting engages in research, development, assembling, marketing and sales of intelligent lighting products including LED, residential, commercial, outdoor, and municipal engineering lighting products for the domestic and international market.

On June 18, 2010, the Company completed a public offering consisting of 3,350,000 shares of common stock. Rodman & Renshaw, LLC and WestPark Capital, Inc. acted as the underwriters in the public offering. Shares of common stock were sold to the public at a price of $3.00 per share, for gross proceeds of approximately $10.05 million.

The complaints in the Related Actions generally allege that throughout the Class Period defendants made false and/or misleading statements and/or failed to disclose that: (1) there were discrepancies in the Company's accounts receivables; (2) that certain of the Company's bank statements and accounting records had been falsified; (3) that, as a result, the Company's financial statements were misstated; (4), that, as such, the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principals; (5) that the Company lacked adequate internal and financial controls; and (6) that, as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On March 24, 2011, the NYSE Amex unexpectedly announced that it had halted trading in China Lighting's common stock and was requesting additional information from the Company.

On March 29, 2011, the Company filed a Current Report on Form 8-K with the SEC, in which it reported that it had terminated the engagement of

MaloneBailey as its independent auditor on March 23, 2011, and on March 24, 2011, MaloneBailey provided a letter of resignation as the Registrant's independent auditor.  In its resignation letter, MaloneBailey informed the Company that its resignation was due to accounting fraud involving forging of the Company's accounting records and forging bank statements, in addition to other discrepancies identified during its testing of the Company's accounts receivable.

Furthermore, the Resignation Letter indicated that such accounting fraud could indicate a material error in previously issued financial statements.  As a result, MaloneBailey indicated that it was unable to rely on management's representations as they relate to previously issued financial statements and it could no longer support its opinions related to the financial statements as of December 31, 2009 and condensed Parent Only financial statements, included in the Registration Statement on Form S-1 filed with the Securities Exchange Commission on April 21, 2010.

China Lighting further disclosed that the Company's Board of Directors had formed a Special Committee to conduct an internal investigation.  Finally, the Company revealed that it was recently notified by the SEC that it had initiated a formal, nonpublic investigation into whether the Company had made material false or misleading statements and that the SEC had served the Company with a subpoena for documents related to its investigation.

## III.  ARGUMENT

### A.    The Perritt Fund Should Be Appointed Lead Plaintiff

The Perritt Fund respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. §77z-1(a)(3)(B)(i); 15 U.S.C. §78u-4(a)(3)(B)(i).

1

## 1.   <u>The Legal Requirements Under The PSLRA</u>

The PSLRA, 15 U.S.C. §77z-1(a)(3); 15 U.S.C. §78u-4(a)(3), sets forth procedures for the appointment of a lead plaintiff to oversee class actions brought under the Exchange Act.  Within 20 days after the date on which a class action is filed under the PSLRA, *see* 15 U.S.C. §77z-1(a)(3)(A)(i); 15 U.S.C. §78u-4(a)(3)(A)(i), the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and (ii) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

Further, under 15 U.S.C. §77z-1(a)(3)(B)(i); 15 U.S.C. §78u-4(a)(3)(B)(i), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff:

(aa)   has either filed the complaint or made a motion in response to a notice. . . ;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §77z-1(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The presumption established above may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either (i) "will not fairly and adequately protect the interests of the class," or (ii) "is subject to unique defenses that render such plaintiff incapable of

1    adequately representing the class."  15 U.S.C. §77z-1(a)(3)(B)(iii)(II); 15 U.S.C.
2    §78u-4(a)(3)(B)(iii)(II).
3         The Ninth Circuit Court has explained that the "Reform Act provides a
4    simple three-step process for identifying the lead plaintiff" pursuant to the criteria
5    set forth in the PSLRA.  *See In re Cavanaugh*, 306 F.3d at 729-30.  As *Cavanaugh*
6    instructed:

> The first step consists of publicizing the pendency of the
> action, the claims made and the purported class period.
> In step two, the district court must consider the losses
> allegedly suffered by the various plaintiffs before
> selecting as the "presumptively most adequate plaintiff"
> – and hence the presumptive lead plaintiff – the one who
> "has the largest financial interest in the relief sought by
> the class" and "otherwise satisfies the requirements of
> Rule 23 of the Federal Rules of Civil Procedure."  In
> other words, the district court must compare the financial
> stakes of the various plaintiffs and determine which one
> has the most to gain from the lawsuit.  It must then focus
> its attention on *that* plaintiff and determine, based on the
> information he has provided in his pleadings and
> declarations, whether he satisfies the requirements of
> Rule 23(a), in particular those of "typicality" and
> "adequacy."  If the plaintiff with the largest financial
> stake in the controversy provides information that
> satisfies these requirements, he becomes the
> presumptively most adequate plaintiff.  If the plaintiff
> with the greatest financial stake does not satisfy the Rule
> 23(a) criteria, the court must repeat the inquiry, this time
> considering the plaintiff with the next-largest financial
> stake, until it finds a plaintiff who is both willing to serve
> and satisfies the requirements of Rule 23.  The third step
> of the process is to give other plaintiffs an opportunity to
> rebut the presumptive lead plaintiff's showing that it
> satisfies Rule 23's typicality and adequacy requirements.

1    *Id.* (alteration in original) (internal citations and footnotes omitted). *See also In re*

2    *Peregrine Systems, Inc. Sec. Litig.*, No. 02-CV-870-J (RBB), 2002 WL 32769239,

3    at *2-4 (S.D.Cal. Oct. 11, 2002).

4    **2.    Notice of Pendency**

5    Plaintiff in *Stern v. China Intelligent Lighting and Electronics, Inc., et al.*,

6    Case No. 2:11-cv-02768 PSG (SSx), the first-filed action, caused an initial notice

7    to be published on *Marketwire* on April 1, 2011. *See* Exhibit A to the Bright Decl.

8    The notice announced that a securities class action had been filed against the

9    defendants herein, and advised purchasers of China Lighting securities that they

10   had sixty days from April 1, 2011 to seek lead plaintiff status. *See Id.* The Perritt

11   Fund has filed this motion before the expiration of the 60-day period from such

12   publication.

13   In addition, and pursuant to the requirements of the PSLRA, the Perritt Fund

14   has duly signed a certification stating that it is familiar with the factual and legal

15   issues alleged and is willing to serve as a representative plaintiff on behalf of the

16   Class. *See* Bright Decl. Ex. B.

17   **3.    The Perritt Fund Believes It Has The Largest Financial**

18   **Interest In The Relief Sought By The Class**

19   The Perritt Fund should be appointed Lead Plaintiff because it believes it has

20   the largest financial interest in the relief sought by the Class. 15 U.S.C. §77z-

21   1(a)(3)(B)(iii); 15 U.S.C. §78u-4(a)(3)(B)(iii). There is no prescribed method for

22   determining which movant has the largest financial interest. The Ninth Circuit

23   notes that "the court may select accounting methods that are both rational and

24   consistently applied." *Cavanaugh*, 306 F.3d at 730 n. 4. "Many courts apply the

25   following four factors in making the financial interest determination: (1) the

26   number of shares purchased; (2) the number of net shares purchased; (3) the total

27   net funds expended by the plaintiffs during the class period; and (4) the

28   approximate losses suffered by the plaintiffs." *Ruland v. InfoSonics Corp.*, No. 06-

#123996

-7-

CV-1231 (BTM) (WMC), 2006 WL 3746716, at *4 (S.D.Cal. Oct. 23, 2006) (citing *Lax v. First Merchant's Acceptance Corp.*, No. 97-C-2715, 1997 WL 461036, at *5 (N.D.Ill. Aug. 11, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998); and *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F.Supp.2d 993 (N.D.Cal. 1999)).  In light of each of these factors, the Perritt Fund believes it has the largest financial interest in the outcome of this lawsuit.

As the Perritt Fund's Certificate of Plaintiff confirms, it purchased approximately 300,000 shares of China Lighting common stock on a gross basis during the Class Period.  See Bright Decl., Ex. B.

The Perritt Fund sold 5,700 shares prior to March 29, 2011, the alleged end of the Class Period.  Therefore, The Perritt Fund's net purchases of common stock was also 294,300 shares.  In addition, the Perritt Fund has net expenditures of approximately $879,895.88 for China Lighting common stock prior to March 29, 2011.  As a result of the revelation of China Lighting's misconduct, the Perritt Fund suffered approximately $879,895.88 in losses.   The magnitude of the Perritt Fund's financial interest in this litigation can be summarized as follows:

| Factor | Perritt Fund's Position |
|---|---|
| Gross Purchases: | 300,000 shares |
| Net Purchases: | 294,300 shares |
| Net Expenditures: | $879,895.88 |
| Approximate Loss: | $879,895.88 |

On March 24, 2011, the NYSE Amex announced that trading was halted in China Lighting for "additional information requested" from the Company and will remain halted until China Lighting fully satisfies NYSE Amex's request for

additional information.  As of this filing, trading is still halted.  Therefore, the Perritt Fund total loss is approximately $879,895.88.[4]

Accordingly, the Perritt Fund believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### 4.    The Perritt Fund Otherwise Satisfies The Requirements Of Rule 23

The Perritt Fund should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion to serve as Lead Plaintiff, the movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D.Cal. 2005) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D.Cal. 1999) (stating that, at this stage of the litigation, nothing more than a preliminary showing is required)).  The Perritt Fund unquestionably satisfies both requirements in this case.

The Perritt Fund's claims are typical of the claims of other Class members.  "The 'typicality' requirement is satisfied when the named plaintiffs have (1) suffered the same injuries as class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues."  *Zucker v. Zoran Corp.*, No. 06-4843 (WHA), 2006 WL 3591156, at *3 (N.D.Cal. Dec. 11, 2006) (citing *Armour v. Network Assoc., Inc.*, 171 F.Supp.2d 1044, 1050 (N.D.Cal. 2001)); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  The Perritt Fund's claims in this action arise from the very same course of misconduct at China Lighting as the claims of the other Class members – *i.e.*, the artificial inflation of China Lighting stock caused by Defendants' fraudulent public

---

[4]    For purposes of this calculation, the Perritt Fund's remaining 294,300 shares were assigned a value of $0.00 because of the continued suspension of trading.  If a value of $2.12 is assigned, the last closing price before trading was halted, the Perritt Fund's loss is $255,979.88.

disclosures.  *See, e.g., Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D.Cal. 2005) (finding a Lead Plaintiff movant's claim to be typical where the movant like all class members, "(1) purchased or acquired Autobytel securities during the Class period, (2) at prices alleged to be artificially inflated by defendants' materially false and misleading statements and/or omissions, and (3) suffered damage as a result."); *see also Ferrari v. Gisch,* 225 F.R.D. 599, 606 (C.D.Cal. 2004).

The Perritt Fund likewise satisfies the adequacy requirement of Rule 23. "The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Autobytel*, 226 F.R.D. at 667 (citing *In re Northern District of California, Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).  The Perritt Fund satisfies each of these elements of the adequacy requirement.

The Perritt Fund will adequately represent the Class because its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  Indeed, the Perritt Fund seeks identical relief on identical claims based on identical legal theories.  There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the Perritt Fund and other Class members.

The Perritt Fund has also submitted a Certification affirming his understanding of the duties owed to Class members through its commitment to oversee the prosecution of this Class action.  *See* Bright Decl., Ex. B.  Through that Certification, the Perritt Fund accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.

Finally, the Perritt Fund has demonstrated its adequacy through the selection of Gold Bennett Cera & Sidener LLP as counsel to represent the Class.  As discussed more fully below, Gold Bennett Cera & Sidener LLP is highly qualified

-10-

and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively.

**B.    The Court Should Approve the Perritt Fund's Selection Of Lead Counsel**

The Court should approve the Perritt Fund's choice of the law firm of Gold Bennett Cera & Sidener LLP to serve as Lead Counsel.  Pursuant to Section 27(a)(3)(B)(v) of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B)(v), and Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval.  The Perritt Fund has selected and retained the law firm of Gold Bennett Cera & Sidener LLP.  The firm has a long history of prosecuting cases such as this case.  These cases have resulted in recoveries in excess of $2 billion. A copy of the firm's resume is attached to the Bright Decl. as Exhibit C.

Gold Bennett Cera & Sidener LLP has the requisite experience and resources to obtain an excellent result for the Class.  Bright Decl., Ex. C.  Indeed, the court in *In re Rent-Way Sec. Litig.*, 305 F.Supp.2d 491, 515 (W.D. Pa. 2003), a securities fraud class action prosecuted by the firm, stated as follows:

> Having thus initially expressed our confidence in [Gold Bennett Cera & Sidener's] abilities, the Court has not since been disappointed.  On the contrary, [Gold Bennett Cera & Sidener] have shown themselves to be attorneys of the highest caliber, at all times prosecuting this action with a high degree of skill and professionalism.

Accordingly, the Court should approve the Perritt Fund's selection of Gold Bennett Cera & Sidener LLP as Lead Counsel.

**C.    The Related Actions Should Be Consolidated**

Rule 42(a) grants the Court discretion to consolidate "actions involving a common question of law or fact."  The Court has "broad discretion under this rule

#123996

-11-

to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Court*, 877 F.2d 777 (9th Cir. 1989).  In addition, the Exchange Act dictates that consolidation should occur where, as here, more than one action asserts "substantially the same claim."  15 U.S.C. §77z-1(a)(3)(B)(ii); 15 U.S.C. §78u-4(a)(3)(B)(ii); *see also Siegall v. Tibco Software, Inc.,* No. C-05-2146 (SBA), 2006 WL 1050173, at *2 (N.D.Cal. Feb 24, 2006) ("[T]he Private Securities Litigation Reform Act ("PSLRA") directs that cases should be consolidated when more than one action is filed on behalf of a class asserting substantially the same claim or claims.").  The actions, however, need not be identical before they may be consolidated.  *See, e.g., Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2001) (differing class periods and different defendants do not prevent consolidation).

Upon establishing that common questions of law exist, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by the consolidation." *Southwest Marine Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989).  Securities class actions are particularly appropriate for consolidation.  *See Takeda v. Turbodyne Techs., Inc.,* 67 F.Supp. 2d 1129, 1130 (C.D. Cal. 1999) (stating that securities class actions should be consolidated "in the interest of judicial economy and to relieve the parties and absent class members of the burdens associated with participating in duplicative litigation . . . .").

There are two Related Cases:

| Case Name | Original Case Number | Date Filed |
|---|---|---|
| *Stern v. China Intelligent Lighting and Electronics, Inc., et al.* | 2:11-cv-02768-PSG (SSx) | April 1, 2011 |
| *Marabella v. China Intelligent Lighting and Electronics, Inc., et al.* | 2:11-cv-03390-PSG (SSx) | April 20, 2011 |

#123996

-12-

Consolidation is necessary because these cases have the same core defendants and allege the same basis of liability: Sections 11 and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act.  Further, each of these actions alleges that defendants made materially false statements during the Class Period about China Lighting's financial and business condition, which in turn artificially inflated the market price for China Lighting securities.  In light of the common questions of law and fact and in the interests of promoting judicial efficiency and conservation of resources, consolidation of these related actions is appropriate under Fed. R. Civ. P. 42(a).

## IV.  **CONCLUSION**

For the foregoing reasons, the Perritt Fund respectfully requests that the Court: (i) appoint it as Lead Plaintiff pursuant to the PSLRA; and (ii) approve its selection of Gold Bennett Cera & Sidener LLP as Lead Counsel for the Class; and (iii) consolidate all related cases; and grant such other and further relief as the Court may deem just and proper.

Dated: May 31, 2011                    Respectfully submitted,

GOLD BENNETT CERA & SIDENER LLP


By: s/Thomas C. Bright
Solomon B. Cera
Thomas C. Bright
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: (415) 777-2230
Fax: (415) 777-5189
scera@gbcslaw.com
tbright@gbcslaw.com

Attorneys for The Perritt Emerging
Opportunities Fund

#123996

-13-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this action.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 31, 2011.

s/Thomas C. Bright
Thomas C. Bright

#123996

-14-