James C. McMillin
(*Pro Hac Vice Application forthcoming*)
John D. Stiner
(*Pro Hac Vice Application forthcoming*)
McAFEE & TAFT, P.C.
211 North Robinson
10th Floor, Two Leadership Square
Oklahoma City, OK  73102-7103
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439

Brett L. McClure (SBN 210855)
Email: bmcclure@reedsmith.com
Elizabeth G. Minerd (SBN 260971)
Email: eminerd@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendant
Kempisty & Company, P.C.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC. SECURITIES LITIGATION | Case No. 2:11-CV-02768-PSG (SSX) |
| | **DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

Defendant Kempisty & Company, P.C. ("Kempisty"), for its Answer to the allegations set forth in the Consolidated Class Action Complaint (the "Complaint") filed herein, alleges and states as follows:

1.    The allegations set forth in Paragraph 1 of the Complaint consists of Lead Plaintiffs' recitation of the legal bases for their claims and the documents filed with the Securities and Exchange Commission (the "SEC") upon which Lead Plaintiffs base such claims and, therefore, no response is required.

2.    Kempisty denies the allegations set forth in Paragraph 2 regarding the ability of certain stockholders to trace their shares. Kempisty lacks sufficient knowledge or information to either admit or deny the remainder of the allegations set forth in Paragraph 2 of the Complaint and, therefore, denies such allegations.

3.    With regard to the allegations set forth in Paragraph 3 of the Complaint, the documents identified therein speak for themselves and Kempisty denies any allegations which are either explicitly or implicitly contrary thereto.

4.    Kempsity denies the allegations set forth in Paragraph 4 of the Complaint and or the allegations contain legal conclusions to which no response is required.

5.    The allegations set forth in Paragraph 5 of the Complaint consists of Lead Plaintiffs' identification of defendants to which no response is required; except for the allegations relating to Kempisty.  With regard to the allegations against Kempisty, Kempisty denies the allegations to the extent they imply that Kempisty offered unqualified audit opinions on all the financial statements in the "Offering Documents"

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(identified in Paragraph 4 of the Complaint) of China Intelligent Lighting and
Electronics, Inc. ("CIL") as reflected in the allegations set forth in Paragraph 40 of the
Complaint.

6.-11.   Kempisty denies the allegations set forth in Paragraph 6 through 11 of
the Complaint (numbered therein as Paragraph 6(a)-(e)) or lacks sufficient knowledge
or information to either admit or deny such allegations and, therefore, denies the
allegations.

12.     The allegations contained in Paragraph 12 of the Complaint consists of
legal conclusions to which no response is required.

13.     The allegations contained in Paragraph 13 of the Complaint consists of
legal conclusions to which no response is required.

14.     The allegations contained in Paragraph 14 of the Complaint consists of
legal conclusions to which no response is required.

15.     The allegations contained in Paragraph 15 of the Complaint consists of
legal conclusions to which no response is required.

16.     Kempisty lacks sufficient knowledge or information to either or admit or
deny the allegations contained in Paragraph 16 of the Complaint and, therefore, denies
such allegations.

17.     Kempisty lacks sufficient knowledge or information to either or admit or
deny the allegations contained in Paragraph 17 of the Complaint and, therefore, denies
such allegations.

DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

18.     Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, denies such allegations.

19.     Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, denies such allegations.

20.     Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, denies such allegations.

21.     Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, denies such allegations.

22.     Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 22 of the Complaint and, therefore, denies such allegations.

23.     Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 23 of the Complaint and, therefore, denies such allegations.

24.     Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, denies such allegations.

DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

25. Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 25 of the Complaint and, therefore, denies such allegations.

26. Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 26 of the Complaint and, therefore, denies such allegations.

27. The allegations contained in Paragraph 27 of the Complaint consist of Lead Plaintiffs' summary description of certain defendants to which no response is required.

28. The allegations contained in Paragraph 28 of the Complaint consist of Lead Plaintiffs' summary description of certain defendants to which no response is required.

29. Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 29 of the Complaint and, therefore, denies such allegations.

30. Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 30 of the Complaint and, therefore, denies such allegations.

31. Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 31 of the Complaint and, therefore, denies such allegations.

32.    Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 32 of the Complaint and, therefore, denies such allegations.

33.    Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 33 of the Complaint and, therefore, denies such allegations.

34.    Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 34 of the Complaint and, therefore, denies such allegations.

35.    Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 35 of the Complaint and, therefore, denies such allegations.

36.    Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 36 of the Complaint and, therefore, denies such allegations.

37.    Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 37 of the Complaint and, therefore, denies such allegations.

38.    The allegations contained in Paragraph 38 of the Complaint consist of Lead Plaintiffs' summary description of certain defendants to which no response is required.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

39.    Kempisty lacks sufficient knowledge or information to either or admit or deny the allegations contained in Paragraph 39 of the Complaint and, therefore, denies such allegations.

40.    Kempisty admits the allegations set forth in Paragraph 40 of the Complaint.

41.    The allegations contained in Paragraph 41 of the Complaint consist of Lead Plaintiffs' summary description of certain defendants to which no response is required.

42.    The allegations set forth in Paragraph 42 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations contain factual allegations or mixed issues of law and fact, Kempisty denies such allegations.

43.    The allegations set forth in Paragraph 43 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations contain factual allegations or mixed issues of law and fact, Kempisty denies such allegations.

44.    The allegations set forth in Paragraph 44 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations contain factual allegations or mixed issues of law and fact, Kempisty denies such allegations.

DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

45.     The allegations set forth in Paragraph 45 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations contain factual allegations or mixed issues of law and fact, Kempisty denies such allegations.

46.     The allegations set forth in Paragraph 46 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations contain factual allegations or mixed issues of law and fact, Kempisty denies such allegations.

47.     The allegations set forth in Paragraph 47 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations contain factual allegations or mixed issues of law and fact, Kempisty denies such allegations.

48.     The allegations set forth in Paragraph 48 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations contain factual allegations or mixed issues of law and fact, Kempisty denies such allegations.

49.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 49 of the Complaint and, therefore, denies such allegations.

DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

50.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 50 of the Complaint and, therefore, denies such allegations.

51.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 51 of the Complaint and, therefore, denies such allegations.

52.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 52 of the Complaint and, therefore, denies such allegations.

53.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 53 of the Complaint and, therefore, denies such allegations.

54.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 54 of the Complaint and, therefore, denies such allegations.

55.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 55 of the Complaint and, therefore, denies such allegations.

56.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 56 of the Complaint and, therefore, denies such allegations.

57.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 57 of the Complaint and, therefore, denies such allegations, except for the allegations relating to Kempisty, which Kempisty denies insofar as they imply that all the financial statements included in the identified registration statement and prospectuses were audited by Kempisty.

58.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 58 of the Complaint and, therefore, denies such allegations, except for the allegations relating to Kempisty, which Kempisty denies insofar as they imply that all the financial statements included in the identified registration statement and prospectuses were audited by Kempisty.  Kempisty admits the allegation concerning its consent to the incorporation of China Intelligent BVI's financial statements as of December 31, 2008.

59.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 59 of the Complaint and, therefore, denies such allegations.

60.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 60 of the Complaint and, therefore, denies such allegations.

61.     Kempisty lacks sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 61 of the Complaint and, therefore, denies such allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

1   62.     Kempisty admits the allegations set forth in Paragraph 62 of the

2   Complaint that relate specifically to Kempisty.  Kempisty lacks sufficient knowledge

3   or information to either admit or deny the remainder of the allegations in Paragraph 62

4

5   of the Complaint and, therefore, denies such allegations.

6   63.     Kempisty lacks sufficient knowledge or information relating to the

7   figures set forth in Paragraph 63 of the Complaint relating to the Fiscal Year ended

8

9   December 31, 2009.  With regard to the remainder of the allegations, the documents

10  identified speak for themselves regarding Fiscal Year ended December 31, 2008 and

11

12  Kempisty denies any allegations which are either explicitly or implicitly contrary

13  thereto.

14  64.     Kempisty is without sufficient knowledge or information to either admit

15

16  or deny the allegations set forth in Paragraph 64 of the Complaint and, therefore,

17  denies such allegations.

18  65.     Kempisty is without sufficient knowledge or information to either admit

19

20  or deny the allegations set forth in Paragraph 65 of the Complaint and, therefore,

21  denies such allegations.

22  66.     Kempisty is without sufficient knowledge or information to either admit

23

24  or deny the allegations contained in Paragraph 66 except those relating to Fiscal Year

25  ended December 31, 2008 filed with the SEC and, therefore denies those allegations.

26

27  With regard to those allegations relating to Fiscal Year ended December 31, 2008 and

28  contained in documents filed with the SEC, the documents speak for themselves and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Kempisty denies any allegations which are either explicitly or implicitly contrary thereto and/or the allegations consist of legal conclusions to which no response is required.

67.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 67 except those relating to Fiscal Year ended December 31, 2008 filed with the SEC and, therefore denies those allegations. With regard to those allegations relating to Fiscal Year ended December 31, 2008 and contained in documents filed with the SEC, the documents speak for themselves and Kempisty denies any allegations which are either explicitly or implicitly contrary thereto and/or the allegations consist of legal conclusions to which no response is required.

68.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 67 and, therefore denies those allegations.

69.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 69 and, therefore denies those allegations.

70.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 70 and, therefore denies those allegations.  To the extent the allegations relate to the content of documents, the

documents identified therein speak for themselves and Kempisty denies any allegations which are either explicitly or implicitly contrary thereto.

71.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 71 and, therefore denies those allegations.  To the extent the allegations relate to the content of documents, the documents identified therein speak for themselves and Kempisty denies any allegations which are either explicitly or implicitly contrary thereto.

72.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 72 and, therefore denies those allegations.  To the extent the allegations relate to the content of documents, the documents identified therein speak for themselves and Kempisty denies any allegations which are either explicitly or implicitly contrary thereto.

73.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 73 and, therefore denies those allegations.  To the extent the allegations relate to the content of documents, the documents identified therein speak for themselves and Kempisty denies any allegations which are either explicitly or implicitly contrary thereto.

74.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 74 and, therefore, denies the allegations.

75.    With regard to the allegations set forth in Paragraph 75 of the Complaint relating to Kempisty, the documents to which Lead Plaintiffs refer speak for themselves and Kempisty denies the allegations of Paragraph 75 to the extent they are either explicitly or implicitly contrary thereto.

76.    Kempisty admits the allegations contained in Paragraph 76 insofar as they relate to Kempisty.

77.    With regard to the allegations contained in Paragraph 77 of the Complaint, the standards set forth therein speak for themselves and Kempisty denies the allegations of Paragraph 77 to the extent they are either explicitly or implicitly contrary thereto.

78.    With regard to the allegations contained in Paragraph 78 of the Complaint, the standards set forth therein speak for themselves and Kempisty denies the allegations of Paragraph 78 to the extent they are either explicitly or implicitly contrary thereto.

79.    With regard to the allegations contained in Paragraph 79 of the Complaint, the standards set forth therein speak for themselves and Kempisty denies the allegations of Paragraph 79 to the extent they are either explicitly or implicitly contrary thereto.

80.    With regard to the allegations contained in Paragraph 80 of the Complaint, the standards set forth therein speak for themselves and Kempisty denies

the allegations of Paragraph 80 to the extent they are either explicitly or implicitly contrary thereto.

81.    Kempisty denies the allegations set forth in Paragraph 81 of the Complaint.

82.    With regard to the allegations contained in Paragraph 82 of the Complaint, the standards set forth therein speak for themselves and Kempisty denies the allegations of Paragraph 82 to the extent they are either explicitly or implicitly contrary thereto.

83.    With regard to the allegations contained in Paragraph 83 of the Complaint, the standards set forth therein speak for themselves and Kempisty denies the allegations of Paragraph 83 to the extent they are either explicitly or implicitly contrary thereto.

84.    Kempisty denies the allegations set forth in Paragraph 84 of the Complaint.

85.    Kempisty denies the allegations set forth in Paragraph 85 of the Complaint.

86.    With regard to the allegations contained in Paragraph 86 of the Complaint, the standards set forth therein speak for themselves and Kempisty denies the allegations of Paragraph 86 to the extent they are either explicitly or implicitly contrary thereto.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

87.    With regard to the allegations contained in Paragraph 87 of the Complaint, the standards set forth therein speak for themselves and Kempisty denies the allegations of Paragraph 87 to the extent they are either explicitly or implicitly contrary thereto.

88.    Kempisty denies the allegations set forth in Paragraph 88 of the Complaint.

89.    Kempisty denies the allegations set forth in Paragraph 89 of the Complaint.

90.    The allegations contained in Paragraph 90 of the Complaint consist of Lead Plaintiffs' legal conclusions to which no response is required.

91.    The allegations contained in Paragraph 91 of the Complaint consist of Lead Plaintiffs' legal conclusions to which no response is required.

92.    The allegations contained in Paragraph 92 of the Complaint consist of Lead Plaintiffs' legal conclusions to which no response is required.

93.    The allegations contained in Paragraph 93 of the Complaint consist of Lead Plaintiffs' legal conclusions to which no response is required.

94.    The allegations contained in Paragraph 94 of the Complaint consist of Lead Plaintiffs' incorporation of prior allegations and/or legal conclusions to which no response is required.

95.    The allegations contained in Paragraph 95 of the Complaint consist of Lead Plaintiffs' identification of the specific defendants against which such cause of

1    action is alleged and the plaintiffs upon whom such cause of action is brought and,

2    therefore, no response is required.

3        96.    Kempisty is without sufficient knowledge or information to either admit

4    or deny the allegations set forth in Paragraph 96 of the Complaint except insofar as

5    they relate to Kempisty.  Kempsity denies the allegations relating to insofar as they

6    imply that Kempisty provided audit opinions on all the financial statements contained

7    in the "IPO Prospectus").

8        97.    The allegations contained in Paragraph 97 of the Complaint do not relate

9    to Kempisty or consist of legal conclusions to which no response is required.

10       98.    The allegations contained in Paragraph 98 of the Complaint do not relate

11   to Kempisty or consist of legal conclusions to which no response is required.

12       99.    The allegations contained in Paragraph 99 consist of legal conclusions to

13   which no response is required.  Insofar as the allegations may be interpreted as

14   containing factual allegations, Kempisty denies those allegations.

15       100.   Kempisty denies the allegations set forth in Paragraph 100 of the

16   Complaint insofar as they relate to Kempisty.  The remainder of the allegations relate

17   to other defendants and no response is required.

18       101.   Kempisty denies the allegations set forth in Paragraph 101 of the

19   Complaint insofar as they relate to Kempisty.  The remainder of the allegations relate

20   to other defendants and no response is required.

102.    Kempisty denies the allegations set forth in Paragraph 102 of the Complaint insofar as they relate to Kempisty.  The remainder of the allegations relate to other defendants and no response is required.

103.    The allegations set forth in Paragraph 103 of the Complaint do not relate to Kempisty and, therefore, no response is required.

104.    Kempisty denies that the allegations in Paragraph 104 of the Complaint insofar as they allege that Kempsity was responsible for any misstatements or omissions.  The remainder of the allegations pertain to plaintiffs' knowledge and, therefore, Kempisty lacks sufficient knowledge or information to admit or deny the allegations at this time and, therefore, denies such allegations.

105.    The allegations contained in Paragraph 105 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations may be interpreted as containing factual allegations, Kempisty denies such allegations.

106.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 106 of the Complaint and, therefore, denies such allegations.

107.    The allegations contained in Paragraph 107 of the Complaint consist of legal conclusions to which no response is required.

108.    The allegations contained in Paragraph 108 of the Complaint consist of Lead Plaintiffs' incorporation of prior allegations and/or legal conclusions to which no response is required.

DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

109.    The allegations contained in Paragraph 109 of the Complaint consist of Lead Plaintiffs' identification of the specific defendants against which such cause of action is alleged and the plaintiffs upon whom such cause of action is brought and, therefore, no response is required.

110.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 110 of the Complaint except insofar as they relate to Kempisty, which allegations Kempisty denies.

111.    The allegations contained in Paragraph 111 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations may be interpreted as containing factual allegations implying that Kempisty breached any legal duty, Kempisty denies such allegations.

112.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 112 of the Complaint except insofar as they relate to Kempisty, which allegations Kempisty denies.

113.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 113 of the Complaint except insofar as they relate to Kempisty, which allegations Kempisty denies.

114.    Kempisty is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 114 of the Complaint except insofar as they relate to Kempisty, which allegations Kempisty denies.

115.   Kempisty is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 115 of the Complaint except insofar as they relate to Kempisty, which allegations Kempisty denies.

116.   The allegations set forth in Paragraph 116 of the Complaint do not relate to Kempisty and, therefore, no response is required.

117.   Kempisty denies that the allegations in Paragraph 116 of the Complaint insofar as they allege that Kempsity was responsible for any misstatements or omissions.  The remainder of the allegations pertain to plaintiffs' knowledge and, therefore, Kempisty lacks sufficient knowledge or information to admit or deny the allegations at this time and, therefore, denies such allegations.

118.   The allegations contained in Paragraph 118 of the Complaint consist of legal conclusions to which no response is required.  To the extent the allegations may be interpreted as containing factual allegations, Kempisty denies such allegations.

119.   Kempisty is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 119 of the Complaint and, therefore, denies such allegations.

120.   The allegations contained in Paragraph 120 of the Complaint consist of legal conclusions to which no response is required.

121.-146.   The allegations contained in Paragraphs 121 through 146 of the Complaint (misnumbered as Paragraphs 109-24 and 117-26) allege claims against unidentified "Individual Defendants", including one or more who are alleged to have

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

been a "control person" of Kempisty"; however, nowhere in the Complaint are such individuals identified nor were any specific individuals related to Kempisty named in the original complaints filed in the actions consolidated herein.  Therefore, no answer to the allegations have been filed herein on behalf of any such individual or "control person" related to Kempisty.  The remainder of the allegations in the Complaint consist of Lead Plaintiffs' prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Kempisty had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the registration statement identified herein became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading.

3.    Plaintiffs and/or class members who purchased their shares in the aftermarket cannot demonstrate standing as a result of their inability to trace their purchase.

4.     Kempisty's alleged misstatements were not the cause of the losses alleged in the Complaint.

5.    Plaintiffs cannot prove that they were damaged as a result of the alleged misstatements.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6.    The claims alleged against Kempisty in the Complaint are barred by the applicable Statute of Limitations.

### **DEMAND FOR JURY TRIAL**

1.    Kempisty hereby demands a trial by jury on all counts.

DATED:  October 26, 2011

REED SMITH LLP


By___/s/ Brett L. McClure_____
Brett L. McClure
Elizabeth G. Minerd
Attorneys for Defendant
Kempisty & Company, P.C.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT KEMPISTY & COMPANY, P.C.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL