| | |
|---|---|
| GOLD BENNETT CERA & SIDENER LLP | THE ROSEN LAW FIRM, P.A. |
| Solomon B. Cera (SBN 99467) | Laurence M. Rosen (SBN 219683) |
| Thomas C. Bright (SBN 169713) | 355 South Grand Avenue, Suite 2450 |
| 595 Market Street, Suite 2300 | Los Angeles, CA 90071 |
| San Francisco, California 94105 | Telephone: (213) 785-2610 |
| Telephone: (415) 777-2230 | Facsimile: (213) 226-4684 |
| Facsimile: (415) 777-5189 | Email: lrosen@rosenlegal.com |
| scera@gbcslaw.com | |
| tbright@gbcslaw.com | |

Attorneys for Lead Plaintiffs and
All Others Similarly Situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | No.: CV-11-02768-PSG (SSx)<br><br>CLASS ACTION<br><br>PLAINTIFFS' REPLY MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION<br><br>(1) TO EFFECT SERVICE ON THE INDIVIDUAL DEFENDANTS BY SERVING CHINA INTELLIGENT LIGHTING AND ELECTRONICS INC.'S REGISTERED AGENT OR COUNSEL; or<br><br>(2) IN THE ALTERNATIVE TO PARTIALLY LIFT THE PSLRA DISCOVERY STAY SO THAT PLAINTIFFS MAY OBTAIN CURRENT INFORMATION TO SERVE INDIVIDUAL DEFENDANTS WITH THE SUMMONS AND COMPLAINT;<br><br>Hon. Philip S. Gutierrez<br>Hearing Date: January 23, 2012<br>Courtroom: 880 (Roybal)<br>Time: 1:30 p.m. |

1

Plaintiffs' Motion seeks either (1) to effect service on the individual defendants by serving China Intelligent Lighting & Electronic, Inc.'s registered agent or counsel; or (2) to partially lift the PSLRA discovery stay to serve special interrogatories on the China Intelligent narrowly tailored to obtain service addresses for the individual defendants.

It is by now uncontroversial that both types of relief are appropriate for plaintiffs seeking to serve the officers and directors of China-based U.S.-listed companies accused of securities laws violations, even when plaintiffs have been able to obtain addresses which might (or might not) be accurate. Both types of relief have been granted repeatedly by Courts in this District. Both types of relief aim merely at turning what would otherwise be an unwieldy mess of an action -- because whenever a defendant appears, by operation of law all proceedings in this action must be stayed -- into a judicially manageable action. Hence, judges in this district have never hesitated to grant plaintiffs the exact forms of relief requested here.

**I. Plaintiffs may serve officers and directors of China-based U.S.-listed companies accused of securities violations by service on the corporate agent or the corporation's outside counsel**

The following judges have held that it is proper to serve individual defendants of China-based U.S-listed companies through service on the corporate defendant or the corporation's outside counsel: *In re LDK Solar Securities Litigation*, No. C07-05182, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (Alsup, J.); *In re China Educ. Alliance, Inc. Sec. Litig.*, CV-10-9239-CAS (JCx), 2011 WL 6846214, at *3 (C.D. Cal. Dec. 29, 2011) (Snyder, J.) (permitting service on two directors via service on the corporate defendant) (*China Education Alliance II*); *Rose v. Deer Consumer Products, Inc.*, 11-CV-3701-DMG (MRWx), 2011 WL 6951969, at * (C.D. Cal. Dec. 29, 2011) (Gee, J.) (permitting service on corporate defendant because "Plaintiffs assert, and Deer Consumer does not dispute, that each of the Individual Defendants is a current or former officer of the Company,

that the Company is actively participating in this action, and that the Company's counsel of record has had, and continues to have, face-to-face communications with the Individual Defendants"); *In re China Valves Tech. Sec. Litig.*, 11-CV-796-LAK (S.D.N.Y. July 27, 2011) (Kaplan, J.) (attached as Exhibit 1 to the Declaration of Jonathan Horne filed herewith).

Against this weight of authority, without citing or quoting the Ninth Circuit's opinion in *Rio Properties*, Defendant purports to divine that "the Ninth Circuit held that recourse to Rule 4(f)(3) is only triggered [...] where the plaintiff had demonstrated: (1) the defendant was actively avoiding service of process; and (2) the plaintiff had gone through a number of efforts to serve the defendant both domestically and abroad." (Def. Br. at 6). Actually, the Court in *Rio Properties* specifically held: "Thus, examining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'. [citation]. It is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Defendant argues that the rule in *Rio* is inapplicable to this case because Plaintiffs have not yet attempted to serve defendants. First, it is difficult to make sense of this position, since *Rio* specifically held that Rule 4(f)(3) is not a last resort. *Id.* Second, service of a defendant in China through the Hague Convention takes at least three to six months. A plaintiff is not permitted to file a further request for service against a defendant while a request is pending. *Cf. In re TFT-LCD (Flat Panel) Antitrust Litigation*, 270 F.R.D. 535, 537 (N.D. Cal. 2010) (finding that service through the Hague Convention is expensive and time-consuming, and permitting service through Rule 4(f)(3) on this basis).

Defendant argues that Plaintiffs have not demonstrated that counsel for the defendant is in active communication with the Individual Defendants. The Individual Defendants are officers and directors of the corporate defendant;

3

therefore, presumably, any communication with them is privileged. Plaintiffs could not obtain such communications. Hence, if the rule were as Defendant describes, plaintiffs would never be able to obtain relief under Rule 4(f)(3). But relief under Rule 4(f)(3) is not "extraordinary relief." *Id.*

Defendant argues that service under Rule 4(f)(3) is prohibited by the Hague Convention. Only defendant cites the notes to Rule 4(f)(1) -- not Rule 4(f)(3). (Def. Br. at 5; *id.* at 11-12).[1] The Courts in *LDK*, *China Education Alliance II*, and *Deer* have all considered and rejected Defendant's argument. *LDK*, 2008 WL 2415186, at *3; *China Education Alliance II*, 2011 WL 6846214, at *3; *Deer*, 2011 WL 6951969 ("The fact that the PRC is a signatory to the Hague Convention does not change the analysis in this case."). Their reasoning is compelling. China's reservations to the Hague Convention prohibit service *in China* by postal channels. *LDK*, 2008 WL 2415186, at *3. Plaintiffs propose to serve defendants by serving them on Defendant's registered agent or counsel *in the United States*. (*See* Docket # 81-1) (Proposed Order). Service will be completed *in the United States*; anything further is merely transmittal of service papers. (*Id.*) Process effected within the jurisdiction offends the jurisdiction's sovereignty. Process that is effected outside the jurisdiction but that has effects on individuals in the jurisdiction does not. *See, e.g.*, *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 538 (D. Md. 1996) (citing authorities) ("[W]hen depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated"). Indeed, Defendant cites *LDK* for its erroneous view of the law, without acknowledging that *LDK* expressly considered and rejected Defendant's view. (Compare Def. Br. at 11 with *LDK*, 2008 WL 2415186, at *3). Even Defendant's authority rejects Defendant's position.

Defendant relies extensively on the decision in *Fujitsu v. Belkin Intern., Inc.*,

---

[1] Citations to Def. Br. at __ are to pages of Defendant China Intelligent Lighting and Electronics, Inc.'s Opposition to (1) Effect Notice [sic] Pursuant to FRCP Rule 4(F)(3) or in the Alternative Lift the PSLRA Imposed Discovery Stay, Dkt. # 102.

782 F. Supp. 2d 868, 878 (N.D. Cal. 2011). In *Fujitsu*, there were two issues: whether service, already performed pursuant to Rule 4(f)(2) should be quashed, *id.* at 874-78; and (2) whether the Court should order service pursuant to Rule 4(f)(3), *id.* at 878-881. In discussing the first issue, the Court addressed Hague Convention concerns. *Id.* at 874-78. In discussion the second issue -- which is the issue in this case -- the court did not. *Id.* By conflating the two discussions, Defendant makes it appear that the court in *Fujitsu* held that service performed entirely in the U.S. might violate the Hague Convention on international service of process. (Br. at 9). In reality, the Court merely exercised its discretion to deny service under Rule 4(f)(3) because "[plaintiff] itself concedes that it likely must serve [defendants] through the letters rogatory process in order to ensure that the Taiwanese courts will assist with the enforcement of any judgment obtained in this case [citation]." *Id.* at 881. Plaintiffs make no such concession here.

At bottom, Defendant's position, which it sets out itself, is that Plaintiffs are required to "make all reasonable efforts to serve the Individual Defendants under the available methods". (Br. at 9 and n. 9). Presumably, Defendant aims to profit from the fact that Plaintiffs would be subject to overlapping discovery stays as each defendant appeared and filed a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). To prevent abuse of the judicial process is one of the very reasons why exhaustion is not required -- *Rio*, 284 F.3d at 1015-1016.

Defendant argues that service of process does not comport with due process. What is required for service of process is that the method chosen by the Court be reasonable calculated to apprise the defendant that an action is pending against him or her and offer him or her an opportunity to object. *LDK*, 2008 WL 2415186, at *4. Defendant does not argue that service would not apprise the individual defendants of this action. Rather, Defendant argues that this Court does not have personal jurisdiction over the individual defendants because they do not have minimum contacts with California. (Def. Br. at 14). This Court does have personal jurisdiction over the individual defendants, because the securities laws provide for

5

jurisdiction provided the defendant has minimum contacts. *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1315-16 (9th Cir. 1985). But really, the question of minimum contacts is separate from the question of service of process, and it is unfortunate that defendant conflates (and keeps conflating) entirely separate issues. (*Cf.* Def. Br. at 9 (similarly conflating service under Rule 4(f)(2) and service under Rule 4(f)(3).).[2]

Here, service on China Intelligent's officers and directors is clearly within constitutional limits. Process servers of Delaware Corporations routinely transmit service of process to officers and directors of Delaware Corporations, as they are required to by Section 3314 of the Delaware Code. It is merely the happenstance that the individual defendants committed federal securities violations rather than breached their fiduciary duties that prevents this case from falling squarely within Section 3314. Defendants will be apprised of this action, and will have an opportunity to object.

Even if the Court does not permit service of process through service on the corporate agent for all individual defendants, it should permit service of process on China Intelligent's current officers and directors.[3] Service of process has already been successfully transmitted to China Intelligent. China Intelligent is a corporation that acts through the actions of individuals -- its officers and directors. There is no conceivable reason why service of process should effectively inform

---

[2] Similarly, Defendant conflates the issue of when service, already performed, was effective, with a court's authority to approve service prospectively under Rule 4(f)(3). Thus, service on an attorney is generally not valid when the attorney does not have authority to accept service. *Jimena v. UBS Bank, AG*, No. CV-07-367, 2010 WL 2465333, at *7 (E.D. Cal. June 10, 2010). But a court may prospectively authorize a plaintiff to serve a defendant by authorizing a plaintiff to serve counsel under Rule 4(f)(3). *In re China Valves Tech. Sec. Litig.,* No. 11-CV-796-LAK (S.D.N.Y. Sept. 14, 2011) (Kaplan, J.) (attached as Exhibit 1 to the Declaration of Jonathan Horne).

[3] According to SEC filings, the current officers and directors of China Intelligent who are defendants in this action are: Xuemei Li; Shiliang Wu; Yang Su; and Hongfeng Zhang.

China Intelligent of this action, but should pose problems of a constitutional magnitude when it is these individuals who are served. See *China Education Alliance II*, 2011 WL 6846214, at *3 and n.1.

> **II. It is utterly uncontroversial that the Court may lift the PSLRA discovery stay to allow Plaintiffs to serve on Defendant narrowly tailored interrogatories aimed at ascertaining the individual defendants' service addresses**

The following judges -- all in the context of China-based U.S.-listed companies accused of securities fraud -- have held that a plaintiff suffers undue burden if he or she is not permitted to lift the PSLRA discovery stay to serve interrogatories aimed at ascertaining individual defendants' service addresses: *Hufnagle v. RINO International Corp.*, 10-CV-8695-VBF, 2011 WL 26505755, at *2 (C.D. Cal. July 6, 2011) (Fairbank, J.); *In re China Educ. Alliance, Inc. Sec. Litig.*, 10-CV-9239-CAS, 2011 WL 3715969, at *3-*4 (C.D. Cal. Aug. 22, 2011); *Lewy v. Gulf Resources, Inc.*, 11-CV-3722-ODW (C.D. Cal. Dec. 28, 2011) (Wright, J.) (attached as Exhibit 2 to the Declaration of Jonathan Horne); *Stranger v. China Electric Motor, Inc.*, 11-CV-2794-R (C.D. Cal. Dec. 5, 2011) (Real, J.) (attached as Exhibit 3 to the Declaration of Jonathan Horne).

This utterly uncontroversial position that has garnered universal assent among this District's Judges follows from two simple points. First, the PSLRA discovery stay was enacted to prevent fishing expeditions and to prevent plaintiffs from obtaining *in terrorem* settlements because of the fear of discovery costs. *E.g. China Educ. Alliance*, 2011 WL 3715969, at *4 (C.D. Cal. Aug. 22, 2011). Relief that -- as here -- will not require the corporate defendant to expend any resources, and will not provide plaintiffs with any additional information to supplement their pleadings falls well outside the purpose of the PSLRA discovery stay. *Id*. Second, under the PSLRA, discovery is stayed while "during the pendency of *any* motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Thus, should any defendant suddenly appear, all proceedings in this case will be brought to an immediate halt while the

parties brief that defendant's motion to dismiss. *Id.*

For this very reason, Defendant's argument that Plaintiffs have not attempted to serve some defendants is silly. Put aside the fact that Plaintiffs have not attempted to serve the individual defendants because they're not sure they have the correct address. Even if Plaintiffs served some, but not all, defendants, it would not matter. By operation of law, a single unserved defendant can still bring all proceedings in this case to a halt by appearing. 15 U.S.C. § 78u-4(b)(3)(B). Thus, serving the individual defendants is an all-or-nothing proposition; there is no sense in serving anything less than all of them at the same time. For this very reason, four Courts in this District have held that the inability to serve all defendants because of unknown addresses constitutes undue prejudice. *Hufnagle*, 2011 WL 26505755, at *2; *China Educ. Alliance*, 2011 WL 3715969, at *3-*4; *Gulf Resources*, 11-CV-3722-ODW (attached as Exhibit 2 to the Declaration of Jonathan Horne); *China Electric Motor*, 11-CV-2794-R (attached as Exhibit 3 to the Declaration of Jonathan Horne).

## CONCLUSION

Plaintiffs have asked for utterly routine relief whose purpose and effect would be to prevent this action from being interrupted by a series of overlapping discovery stays. Because the requested relief is so routine, Courts in this District have granted it every time it has been requested. Defendant's twenty-page memorandum of points and authorities in opposition succeeds in confusing several issues, but fails at addressing both the common-sense of Plaintiffs' proposal and the many decisions supporting Plaintiffs' relief. The Court should grant Plaintiffs' motion.

Dated: January 9, 2012                    Respectfully submitted,

                                                         **THE ROSEN LAW FIRM, P.A.**

                                                         /s/ Laurence Rosen_____
                                                         Laurence M. Rosen, Esq. (LR 5733)

-and-

**GOLD BENNETT CERA & SIDENER LLP**
Solomon B. Cera (SBN 99467)
Thomas C. Bright (SBN 169713)

Attorneys for Lead Plaintiffs and
All Others Similarly Situated

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On January 9, 2012 I electronically filed the foregoing PLAINTIFFS' REPLY MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION (1) TO EFFECT SERVICE ON THE INDIVIDUAL DEFENDANTS BY SERVING CHINA INTELLIGENT LIGHTING AND ELECTRONICS INC.'S REGISTERED AGENT OR COUNSEL; or (2) IN THE ALTERNATIVE TO PARTIALLY LIFT THE PSLRA DISCOVERY STAY SO THAT PLAINTIFFS MAY OBTAIN CURRENT INFORMATION TO SERVE INDIVIDUAL DEFENDANTS WITH THE SUMMONS AND COMPLAINTwith the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on January 9, 2012.

/s/ Laurence Rosen
Laurence M. Rosen