UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#84

CIVIL MINUTES - GENERAL

| Case No. | CV 11-2768 PSG (SSx) | Date | February 14, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present                             Not Present

**Proceedings:**   **(In Chambers) Order GRANTING in part and DENYING in part Plaintiffs' Motion to Effect Service or in the Alternative to Partially Lift Discovery Stay**

Before the Court is Plaintiffs' motion to effect service or in the alternative to partially lift the discovery stay. Dkt. # 84. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and DENIES in part the motion.

Perritt Emerging Opportunities Fund, Universal Invest Quality SICAV, Acerco SA, and Antoine de Sejournet ("Plaintiffs") brought this putative class action alleging violations of the Securities Act of 1933. *See* Dkt. # 27. Among the defendants named in the Consolidated Amended Complaint, are China Intelligent Lighting and Electronics, Inc. ("CIL"), Li Xuemei ("Li"), Wu Shiliang ("Wu"), Kui Jiang ("Jiang"), Michael Askew ("Askew"), Zhang Hongfeng ("Zhang"), and Su Yang ("Su"). *Consolidated Amended Complaint* ("*Compl.*") ¶¶ 20-26. Plaintiffs allege certain offering documents connected to the sale of CIL stock contained material omissions and misstatements. *Compl.* ¶ 4. Li, Wu, Jiang, Askew, Zhang, and Su each signed the offering documents. *Compl.* ¶¶ 1-26.

CIL is a Delaware corporation with its principal place of business in Guangdong Province, China. *Compl.* ¶ 20. Li is alleged to be CIL's Chief Executive Officer, President, and Chairman of the Board of Directors. *Compl.* ¶ 21. Wu is alleged to be CIL's Executive Vice President and a Company Director. *Compl.* ¶ 23. Jiang is alleged to be CIL's Chief Financial Officer and Corporate Secretary. *Compl.* ¶ 22. Askew is alleged to be a former Company Director. *Compl.* ¶ 24. Zhang is alleged to be a Company Director. *Compl.* ¶ 26. Su is alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#84**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 14, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

to be a former Company Director. *Compl.* ¶ 25. Plaintiffs have been unable to locate and serve Li, Wu, Jiang, Askew, Zhang, and Su (the "Unserved Defendants"), all of whom purportedly live abroad. *Zhang Decl.* ¶ 3.

Plaintiffs have endeavored to discover the location of the Unserved Defendants by reviewing CIL's filings with the SEC, reviewing CIL's Chinese subsidiaries' filings with the Chinese Administration of Industry and Commerce, researching online, and hiring investigators in China. *Zhang Decl.* ¶ 4. Plaintiffs found addresses in China for Li, Wu, and Su, but Plaintiffs were unable to verify whether these addresses were correct. *Id.* at ¶ 5. Plaintiffs were unable to find addresses for Askew, Jiang, or Zhang. *Id.* Plaintiffs have now filed this motion to effect service on the Unserved Defendants by serving CIL, or, in the alternative, Plaintiffs request a partial lift of the discovery stay to propound special interrogatories on CIL regarding the Unserved Defendants. Dkt. # 84.

Federal Rule of Civil Procedure 4(f) governs service of process outside the United States by authorizing service pursuant to international agreements such as the Hague Convention or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3). In other words, "as long as court-directed and not prohibited by international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). A court may order service of process under Rule 4(f)(3) even when service of process has not been attempted by other means because "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio*, 284 F.3d at 1015 (internal citations omitted). Additionally, the decision to provide an order under Rule 4(f)(3) is within the "sound discretion of the district court," which determines if "the particularities and necessities of a given case require alternative process." *Rio*, 284 F.3d at 1016.

Even if facially permitted under the rule, however, "a method of service of process must also comport with constitutional notions of due process," meaning "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (internal citations omitted); *see also In re China Educ. Alliance, Inc. Sec. Litig.*, No. CV 10-9239 CAS, 2011 WL 3715969, at *3 (C.D. Cal. Aug. 22, 2011) (holding that serving defendants no longer working for a company "through company's agent presents a potential due process problem, because there is no guarantee that the agent will actually serve each defendant or that each defendant is actually aware of the litigation").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#84**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 14, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), imposes a discovery stay "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary . . . to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The purpose of the discovery stay is to minimize plaintiffs' incentives to bring frivolous securities class actions in the hopes that either corporate defendants will settle those actions rather than bear the high cost of discovery, or discovery will reveal some sustainable claim not known or alleged in the original complaint. *See SG Cowen Sec. Corp. v. U.S. Dist. Court for the N. Dist. of Cal.*, 189 F.3d 909, 911 (9th Cir. 1999). A court may lift the discovery stay for "undue prejudice," which means "improper or unfair detriment" and requires "something less than 'irreparable harm.'" *Med. Imaging Ctrs. of Am. v. Liechtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996) (internal citations omitted). "[A] substantial delay . . . that might ultimately result in a defendant escaping liability" has been held to constitute undue prejudice under the PSLRA. *See Hufnagle v. Rino Intern. Corp.*, No. CV 10-8695-VBK (VBKx), 2011 WL 2650755, at *2 (C.D. Cal. July 6, 2011); *China Educ.*, 2011 WL 3715969, at *4.

Plaintiffs seek an order pursuant to Federal Rule of Civil Procedure 4(f) granting Plaintiffs leave to serve the Unserved Defendants through CIL's registered agent in Delaware or CIL's counsel, Timothy A. Horton of McKenna Long and Aldridge LLP. *Mot.* 2:1-8. Plaintiffs argue such an order will "expedite this litigation, and [] reduce the costs associated with it." *Mot.* 4:1-2. CIL contends Plaintiffs have not demonstrated that (1) an order is necessary, (2) "[Plaintiffs] have made all reasonable efforts to serve the [unserved] Defendants under the available methods," (3) "the [unserved] Defendants are attempting to evade service," or (4) the Hague Convention procedures are too costly or time-consuming. *Opp*. 4:1-10:20. CIL also argues that Plaintiffs' methods of service do not comport with due process because "Plaintiffs admit in the Complaint that Askew and Yang no longer work for [CIL]." *Opp*. 15:8-9.

The Court agrees that allowing Plaintiffs to serve Defendants who are no longer employed by CIL through CIL's registered agent or counsel presents a potential due process problem. *See China Educ.*, 2011 WL 3715969, at *3. Because there may no longer be a relationship between CIL and Askew and Yang, this method of service is not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio,* 284 F.3d at 1016. As to the Unserved Defendants still potentially employed by CIL, effecting service on them through CIL's registered agent or counsel may be appropriate in the future. However, it would be more appropriate at this juncture to grant Plaintiffs limited discovery to attempt to ascertain the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#84**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 14, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

locations of all the Unserved Defendants.  Not granting Plaintiffs such limited discovery will delay this litigation and may ultimately allow some defendants to escape liability.  *See Hufnagle*, 2011 WL 2650755, at *2.  Plaintiffs have used a variety of methods in an attempt to locate these defendants to no avail.  CIL is very likely to know the location of its current directors and officers, and may know the location of former directors and officers as well.  The burden on CIL to produce information as to the Unserved Defendants is minimal.  Furthermore, such limited information could not conceivably allow Plaintiffs to coerce an early settlement of this case or discover some unalleged sustainable claim, and thus the discovery does not contravene the purposes of the PSLRA's discovery stay.

  For the foregoing reasons, Plaintiffs' motion is DENIED in part and GRANTED in part.  The discovery stay is lifted for the limited purpose of allowing Plaintiffs to propound special interrogatories on CIL to ascertain the current address, government identification number, and employment status at CIL of Li Xuemei, Wu Shiliang, Kui "Kevin" Jiang, Michael Askew, Zhang Hongfeng, and Su Yang.

  **IT IS SO ORDERED.**