Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                     Not Present

**Proceedings:     (In Chambers) Order GRANTING in part and DENYING in part Defendants' Motions to Dismiss**

Before the Court are Defendants' motions to dismiss. Dkts. # 60, 73, 76. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and DENIES in part the motions to dismiss.

I.      Background

Defendant China Intelligent Lighting and Electronics, Inc. ("CIL") is a Delaware corporation with its principal place of business in China. *Consolidated Amended Complaint* ("*Compl.*") ¶ 20. CIL is the owner of an operating subsidiary, Hyundai Light and Electric (HZ) Co., Ltd. ("Hyundai"), which manufactures LED lighting products in China. *Id.*

From June to December 2010, CIL conducted an Initial Public Offering ("IPO"), an Initial Resale, and a Secondary Resale of stock in the United States. *Compl.* ¶¶ 57, 58. In connection with these stock offerings the Securities and Exchange Commission ("SEC") declared effective an IPO Registration Statement ("Registration Statement"), an Initial Resale Prospectus ("Prospectus"), and a Secondary Resale Registration Statement ("Resale Registration Statement") (collectively as "Offering Documents"). *Id.* The Offering Documents were based on audited financial statements for CIL for the fiscal years ended December 31, 2008 and 2009. *Id.* Defendant Kempisty & Co. ("Kempisty") audited the 2008 financial statement and Defendant MaloneBailey LLP ("MaloneBailey") audited the 2009 statement. *Compl.* ¶ 62.

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

These financial statements showed CIL had profits of $10 million on revenues of $59 million in 2008 and profits of $14 million on revenues of $43 million in 2009. *Compl.* ¶ 63. The sole source of income for CIL in 2008 and 2009 was CIL's Chinese operating subsidiary Hyundai. *Compl.* ¶ 64.

As a Chinese company, Hyundai was required to file audited financial statements with the State Administration of Industry and Commerce ("SAIC") in China. *Compl.* ¶ 65. Businesses that file false documents with the SAIC face a variety of penalties, including fines and possible business license revocation. *Id.* Hyundai's filings with the SAIC ("SAIC Filings") declare profits of $1 million on revenues of $15 million in 2008 and profits of $27,000 on revenues of $13 million in 2009. *Compl.* ¶ 67.

In March 2011, CIL issued a press release announcing the resignation of MaloneBailey as auditor for CIL, MaloneBailey's determination that CIL's financial statements contained material errors and should no longer be relied upon, and a formal investigation by the SEC. *Compl.* ¶ 69. Shortly thereafter NYSE Amex LLC delisted CIL's shares from the stock exchange. *Compl.* ¶ 71. In July 2011, the SEC suspended the effectiveness of the Offering Documents. *Compl.* ¶ 74.

Lead Plaintiffs in this putative class action are Perritt Emerging Opportunities Fund ("Perritt"), Universal Invest Quality SICAV ("Universal"), Acerco SA ("Acerco"), and Antoine de Sejournet ("Sejournet") (collectively as "Lead Plaintiffs"). *Compl.* ¶¶ 16-19. Lead Plaintiffs allege they are persons and entities who purchased or otherwise acquired CIL securities pursuant to or traceable to the Offering Documents. *Compl.* ¶ 1. Lead Plaintiffs allege the Offering Documents contained material misstatements and omitted material information in violation of Sections 11, 12, and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77a, et seq. *Compl.* ¶ 4. Named as Defendants are CIL and various officers and directors of CIL who signed the Offering Documents; WestPark Capital, Inc. ("WestPark") and Rodman & Renshaw LLC ("Rodman") (collectively as "Underwriters"), who served as the underwriters for CIL's sale of stock; various officers and directors of WestPark ("WestPark Individuals") and Rodman ("Rodman Individuals"); and MaloneBailey and Kempisty, who served as CIL's auditors for the financial statements underlying the Offering Documents. *Compl.* ¶¶ 21-26, 29-37, 39, 40.

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

All of the Defendants, except for Kempisty, have filed motions to dismiss the Consolidated Amended Complaint ("Complaint"). Dkts. # 60, 73, 76.[1] The motions are brought under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, Rule 12(b)(6) for failure to state a claim for relief, and Rule 9(b) for failure to plead claims of fraud with particularity.

II.  Legal Standard

   a.  Rules 12(b)(6) and 12(b)(1)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 552, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1949.

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

---

[1] Defendant Kempisty answered the Complaint. Dkt. # 66.

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

      A defendant may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Standing may be properly challenged in a motion to dismiss under Rule 12(b)(1) because standing "pertain[s] to a federal court's subject-matter jurisdiction under Article III."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

      b.      <u>Rule 9(b)</u>

      Allegations of fraud in a pleading "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  A plaintiff must allege particular facts explaining the circumstances of the fraud, "including time, place, persons, statements made[,] and an explanation of how or why such statements are false or misleading."  *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1265 (C.D. Cal. 2007).  The circumstances of the alleged fraud must be specific enough "to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

      Under Rule 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff "must set forth more than the neutral facts necessary to identify the transaction."  *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original).  Fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged.  *Vess*, 317 F.3d at 1106.  A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.  *Id.*

III.     <u>Discussion</u>

      Defendants collectively make numerous arguments for the dismissal of the entire Complaint, for dismissal of individual causes of action, and for dismissal of various individual defendants from this action.  Ordinarily, the Court would not address alternative arguments if an overarching argument is dispositive.  However, in order to streamline this case, the Court will address each of the arguments Defendants have raised.

      a.      <u>Allegations of Fraud</u>

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

To state a claim for relief, a Section 11 claim must allege that the registration statement at issue contains a material omission or misrepresentation. 15 U.S.C. § 77k(a); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). A Section 12 claim must allege the same for the prospectus at issue. 15 U.S.C. § 77l(a)(2); *In re Harmonic Inc. Sec. Litig.*, 163 F. Supp. 2d 1079, 1089-90 (N.D. Cal. 2001). Section 15 "imposes joint and several liability upon every person who controls any person liable under sections 11 or 12," and thus relies on an underlying allegation of a material omission or misrepresentation in a registration statement or prospectus. *See In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006, 1029 (9th Cir. 2005).

Where a claim under the Securities Act sounds in fraud, a complaint must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess*, 317 F.3d at 1103-04. A claim sounds in fraud where a plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Id.* at 1103. In order to meet the heightened standard under Rule 9(b), a complaint must "set forth what is false or misleading about a statement, and why it is false." *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009) (internal quotation marks omitted). This requirement "can be satisfied by pointing to inconsistent contemporaneous statements or information (such as internal reports) which were made by or available to the defendants." *Id.* (internal quotation marks omitted).

Defendants move to dismiss the entire Complaint for failure to plead a material omission or misrepresentation with the specificity required by Rule 9(b). *See* Dkt. # 76 ("*CIL Mot.*") 11:20-12:9; Dkt. # 60 ("*Underwriters Mot.*") 6:13-7:7. In response, Lead Plaintiffs argue (1) the Complaint does not sound in fraud and (2) regardless of what pleading standard is applied, the Complaint adequately pleads a material omission or misrepresentation. *See* Dkt. # 88 ("*First Opp.*") 14:13-16, 17:5-6.

As to their first argument, Lead Plaintiffs cite the averment that "[t]his Complaint asserts no allegations or claims sounding in fraud." *Compl.* ¶ 4. Under Ninth Circuit authority, a disclaimer that claims do not sound in fraud does not relieve a plaintiff of the duty to comply with Rule 9(b) if "the gravamen of the complaint is plainly fraud." *See Stac Elecs.*, 89 F.3d at 1405 n.2 ("[Plaintiff] argues that it specifically disclaimed any allegations of fraud with respect to its Section 11 claims. These nominal efforts are unconvincing where the gravamen of the complaint is plainly fraud and no effort is made to show any other basis for the claims levied at the Prospectus."). Moreover, even the "disclaimer" itself implies CIL and CIL's Chief Executive Officer committed fraud. *Compl.* at 4:21-27, n.2 ("Lead Plaintiffs merely allege that

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

the financial statements were false, without alleging any particular reason why they were caused to be false, or that any defendant other than CIL's CEO and CIL had actual knowledge that they were false."). Elsewhere in the Complaint, Lead Plaintiffs make further allegations of fraud: "Defendants are liable . . . because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false . . ." *Compl.* ¶ 93. And again: "Defendants, based in the People's Republic of China were effectively beyond the reach of the SEC and the United Stated [sic] Department of Justice's ('DOJ') enforcement of the securities laws, and could therefore violate the securities law without fear of civil or criminal enforcement." *Compl.* ¶ 88. In toto, the Court finds the Complaint sounds in fraud and must, therefore, meet the pleading requirements of Rule 9(b).

     Lead Plaintiffs argue that even if the Rule 9(b) standard is applied, the Complaint adequately alleges a material omission or misrepresentation. Lead Plaintiffs contend they have met this standard because the Complaint alleges that CIL filed the Offering Documents, gives details about the contents of the Offering Documents, and gives information on why the Offering Documents are false and the amounts by which the Offering Documents are false. *See First Opp.* 17:18-23. While Lead Plaintiffs have pled some of the specifics required for claims of fraud, they have not met the requirements of Rule 9(b) in all respects. In a similar case, another court in this judicial district recently found these types of allegations to be inadequate under Rule 9(b). *See Katz v. China Century Dragon Media, Inc.*, CV11-02769 JAK (SSx) (C.D. Cal. Nov. 30, 2011) (Order Granting Defendants' Motions to Dismiss; Docket Number 106) ("*Katz* Order"). As in *Katz*, here Lead Plaintiffs do not explain why the discrepancy between the financial statements submitted to the SEC and the financial statements submitted to the SAIC necessarily means fraud has been committed. *Id.* at 5. For example, Lead Plaintiffs do not allege that the SEC and SAIC numbers are based on the same underlying financial data or that the accounting standards used for both the SEC and SAIC are substantially the same. Without this information, Defendants are denied the ability to "defend against the charge and not just deny that they have done anything wrong." *See Vess*, 317 F.3d at 1106. Accordingly, Lead Plaintiffs "must plead with greater specificity to make plausible their claim that the SEC numbers, not the SAIC numbers, are false." *Katz* Order at 5.[2]

---

[2] The cases cited by Lead Plaintiffs are not to the contrary. The allegations underlying *In re China Educ. Alliance, Inc. Sec. Litig.*, No. CV 10-9239 CAS (JCx), 2011 WL 4978483 (C.D. Cal. Oct. 11, 2011) were much more detailed than those presented in this case. For example, plaintiffs alleged a training center comprising almost a quarter of defendant's supposed profits was an empty building and a "sham." *Id.* at *2. Similarly, the plaintiffs in *Dean v. China*

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

    b.    <u>Standing under Section 11</u>

Standing to sue under Section 11 for misrepresentations in a registration statement exists where a plaintiff purchased a security pursuant to that registration statement. *See Hertzberg v. Dignity Partners*, 191 F.3d 1076, 1080 (9th Cir. 1999). In order to make this showing, a plaintiff may show that it purchased the securities during the initial offering for which the registration statement was effective, or trace its later-purchased stock back to the initial offering. *See id.* at 1080 n.4.

Defendants contend that Lead Plaintiffs Universal, Acerco, and Sejournet lack standing to pursue the First Cause of Action under Section 11 of the Securities Act. *CIL Mot.* 10:3-11:19; *Underwriters Mot.* 18:24-20:14. In brief, Defendants argue that these Lead Plaintiffs lack standing because they have failed to plead that they purchased CIL stock pursuant to the Offering Documents.

The Complaint alleges Universal, Acerco, and Sejournet purchased their shares of CIL from underwriter Rodman. *Compl.* ¶¶ 17-19. In addition to its factual allegations, the Complaint attaches a certificate of certain facts from each Lead Plaintiff. In their certifications, Universal, Acerco, and Sejournet declare they purchased shares of CIL on June 10, 2010 for $3.00 per share. *See Compl., Certifications of Universal, Acerco, and Sejournet.* The Registration Statement became effective on June 17, 2010 and the IPO began the same day. *Compl.* ¶ 57.

Lead Plaintiffs argue "Rodman is fully aware that it sold these shares to these three Lead Plaintiffs in the IPO, and that June 10, 2010 is the date the shares were allocated to these Lead Plaintiffs." *First Opp.* 18:24-26. Lead Plaintiffs assert "[i]t is a logical and factual impossibility for these Lead Plaintiffs to have purchased their shares any other way except directly from Rodman in the IPO." *Id.* at 19:1-3. Lead Plaintiffs propose it is impossible that they did not purchase their shares during the IPO because they paid the IPO price of $3.00 per share. *Id.* at 19:4-12.

---

*Argitech, Inc.*, No. CV 11-01331-RGK (PJWx), 2011 WL 5148598 (C.D. Cal. Oct. 27, 2011) alleged that defendant's factories "sat idle with no production or operated substantially below capacity" during the time period when defendant was filing inflated financial statements. *Id.* at *4.

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

Lead Plaintiffs' arguments in opposition to the motion to dismiss cannot substitute for the facts pled in the Complaint. The contrast in the averments of the Complaint regarding each Lead Plaintiff are revealing. As to Perritt, the Complaint states "Perritt purchased 300,000 CIL shares from WestPark Capital Inc., *pursuant to the IPO Registration Statement*." *Compl.* ¶ 16 (emphasis added). In contrast, the Complaint states Universal "purchased 150,000 CIL shares from Rodmand [sic] & Renshaw LLC." *Compl.* ¶ 17. The statements for Acerco and Sejournet are identical to the statement regarding Universal except for the number of shares purchased. *See Compl.* ¶¶ 18, 19. As is readily apparent, the statements for Universal, Acerco, and Sejournet omit any allegation that their shares were purchased during the IPO or "pursuant to the IPO Registration Statement."

In addition, the certifications attached to the Complaint affirmatively state the shares were "purchased" on June 10, 2010. This was one full week before the IPO began and one week before the SEC declared the Registration Statement effective. Elsewhere the Complaint states "[a]ll persons and entities who purchased or otherwise acquired CIL common stock between *June 18, 2010* and March 24, 2011 (the "Class Period") can trace their shares to one of the Registration Statements." *Compl.* ¶ 2 (emphasis added). Therefore, the Complaint itself implies Universal, Acerco, and Sejournet's purchase date of June 10, 2010 places them outside the proposed Class Period and that they may not be able to trace their purchases to the Offering Documents. Finally, contrary to Lead Plaintiffs' argument, the fact that they purchased shares at the same price as the price at which shares were offered during the IPO does not prove the shares were purchased during the IPO. Rather, it merely proves Lead Plaintiffs purchased their shares at the same price as the price at which the shares were offered during the IPO.

    c.    <u>Standing under Section 12</u>

The Fifth Cause of Action alleges a violation of Section 12(a)(2) of the Securities Act. *Compl.* ¶¶ 117-126. This Cause of Action is brought against Defendants CIL, the officers and directors of CIL, WestPark, the WestPark Individuals, and Rodman. *Id.* To assert a claim under Section 12 of the Securities Act, a plaintiff must have purchased securities pursuant to a false or misleading prospectus, and plaintiff must have purchased directly in the offering at issue. *Hertzberg*, 191 F.3d at 1081. Thus, unlike a Section 11 plaintiff, a Section 12 plaintiff may not purchase his shares in the secondary market and then trace his shares back to the offering at issue. *See In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 976 (N.D. Cal. 2010).

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

As set forth above, Universal, Acerco, and Sejournet have failed to allege they purchased their shares during the IPO. Therefore, Universal, Acerco, and Sejournet have not alleged facts sufficient to determine they have standing to sue under Section 12.

    d.    <u>Section 12 Claims Against the WestPark Individuals</u>

To be liable under Section 12(a)(2), a defendant must be a "statutory seller." *See Pinter v. Dahl*, 486 U.S. 622, 642 (1988). A statutory seller is one who either (1) passed title of the security to the plaintiff or (2) successfully solicited the purchase when motivated by financial gain. *See id.* at 646 (so defining seller under Section 12(a)(1)); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 536 (9th Cir. 1989) (applying *Pinter* to cases brought under Section 12(a)(2)).

The Complaint does not allege any of the WestPark Individuals passed title of any CIL securities to the Lead Plaintiffs. Lead Plaintiffs concede this but argue the Court should not dismiss the Section 12(a)(2) claims against the WestPark Individuals because "[s]ome members of the proposed Class purchased shares directly from the WestPark Individuals." *First Opp.* 22:2-7. As Lead Plaintiffs themselves state, the class is only "proposed" at this time. There has been no class certification. Lead Plaintiffs may not assert claims because there are potential members of the proposed class who could assert those claims. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

As for solicitation, the Complaint alleges "Defendants actively solicited the Plaintiffs' purchases of CIL shares." *Compl.* ¶ 120. This conclusory allegation does not satisfy Lead Plaintiffs' burden to plead that the WestPark Individuals "solicited the purchase when motivated by financial gain." First, this statement does not specifically allege the WestPark Individuals performed any solicitation. Second, the statement uses the generic "Plaintiffs" and does not even allege "Lead Plaintiffs" were the target of the WestPark Individuals' solicitation. Third, the statement is entirely conclusory and does not provide any specific facts. *See Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996) ("[P]laintiffs' bald and factually unsupported allegation that the issuer and individual officers of the issuer 'solicited' the plaintiffs' securities purchase is not, standing alone, sufficient.") (superseded by statute on other grounds); *In re Bare Escentuals Inc., Sec. Litig.*, 745 F. Supp. 2d 1052, 1073 (N.D. Cal. 2010) (holding conclusory allegations failed "to set forth with any degree of detail the means by which defendants actively

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

solicited plaintiffs' purchase of securities"). A plaintiff seeking to demonstrate solicitation by a defendant must plead facts to support that conclusion, and Lead Plaintiffs have failed to do so in the Complaint. *See Maine State Ret. Sys. v. Countrywide Fin. Corp.,* No. 2:10-CV-0302 MRP (MANx), 2011 WL 4389689, at *10 (C.D. Cal. May 5, 2011) ("Plaintiffs must include very specific allegations of solicitation, including direct communications with Plaintiffs.").

Lead Plaintiffs contend the allegation that Perritt purchased 300,000 shares from WestPark is "sufficient to allege" the WestPark Individuals were statutory sellers. *First Opp.* 20:27-21:1. The Court presumes Lead Plaintiffs intend to imply that if WestPark is a statutory seller, then its officers are statutory sellers. Lead Plaintiffs cite no caselaw in support of this proposition, and the proposition has in fact been rejected by other courts. This Court agrees that the officers of a statutory seller are not also automatically statutory sellers under Section 12(a)(2). *See, e.g., In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1101-02 (C.D. Cal. 2003) (holding defendants were not statutory sellers where it was only alleged defendants were directors of the statutory seller and that defendants had signed the prospectus) . To hold otherwise would run afoul of the Supreme Court's direction that Section 12 is not intended to "impose liability on participants collateral to the offer or sale." *Pinter*, 486 U.S. at 650.

Likewise, Lead Plaintiffs' suggestion that the WestPark Individuals are statutory sellers by virtue of their "beneficial ownership" of CIL stock at the time of the IPO is an incorrect statement of law. *First Opp.* 21:6-17. Lead Plaintiffs cite to *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 548 (N.D. Cal. 2009) in support of their argument. There is no indication in *Charles Schwab* that any of the defendants in that case were potentially liable under Section 12(a)(2) merely for owning stock in an issuer. Rather, *Charles Schwab* held certain individual defendants might be held to have solicited a purchase by having signed a prospectus. *Id.* at 548-550. Even if the Court were to follow this holding – over other courts that have held otherwise, *see, e.g., Infonet Servs.*, 310 F. Supp. 2d at 1101-02 – Lead Plaintiffs do not allege the WestPark Individuals signed the prospectus. Again, Section 12(a)(2) only imposes liability on those who have passed title or who have actively solicited a plaintiff's purchase, not those "collateral to the offer or sale."

e. Underwriters' Reliance Defense

An underwriter defendant may establish as an affirmative defense that it reasonably relied on statements made by an expert in a registration statement. *See* 15 U.S.C. § 77k(b)(3)(C); *In re Software Toolworks Inc. Sec. Litig.*, 50 F.3d 615, 621 (9th Cir. 1994) ("Underwriters . . . may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

absolve themselves from liability by establishing a 'due diligence' defense."). Underwriters "must prove that they 'had, after reasonable investigation, reasonable ground to believe and did believe . . . that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'" *Id.* (quoting 15 U.S.C. § 77k(b)(3)(C)). An underwriter's reasonableness is judged on the basis of an objective reasonable person in the underwriter's position. *Id.*

The Underwriter Defendants move for their own dismissal from the First Cause of Action for violations of Section 11 of the Securities Act, "because the Complaint fails to allege any reason why the underwriters were not entitled to rely on CIL's financial statements or the expert accounting judgments reflected in them." *See* Dkt. # 106 ("*Underwriter Reply*") 11:11-14. The Underwriter Defendants anchor their argument on *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008). In *Countrywide*, the court dismissed certain claims against underwriters because the underwriters had "a due diligence defense on the face of the [Complaint] as a matter of law." *Id.* at 1175. However, the *Countrywide* court also acknowledged that the reasonableness aspect of the due diligence defense "is generally a fact issue, rarely suitable for summary judgment, let alone a motion to dismiss." *Id.*

Whatever the merits of dismissal on the basis of the reliance defense in the sprawling *Countrywide* action, the Court declines to dismiss on these grounds in the present action. As the *Countrywide* court noted, dismissal of a complaint on the basis of an affirmative defense is rare. As in most cases, the applicability of the reliance defense in this case will be fact specific and is only suitable for determination on a motion for summary judgment or at trial. Among other issues, the question of whether the Underwriters reasonably relied on the auditors when CIL had previously filed financial statements with the SAIC will turn on the facts that may be developed in discovery.

  f. <u>SAIC Filings</u>

Claims under Sections 11 and 12 of the Securities Act must be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m. Defendants contend that the SAIC Filings were publicly available at the time of the IPO offering. *See* Dkt. # 73 ("*MaloneBailey Mot.*") 11:1-12:6. Because they were publicly available, Lead Plaintiffs should have discovered the SAIC Filings "at least close to the time that the IPO Registration Statement became effective" on June 17, 2010. *Id.* Yet, Lead Plaintiffs did not file the Complaint until

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

September 6, 2011, more than one year after the IPO. *Id.* Thus, under Defendants' view, Lead Plaintiffs' claims are time-barred. *Id.* In addition, Defendants contend Lead Plaintiffs' actual or constructive knowledge of the SAIC filings not only time-bars their claims, but also prevents them from establishing that "the registration statements were material to their investment decision." *Id.* at 13:1-7.

The Court cannot agree with either iteration of this argument. Although the Complaint states that the SAIC Filings were "publicly available," the Complaint provides no other facts as to the availability of the SAIC Filings. This conclusory allegation does not establish that reasonably diligent investors would have discovered the SAIC Filings. *See In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 438 (S.D.N.Y. 2009) (holding the publication of three newspaper articles in Chinese did not make the information in the articles matters of general public knowledge). Defendants supply no additional facts as to the general availability of the SAIC Filings. In their opposition, Lead Plaintiffs state the SAIC Filings are only available in Chinese and a person requesting review of SAIC filings must be a lawyer licensed in China. *See* Dkt. # 87 ("*Second Opp.*") 14:10-13. The Court will not consider these statements made in a brief as established facts. However, the statements further highlight the lack of facts before the Court. Without the requisite facts, the Court cannot hold Lead Plaintiffs' claims are time-barred. Accordingly, the Court also cannot hold, at this stage of the litigation, that Lead Plaintiffs knew or should have known of the SAIC Filings and therefore did not rely materially on the Offering Documents.

    g.    <u>Loss Causation</u>

Defendants move to dismiss on the basis that Lead Plaintiffs' injuries were not caused by the alleged misstatements in the Offering Documents. *MaloneBailey Mot.* 13:14-14:25. "Loss causation" is an affirmative defense on which a defendant bears a "heavy burden" of proof. *See In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1422 (9th Cir. 1994). As with most affirmative defenses, loss causation is rarely grounds to dismiss a complaint. *See Countrywide*, 588 F. Supp. 2d at 1171. This is not one of those rare cases. The Complaint alleges CIL issued a press release on March 29, 2011 announcing the resignation of MaloneBailey. *Compl.* ¶ 69. The press release stated, in part, that MaloneBailey could "no longer support its opinion related to the Company's financial statements for the year ended and as of December 31, 2009." *Id.* The press release went on to explain that NYSE Amex LLC had requested more information on the accounting discrepancies and that the SEC had initiated an investigation into whether CIL had made material misstatements or omissions in its offering documents. *Id.* These allegations

Link to docs # 57, 60, 72, 73 & 76, 77

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2768 PSG (SSx) | Date | February 16, 2012 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

are sufficient to establish that, at the very least, it is plausible that a misrepresentation of CIL's financial condition in the IPO offering documents caused Lead Plaintiffs' injuries.

h. Rodman Individuals

Defendants move to dismiss the Rodman Individuals from this action. *Underwriters Mot.* 8:22-23. In response, Lead Plaintiffs state they "are not pursuing at this time their claims against Boer, Rubin, and Horin for violations of §11 of the Securities Act." *First Opp.* 5:26-27, n.5. Although the Complaint is not a paragon of clarity on this matter, it appears that the Rodman Individuals may also be part of the Third Cause of Action for violations of Section 15 of the Securities Act. *See Compl.* at 43:10-13 ("Third Claim: Violations of Section 15 of the Securities Act Against the Individual Defendants"). Because Lead Plaintiffs make no arguments why any Section 15 claims against the Rodman Individuals should stand, the Court assumes either Lead Plaintiffs intended to dismiss the Rodman Individuals from the Third Cause of Action as well, or the Rodman Individuals were not actually part of the Third Cause of Action. Accordingly, the Rodman Individuals (John Borer, Edward Rubin, and David Horin) are DISMISSED from this action without prejudice.

IV. Conclusion

For the foregoing reasons, the Consolidated Amended Complaint is DISMISSED with leave to amend. Lead Plaintiffs have until March 16, 2012 to file an amended consolidated complaint or this action will be **dismissed**. In addition, John Borer, Edward Rubin, and David Horin are DISMISSED from this action without prejudice.

**IT IS SO ORDERED.**