TIMOTHY A. HORTON (SBN 205414)
thorton@mckennalong com
PETER Z. STOCKBURGER (SBN 265750)
pstockburger@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
4435 Eastgate Mall, Suite 400
San Diego, CA 92121
Telephone: (619) 595-5400
Facsimile: (619) 595-5450

Attorneys for Defendant
CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

In Re CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC. SECURITIES LITIGATION.

CASE NO. 2:11-CV-02768-PSG (SSX)

**CLASS ACTION**

**JOINT RULE 26(f) AND CASE SCHEDULING CONFERENCE STATEMENT**

**Date:** **February 27, 2012**
**Time:** **2:00 p.m.**
**Ctrm:** **880**

The parties to the above-entitled action jointly submit this Federal Rules of Civil Procedure ("FRCP") Rule 26(f) and Case Scheduling Conference Statement:

## I. <u>NATURE OF THE CASE (FRCP 26(f)(2))</u>

### A. <u>Description of the Claims</u>

This is a putative class action suit brought on behalf of a class of shareholders of China Intelligent Lighting and Electronics, Inc. ("CIL" or the "Company"), pursuant to the Securities Act of 1933, 15 U.S.C. §77k *et seq*. The Complaint alleges that class members purchased or otherwise acquired CIL securities pursuant to or traceable to two separate Registration Statements and three accompanying Prospectuses (collectively the "Offering Documents") filed with the United States Securities and Exchange Commission ("SEC") in relation

to CIL's 2010 initial public offering ("IPO"). The Complaint alleges that the Offering Documents contained material misstatements and omitted material information in violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 771(a)(2) and 77o.

**B. Description of the Parties**

**1. Shareholder Plaintiffs**

Lead Plaintiffs Perritt Emerging Opportunities Fund ("Perritt"), Universal Invest Quality SICAV ("SICAV"), Acerco SA ("Acerco") and Antoine de Sejournet ("Sejournet") (collectively "Plaintiffs") bring this case as a putative class action pursuant to FRCP Rule 23 purportedly on their own behalf and all persons and entities who purchased or otherwise acquired CIL common stock between June 18, 2010 and March 24, 2011, inclusive ("Class Period"), and who were allegedly damaged thereby.

**2. Company and Related Party Defendants**

CIL is a Delaware corporation headquartered in Huizhou, Guangdon Province, People's Republic of China ("PRC"). CIL is in the business of providing the design, manufacture, sales and marketing of LED and other lighting products for the household, commercial and outdoor lighting industries in the PRC and internationally.

Plaintiffs have also named directors and officers of CIL as defendants.[1] Defendant Li Xuemei ("Xuemei") is alleged to have been CIL's Chief Executive Officer, President and Chairman of its Board of Directors during the Class Period. Defendant Kui Jiang ("Jiang") is alleged to have been CIL's Chief Financial Officer and Corporate Secretary during the Class Period. Defendant Wu Shiliang ("Shiliang") is alleged to have been CIL's Executive Vice President and Director of CIL during the Class Period. Defendant Michael Askew ("Askew") is alleged

---

[1] Defendants Xuemei, Jiang, Shiliang, Askew, Yang and Hongfeng are collectively referred to as the Director and Officer Defendants.

to have been CIL's Director during the entire Class Period and is alleged to have resigned his position on or about March 24, 2011. Defendant Su Yang ("Yang") is alleged to have been CIL's Director until she purportedly resigned on March 1, 2011. Defendant Zhang Hongfeng ("Hongfeng") is alleged to have been CIL's Director during the Class Period. Each of the Director and Officer Defendants is alleged to have signed a portion of the Offering Documents.

3. **Underwriter and Related Defendants**

Defendant WestPark Capital, Inc. ("WestPark") is alleged to be an investment bank, with its headquarters purportedly located in Los Angeles, California. WestPark is alleged to have served as an underwriter for CIL's IPO in 2010. Defendant Richard A. Rappaport ("Rappaport") is allegedly WestPark's founder and Chief Executive Officer and Defendant Anthony C. Pintsopoulos ("Pintsopoulos") is allegedly WestPark's Chief Financial Officer. Defendant Rodman & Renshaw LLC ("Rodman & Renshaw") is allegedly an investment bank with offices purportedly in New York, New York. Rodman & Renshaw was allegedly an underwriter for CIL's IPO. Defendant John Borer ("Borer") is allegedly Rodman & Renshaw's Senior Managing Director, Defendant Edward Rubin ("Rubin") is allegedly its Chief Executive Officer, and Defendant David Horin ("Horin") is allegedly its Chief Financial Officer.[2]

4. **Auditor Defendants**

Defendant MaloneBailey LLP ("MaloneBailey") was allegedly CIL's registered independent auditor for the Class Period, and allegedly provided an audit opinion of CIL's financial statements for the fiscal year ending December 31, 2009, which was purportedly incorporated into the Offering Documents. Defendant Kempisty & Company, P.C. ("Kempisty") is allegedly a professional accounting

---

[2] WestPark and Rodman & Renshaw, together, are referred to as the "Underwriter Defendants." Rappaport and Pintsopoulos, together, are referred to as the "WestPark Individuals." Borer, Rubin, and Horin, collectively, are referred to as the "Rodman Individuals."

corporation based in New York, New York, and allegedly provided an audit opinion of the financial statements of CIL's alleged operating subsidiary for the fiscal year ending December 31, 2008, which was purportedly incorporated into the Offering Documents.

**C. Procedural Summary To Date**

1. **Complaint**

The first of these actions was filed on On April 1, 2011 by plaintiff Michael Stern. (Dkt. No. 1.) On July 7, 2011, the Court issued an order consolidating all related actions, appointing Perritt, SICAV, Acerco, and Sejournet as Lead Plaintiffs, and appointing the Rosen Law Firm, P.A. and Gold Bennett Cera & Sidener LLP as co-lead counsel. (Dkt. No. 14.) On September 6, 2011, Plaintiffs filed a Consolidated Class Action Complaint ("Consolidated Complaint"). (Dkt. No. 27.)

2. **Motions to Dismiss and Answer**

On October 21, 2011, CIL, the Underwriter Defendants, the WestPark Individuals, the Rodman Individuals, and MaloneBailey filed Motions to Dismiss Plaintiffs' Consolidated Complaint. (Dkt. Nos. 51, 52 and 53.)[3] On October 26, 2011, Kempisty filed an Answer. (Dkt. No. 66.) On December 5, 2011, Plaintiffs filed oppositions to the Motions to Dismiss of CIL, the Underwriter Defendants, the WestPark Individuals, the Rodman Individuals, and MaloneBailey. (Dkt. Nos. 87-89.) On January 4, 2012, CIL, the Underwriter Defendants, the WestPark Individuals, the Rodman Individuals, and MaloneBailey filed replies in response to Plaintiffs' opposition to their Motions to Dismiss. (Dkt. Nos. 103-107.)

---

[3] The Underwriter Defendants, the WestPark Individuals, and the Rodman Individuals filed a revised Motion to Dismiss on October 24, 2011. (Dkt. No. 60.) MaloneBailey filed a revised Motion to Dismiss on October 27, 2011. (Dkt. No. 73.) On November 2, 2011, CIL filed a revised Motion to Dismiss. (Dkt. Nos. 76-78.)

On February 16, 2012 the Court entered an order granting in part and denying in part Defendants' Motions to Dismiss. (Dkt. No. 113.) The Court granted Plaintiffs leave to file an amended consolidated complaint on or before March 16, 2012. Plaintiffs intend on filing an amended consolidated complaint.

3. **Motion for Alternative Service**

On November 8, 2011, Plaintiffs filed a motion for leave to effect service on the Director and Officer Defendants by serving CIL's registered agent or counsel, or in the alternative to partially lift the Private Securities Litigation Reform Act of 1995 ("Reform Act") to permit discovery regarding service of the Director and Officer Defendants. (Dkt. Nos. 81-82.)[4]

On February 14, 2012, the Court issued an order denying in part and granting in part Plaintiffs' motion. (Dkt. No. 112.) Namely, the Court partially lifted the Reform Act discovery stay to permit Plaintiffs to serve special interrogatories on CIL to obtain information relating to the Director and Officer Defendants.

4. **Scheduling Conference**

On November 2, 2011, the Court set a scheduling conference to take place on February 27, 2012 at 2:00 p.m. (Dkt. No. 75.) The parties met and conferred pursuant to FRCP 26(f) beginning on February 6 and through February 21, 2012.

The parties believe that this conference is premature given that an amended consolidated complaint is to be filed and because discovery is stayed. *See* 15 U.S.C. §78u-4(b)(3)(B).

## II. DISCOVERY PLAN (FRCP 26(f)(3))

In general, the parties believe that it is premature to formulate a discovery plan given that an amended complaint is forthcoming and that discovery is stayed under the Reform Act. 15 U.S.C. §78u-4(b)(3)(B).

---

[4] On November 16, 2011, after having their previous motion for alternative service stricken, Plaintiffs filed a revised motion for alternative service. (Dkt. Nos. 84-85.)

As such, the parties propose the following course of action: The currently scheduled conference should be taken off calendar and/or rescheduled. After the anticipated amended consolidated complaint is filed, if the Court denies Defendants' anticipated motions to dismiss and/or permits discovery to proceed in this action, within 21 days of the Court's ruling sustaining the amended complaint, Defendants and Plaintiffs' counsel will meet and confer to formulate a proposed discovery plan and file it with the Court .

**A. Initial Disclosures (FRCP 26(f)(2), (3)(A))**

The parties believe that it is premature to set a time for the parties to make their initial disclosures as an amended consolidated complaint is forthcoming and in light of the automatic discovery stay imposed by the Reform Act. *See Medhekar v. United States Dist. Ct.*, 99 F.3d 325, 328-29 (9th Cir. 1996) ("[w]e hold that the initial disclosure requirements of Fed. R. Civ. P. 26(a) and related local rules are 'discovery' or 'other proceedings' for purposes of the [Reform] Act's stay provisions, and that such disclosures must be stayed pending the disposition of a motion to dismiss in an action covered by the [Reform] Act").

**B. Scope of Discovery (FRCP 26(f)(3)(B))**

The parties believe it is premature to address the subjects on which discovery may be needed or the manner in which it should be conducted until the amended consolidated complaint is filed, the Court rules on the Defendants' anticipated motions to dismiss, and until such time as the Court determines the scope of any actionable claims.

**C. Electronically Stored Information (FRCP 26(f)(3)(C))**

The parties believe it is premature to address issues concerning disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, until the amended consolidated complaint is filed, the Court rules on the Defendants' anticipated motions to dismiss, and until such time as the Court determines the scope of any actionable claims.

**D. Privilege Issues (FRCP 26(f)(3)(D))**

The parties believe it is premature to address issues about claims of privilege or of protection as trial-preparation materials, including the need for a procedure to assert these claims after production and inclusion of any such agreement in the Court's Scheduling Order.

**E. Limitations to Discovery (FRCP 26(f)(3)(E))**

The parties believe it is premature to address the need for changes in the limitations on discovery imposed under the FRCP or by local rule, until the amended consolidated complaint is filed, the Court rules on the Defendants' anticipated Motions to Dismiss and until such time as the Court determines the scope of any actionable claims.

**F. Other Orders (FRCP 26(f)(3)(F))**

The parties believe that, until the amended consolidated complaint is filed, the Court rules on the Defendants' anticipated Motions to Dismiss, and until such time as the Court determines the scope of any actionable claims, it is premature to address the need for protective orders under FRCP Rule 26(c) or other orders under Rule 16(b) or (c). If the Court denies Defendants' anticipated motions to dismiss and/or permits discovery to proceed in this action in its entirety or in part, the parties anticipate the need for a protective order regarding confidential documents and would meet and confer with each other to negotiate an appropriate stipulation for the Court's approval.

**G. Expert Witnesses (C.D. Cal. L.R. 26-1(f))**

The parties believe that, until the amended consolidated complaint is filed, the Court rules on the Defendants' anticipated motions to dismiss, and until such time as the Court determines the scope of any actionable claims, it is premature to address the timing of disclosures related to expert witnesses under FRCP Rule 26(a)(2) and C.D. Cal. L.R. 26-1(f).

**H. Preservation of Discoverable Information (FRCP 26(f)(2))**

**1. Defendants' Position(s)**

Defendants have taken all reasonable and necessary steps to preserve evidence, including electronic data, relevant to the issues reasonably evident in this action, in compliance with their obligations under the FRCP.

**2. Plaintiffs' Position**

Plaintiffs have taken all reasonable and necessary steps to preserve evidence, including electronic data, relevant to the issues reasonably evident in this action, in compliance with their obligations under the FRCP.

## III. OTHER MATTERS

**A. Complex Case Procedures (C.D. Cal. L.R. 26-1(a))**

The parties believe that, until the amended consolidated complaint is filed, the Court rules on the Defendants' anticipated motions to dismiss, and until such time as the Court determines the scope of any actionable claims, it is premature to address in detail whether any part of the procedures of the Manual for Complex Litigation would be appropriate.

**B. Motion Schedule (C.D. Cal. L.R. 26-1(b))**

The parties believe that it is premature to set a cutoff date by which all dispositive motions shall be made.

**C. ADR (C.D. Cal. L.R. 26-1(c) (selection), 26(f)(2))**

**1. Defendants' Position(s)**

Defendants believe that settlement discussions are premature at this time. When appropriate, Defendants believe that the circumstances of this case are best suited and provide good cause for referral to a Magistrate Judge for a settlement conference in accordance with L.R. 16-15.4 ADR procedure no. 2.

**2. Plaintiffs' Position**

Plaintiffs believe that settlement negotiations are premature at this time. Plaintiffs select L.R. 16-15.4 ADR procedure no. 3—private mediation.

**D.     Trial Estimate (C.D. Cal. L.R. 26-1(d))**

The parties believe that it is premature to attempt to estimate the length of trial at this time. The parties believe that an initial assessment can be made after the filing of the amended consolidated complaint and after the scope of any actionable claim(s) is determined upon resolution of Defendants' anticipated motions to dismiss. The parties believe a more accurate estimate can be provided upon completion of discovery and the resolution of anticipated motions for summary judgment.

**E.     Additional Parties (C.D. Cal. L.R. 26-1(e))**

  **1.     Defendants' Position(s)**

Defendants take no position on the likelihood of the appearance of additional parties other than to note that a number of defendants, namely the six Director and Officer Defendants, have yet to be served.

  **2.     Plaintiffs' Position**

Plaintiffs believe it is premature to assess whether there will be additional parties added to this action. However, should the Court sustain the amended consolidated complaint, Plaintiffs do anticipate submitting in any proposed discovery plan a cutoff date for amending the pleadings to add or join parties.

Dated: February 21, 2012

McKENNA LONG & ALDRIDGE LLP

By: /s/ [signature]
Timothy A. Horton
thorton@mckennalong.com

Attorneys for Defendant China Intelligent Lighting and Electronics, Inc.

Dated: February 21, 2012

THE ROSEN LAW FIRM, P.A.

By:________________________
Laurence M. Rosen
lrosen@rosenlegal.com

and

GOLD BENNETT CERA & SIDENER LLP
Attorneys for Lead Plaintiffs and All Others Similarly Situated

Dated: February 21, 2012

WILK AUSLANDER LLP

By:________________________
Nataline Shkolnik
nshkolnik@wilkauslander.com

Attorneys for Defendants Rodman & Renshaw, LLC, Westpark Capital, Inc., Richard A. Rappaport, Anthony C. Pintsopoulos, John Borer, Edward Rubin, and David Horin

Dated: February 21, 2012

WILSON ELSER LLP

By:________________________
Patricia Golson
Patricia.golson@wilsonelser.com
Attorneys for Defendant MaloneBailey, LLP

Dated: February 21, 2012

McKENNA LONG & ALDRIDGE LLP

By:____________________________
Timothy A. Horton
thorton@mckennalong.com

Attorneys for Defendant
China Intelligent Lighting and Electronics, Inc.

Dated: February 21, 2012

THE ROSEN LAW FIRM, P.A.

By:____________________________
Laurence M. Rosen
lrosen@rosenlegal.com

and

GOLD BENNETT CERA & SIDENER LLP
Attorneys for Lead Plaintiffs and All Others Similarly Situated

Dated: February 21, 2012

WILK AUSLANDER LLP

By:____________________________
Nataline Shkolnik
nshkolnik@wilkauslander.com

Attorneys for Defendants
Rodman & Renshaw, LLC, Westpark Capital, Inc., Richard A. Rappaport, Anthony C. Pintsopoulos, John Borer, Edward Rubin, and David Horin

Dated: February 21, 2012

WILSON ELSER LLP

By:____________________________
Patricia Golson
Patricia.golson@wilsonelser.com
Attorneys for Defendant
MaloneBailey, LLP

Dated: February 21, 2012

McKENNA LONG & ALDRIDGE LLP

By:______________________

Timothy A. Horton
thorton@mckennalong.com

Attorneys for Defendant China Intelligent Lighting and Electronics, Inc.

Dated: February 21, 2012

THE ROSEN LAW FIRM, P.A.

By:______________________

Laurence M. Rosen
lrosen@rosenlegal.com

and

GOLD BENNETT CERA & SIDENER LLP

Attorneys for Lead Plaintiffs and All Others Similarly Situated

Dated: February 21, 2012

WILK AUSLANDER LLP

By: [signature]

Nataline Shkolnik
nshkolnik@wilkauslander.com

Attorneys for Defendants Rodman & Renshaw, LLC, Westpark Capital, Inc., Richard A. Rappaport, Anthony C. Pintsopoulos, John Borer, Edward Rubin, and David Horin

Dated: February 21, 2012

WILSON ELSER LLP

By:______________________

Patricia Golson
Patricia.golson@wilsonelser.com
Attorneys for Defendant MaloneBailey, LLP

Dated: February 21, 2012

McKENNA LONG & ALDRIDGE LLP

By:________________________
Timothy A. Horton
thorton@mckennalong.com

Attorneys for Defendant
China Intelligent Lighting and
Electronics, Inc.

Dated: February 21, 2012

THE ROSEN LAW FIRM, P.A.

By:________________________
Laurence M. Rosen
lrosen@rosenlegal.com

and

GOLD BENNETT CERA & SIDENER LLP
Attorneys for Lead Plaintiffs and All
Others Similarly Situated

Dated: February 21, 2012

WILK AUSLANDER LLP

By:________________________
Nataline Shkolnik
nshkolnik@wilkauslander.com

Attorneys for Defendants
Rodman & Renshaw, LLC, Westpark
Capital, Inc., Richard A. Rappaport,
Anthony C. Pintsopoulos, John Borer,
Edward Rubin, and David Horin

Dated: February 21, 2012

WILSON ELSER LLP

By:________________________
Patricia Golson
Patricia.golson@wilsonelser.com
Attorneys for Defendant
MaloneBailey, LLP

Dated: February 21, 2012

REED SMITH LLP

By: [signature]
Elizabeth G. Minerd
eminerd@reedsmith.com

Attorneys for Defendant
Kempisty & Company, P.C.

SD:22254914.1

In Re China Intelligent Lighting And Electronics, etc., et al.
Case No. 2:11-cv-02768-PSG (SSx)

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the following document(s):

- **JOINT RULE 26(f) AND CASE SCHEDULING CONFERENCE STATEMENT**

to be delivered **via CM/ECF** upon all counsel of record as indicated/listed on the United States District Court, Central District of California's CM/ECF registered email list in the referenced matter.

Executed this 21st day of February, 2012, at San Diego, California.

/s/Timothy A. Horton
thorton@mckennalong.com

SD:22247036.1