DONGELL LAWRENCE FINNEY LLP
MATTHEW CLARK BURES (SBN 143361)
mbures@dlflawyers.com
BENJAMIN L. CAPLAN (SBN 265179)
bcaplan@dlflawyers.com
707 Wilshire Boulevard, 45th Floor
Los Angeles, CA 90017-3609
Tel.: (213) 943-6100 / Fax: (213) 943-6101

WILK AUSLANDER LLP
JAY S. AUSLANDER (Admitted *Pro Hac Vice*)
Jauslander@wilkauslander.com
NATALIE SHKOLNIK (Admitted *Pro Hac Vice*)
nshkolnik@wilkauslander.com
JOSEPH ZELMANOVITZ, of Counsel (Admitted *Pro Hac Vice*)
jzelmanovitz@wilkauslander.com
JULIE CILIA (Admitted *Pro Hac Vice*)
jcilia@wilkauslander.com
1515 Broadway, 43rd Floor
New York, NY 10036
Tel.: (212) 981-2300 / (212) 752-6380

Attorneys for Defendants
RODMAN & RENSHAW, LLC, WESTPARK CAPITAL, INC., RICHARD A. RAPPAPORT, ANTHONY C. PINTSOPOULOS, JOHN BORER, EDWARD RUBIN AND DAVID HORIN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC. SECURITIES LITIGATION | Case No.: 2:11-cv-02768-PSG (SSx)<br><br>CLASS ACTION<br><br>**APPLICATION TO SEAL DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Date: _____, 2012<br>Time: 1:30 p.m.<br>Department: 880 |

1

APPLICATION TO SEAL DECLARATION IN SUPPORT OF MOTION TO
WITHDRAW AS COUNSEL OF RECORD

| | |
|---|---|
| Complaint Filed: | April 1, 2011 |
| Consolidated Complaint Filed: | September 6, 2011 |
| 1st Amended Consolidated Class Action Complaint Filed: | March 16, 2012 |
| Trial Date: | None Set |

HON. PHILIP S. GUTIERREZ

## INTRODUCTION

Pursuant to Local Rule 79-5.1, Wilk Auslander, LLP ("Wilk Auslander") hereby seeks to seal the Declaration of Jay S. Auslander (the "Auslander Declaration") In Support of Wilk Auslander's Motion to Withdraw (the "Motion") as Counsel of Record for Defendants WestPark Capital, Inc. ("WestPark") and Richard A. Rappaport ("Rappaport") (together, the "Defendants").

## POINT I

## GOOD CAUSE EXISTS TO SEAL THE AUSLANDER DECLARATION

Wilk Auslander seeks to seal the Auslander Declaration containing information that will be prejudicial to Defendants in its ongoing lawsuits in connection with Wilk Auslander's Motion. "[A] 'particularized showing' under the 'good cause' standard of [Federal Rule of Civil Procedure] 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). A party seeking protection establishes good cause by showing that "specific prejudice or harm" will result if the information is not sealed. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The district courts have "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including but not limited to, trade secrets

or other confidential research, development, or commercial information." *Id.* Further, documents filed in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship. *See Yeager v. Yeager*, 2009 WL 1159175, *1 (E.D.Cal. April 29, 2009) (Declarations accompanying motion to withdraw as counsel filed under seal); *McElroy v. Cox*, 2011 WL 3678147, *1 (E.D.Cal. Aug. 22, 2011) (ordering sealing of defense counsel's declaration in connection with his motion to withdraw).

The Auslander Declaration sets forth the details concerning a dispute between Wilk Auslander and Defendants over Defendants' outstanding legal fees. There is no good reason that the basis of the fee dispute should be disclosed to plaintiffs (or Defendants' co-defendants). Neither plaintiffs nor Defendants' co-defendants have an interest in the outcome of the current fee dispute and will not be prejudiced if the fee dispute is kept confidential.

## POINT II

### THE PRIVATE INTEREST IN SEALING THE DECLARATION OUTWEIGHTS THE PUBLIC INTEREST

The harm that could come to Defendants by the release of the information contained in the Auslander Declaration far outweighs any interest the public would have in them. This application seeks to seal the Auslander Declaration in order to prevent Defendants from being prejudiced by the application of Wilk Auslander to withdraw from representation. It cannot be said that sealing the Auslander Declaration will impede the public's access to this case, nor render the public unable to understand what the Court is doing.

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Wilk Auslander respectfully requests that the Court grant its application to seal the Auslander Declaration.

Dated: April 12, 2012

DONGELL LAWRENCE FINNEY LLP

By: _____
Matthew Clark Bures, Esq.
Benjamin L. Caplan, Esq.

WILK AUSLANDER LLP
Jay S. Auslander, Esq.
Natalie Shkolnik, Esq.
Joseph Zelmanovitz, Esq., Of Counsel
Julie Cilia, Esq.

*Attorneys for Defendants*
RODMAN & RENSHAW, LLC, WESTPARK CAPITAL, INC., RICHARD A. RAPPAPORT, ANTHONY C. PINTSOPOULOS, JOHN BORER, EDWARD RUBIN AND DAVID HORIN

## PROOF OF SERVICE - CCP §§ 1013a, 2015.5

In Re: China Intelligent Lighting and Electronics, Inc.
Case No. **2:11-cv-02768-PSG-SS**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

On April 12, 2012, I served the foregoing document(s) described as follows:

### APPLICATION TO SEAL DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD

By serving the following party as indicted:

### SEE ATTACHED SERVICE LIST

[ X ] **BY MAIL:** I deposited such envelopes in the mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

[ ] **BY FACSIMILE:** The above-referenced document (together with all exhibits and attachments thereto) was transmitted via facsimile transmission from (213) 943-6101 to the addressee(s) as indicated on the attached mailing list on said date and the transmission was reported as completed and without error.

[ ] **BY OVERNIGHT DELIVERY:** I caused such envelopes to be served via FedEx. I am readily familiar with the firm's practice of collection and processing of correspondence for FedEx. Under that practice it would be deposited in a box or other facility regularly maintained by FedEx for next day delivery.

[ ] **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressee(s), at the e-mail address(es) indicated on the attached service list.

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Sheryl R. Douglas

# SERVICE LIST

In Re: China Intelligent Lighting and Electronics, Inc.
Case No. **2:11-cv-02768-PSG-SS**

| | |
|---|---|
| Thomas C. Bright<br>Solomon B. Cera<br>Gold Bennett Cera & Sidener<br>595 Market St, Ste 2300<br>San Francisco, CA 94105-2835<br>415-777-2230<br>tbright@gbcslaw.com<br>scera@gbcslaw.com | *Counsel for Lead Plaintiffs<br>and All Others Similarly Situated* |
| Laurence M Rosen<br>Rosen Law Firm<br>355 South Grand Avenue Suite 2450<br>Los Angeles, CA 90071<br>213-785-2610<br>213-226-4684 (fax)<br>lrosen@rosenlegal.com<br><br>Jonathan Richard Horne<br>The Rosen Law Firm PA<br>275 Madison Avenue 34th Floor<br>New York, NY 10016<br>212-686-1060<br>212-202-3827 (fax)<br>jhorne@rosenlegal.com | *Counsel for Lead Plaintiffs<br>and All Others Similarly Situated* |
| Timothy A Horton<br>McKenna Long and Aldridge LLP<br>750 B Street, Suite 3300<br>San Diego, CA 92101<br>619-595-5400<br>619-595-5450 (fax)<br>thorton@mckennalong.com | *Counsel for Defendant<br>China Intelligent Lighting and<br>Electronics, Inc.* |

6

APPLICATION TO SEAL DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD

| | |
|---|---|
| James C McMillin<br>John D Stiner<br>McAfee & Taft PC<br>211 North Robinson 10th Floor<br>Oklahoma City, OK 73102<br>405-235-9621<br>405-235-0439 (fax)<br>James.McMillin@mcafeetaft.com<br>John.Stiner@mcafeetaft.com | *Counsel for Defendant*<br>*Kempisty & Company, P.C.* |
| Brett L. McClure<br>Elizabeth Graham Minerd<br>Reed Smith LLP<br>355 South Grand Avenue Suite 2900<br>Los Angeles, CA 90071<br>213-457-8000<br>213-457-8080 (fax)<br>bmcclure@reedsmith.com<br>eminerd@reedsmith.com | *Counsel for Defendant*<br>*Kempisty & Company, P.C.* |

1881-001/64300

7

APPLICATION TO SEAL DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD