Patrick M. Kelly (State Bar No. 045426)
     Patrick.Kelly@WilsonElser.com
David S. Eisen (State Bar No. 100623)
     David.Eisen@WilsonElser.com
Patricia Ann Golson (State Bar No. 196513)
     Patricia.Golson@WilsonElser.com
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Phone (213) 443-5100
Fax     (213) 443-5101
Attorneys for Defendant
**MALONEBAILEY LLP**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# CENTRAL DIVISION

| | |
|---|---|
| IN RE: CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 2:11-CV-02768-PSG (SSX)<br><br>DEFENDANT MALONEBAILEY'S ANSWER TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Judge:         Hon. Philip S. Gutierrez<br>Court Room:  880 – (213) 894-8899 |

1

1    Defendant MaloneBailey, by and through its counsel, hereby answers the First Amended

2    Consolidated Class Action Complaint for Violations of the Federal Securities Laws (Class Action),

3    filed herein on March 16, 2012 (the "First Amended Complaint"), as follows.

4    In responding to the allegations, below, MaloneBailey (i) incorporates into each response a

5    denial of all allegations in the First Amended Complaint (including those outside the knowledge

6    and information of MaloneBailey) to the extent they assert or suggest that MaloneBailey prepared

7    or disseminated false or misleading information in any respect, or to the extent they assert any

8    factual allegations that are inconsistent with or contrary to the various public filings, press releases,

9    articles and reports to which reference is made for a complete and accurate statement of their

10   contents; .(ii) denies any averments in the headings and subheadings of the Second Amended

11   Complaint; (iii) allegations that state a legal conclusion do not require a response, but to the extent

12   that a response is required, such allegations are denied; (iv) the First Amended Complaint contains

13   allegations that pertain to the conduct and/or state of mind of other defendants. No answer is

14   required to these allegations. Unless otherwise expressly admitted or denied, MaloneBailey lacks

15   knowledge or information sufficient to form a belief as to the truth of allegations that do not relate

16   to MaloneBailey or that relate to other defendants; (v) pages 1-2 of the First Amended Complaint

17   contain material not in the form of allegations and as to which MaloneBailey has no obligation to

18   respond. To the extent any response is required, MaloneBailey denies that truth of that information

19   for lack of knowledge and (vi) in all events MaloneBailey intends to respond only as to allegations

20   directed at MaloneBailey.

21   MaloneBailey further responds to the specific allegations of the First Amended Complaint

22   as follows:

23   ## I. <u>SUMMARY OF THE ACTION</u>

24   1.    Answering the allegations of paragraph 1, MaloneBailey admits that in this action

25   Plaintiffs are attempting to assert a class action on behalf of the persons and entities set forth in

26   this paragraph. MaloneBailey denies that this case is, or should be, subject to class certification,

27   that it is otherwise properly brought as a class action, and/or that MaloneBailey engaged in any

28   misconduct as to Plaintiffs or the putative class they seek to represent. Responding further, except

as set forth above, at this time MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

2.      Answering the allegations of paragraph 2, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

3.      Answering the allegations of paragraph 3, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

4.      Answering the allegations of paragraph 4, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

5.      Answering the allegations of paragraph 5, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

6.      Answering the allegations of paragraph 6, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

7.      Answering the allegations of paragraph 7, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8.      Answering the allegations of paragraph 8, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations. of this paragraph and, on that basis, denies them.

8a.      Answering the allegations of paragraph 8a, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

8b.     Answering the allegations of paragraph 8b, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8c.     Answering the allegations of paragraph 8c, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8d.     Answering the allegations of paragraph 8d, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8e.     Answering the allegations of paragraph 8e, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8f.     Answering the allegations of paragraph 8f, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8g.     Answering the allegations of paragraph 8g, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8h.     Answering the allegations of paragraph 8h, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8i.     Answering the allegations of paragraph 8i, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8j.     Answering the allegations of paragraph 8j, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

8k.     Answering the allegations of paragraph 8k, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

## II. JURISDICTION AND VENUE

9.     Answering the allegations of paragraph 9, MaloneBailey admits that Plaintiffs purport to assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§ 77k, 77l and 77(o)].

10.     Answering the allegations of paragraph 10, MaloneBailey admits that this Court has subject-matter jurisdiction pursuant to Section 22 of the Securities Act [15 U.S.C. §77v based on the allegations of the First Amended Complaint.

11.     Answering the allegations of paragraph 11 MaloneBailey admits that venue is proper in this Court.

12.     Answering the allegations of paragraph 12 MaloneBailey denies that it engaged in any misconduct as to Plaintiffs or the putative class they seek to represent. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the other allegations in this paragraph and on that basis, denies them.

## III. PARTIES

### A. LEAD PLAINTIFFS

13.     Answering the allegations of paragraph 13, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

14.     Answering the allegations of paragraph 14, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

15.     Answering the allegations of paragraph 15, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them:

**B.  ISSUER DEFENDANT**

16.    Answering the allegations of paragraph 16, on information and belief MaloneBailey admits the allegation of this paragraph that Defendant CIL is a Delaware corporation with its principal executive offices in Guangdong Province, People's Republic of China ("PRC"). MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

17.    Answering the allegations of paragraph 17, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

18.    Answering the allegations of paragraph 18, on information and belief MaloneBailey admits the allegation of this paragraph that Hyundai HZ is a wholly owned foreign entity under Chinese law.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

19.    Answering the allegations of paragraph 19, on information and belief MaloneBailey admits the allegation of this paragraph that Korea Hyundai Light & Electric (International) Holding Limited (Hong Kong)("Korea Holding") is a holding company registered in Hong Kong. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

**C.  CIL Individual Defendants**

20.    Answering the allegations of paragraph 20, on information and belief MaloneBailey admits the allegation of this paragraph that Defendant Li Xuemei was CIL's Chief Executive Officer, President, and Chairman of its Board of Directors.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

21.    Answering the allegations of paragraph 21, on information and belief MaloneBailey admits the allegation of this paragraph that Defendant Kui Jiang was CIL's Chief Financial Officer and Corporate Secretary.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

22.    Answering the allegations of paragraph 22, on information and belief MaloneBailey admits the allegation of this paragraph that Defendant Wu Shiliang was CIL's Executive Vice President and a Director.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

23.    Answering the allegations of paragraph 23, on information and belief MaloneBailey admits the allegations of this paragraph that Defendant Michael Askew was a Director of CIL. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

24.    Answering the allegations of paragraph 24, on information and belief MaloneBailey admits the allegations of this paragraph that Defendant Su Yang was a Director of CIL. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

25.    Answering the allegations of paragraph 25, on information and belief MaloneBailey admits the allegations of this paragraph that Defendant Zhang Honfengwas a Director of CIL. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

26.    Answering the allegations of paragraph 26, the allegations require no response.

**D.  <u>UNDERWRITER DEFENDANTS</u>**

27.    Answering the allegations of paragraph 27, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

28.    Answering the allegations of paragraph 28, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

29.    Answering the allegations of paragraph 29, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

30.     Answering the allegations of paragraph 30, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

31.     Answering the allegations of paragraph 31, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

32.     Answering the allegations of paragraph 32, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

33.     Answering the allegations of paragraph 33, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

34.     Answering the allegations of paragraph 34, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

35.     Answering the allegations of paragraph 35, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

36.     Answering the allegations of paragraph 36, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

37.     Answering the allegations of paragraph 37, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

38.     Answering the allegations of paragraph 38; MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

39.     Answering the allegations of paragraph 39, on information and belief MaloneBailey admits the allegation of this paragraph that Defendant Rodman and Renshaw LLC is an investment bank.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

40.     Answering the allegations of paragraph 40, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

41.     Answering the allegations of paragraph 41, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

42.     Answering the allegations of paragraph 42, the allegations require no response.

**E.  ACCOUNTING DEFENDANTS**

43.     Answering the allegations of paragraph 43, MaloneBailey admits the allegations of this paragraph.

44.     Answering the allegations of paragraph 44, MaloneBailey admits that Defendant Kempisty & Company, P.C. is a professional accounting corporation with offices in New York, New York.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

45.     Answering the allegations of paragraph 45, the allegations require no response.

**IV.     CLASS ACTION ALLEGATIONS**

46.     Answering the allegations of paragraph 46, MaloneBailey admits that in this action Plaintiffs are attempting to assert a class action on behalf of the persons and entities set forth in this Paragraph. MaloneBailey denies that this case is, or should be, subject to class certification, that it is otherwise properly brought as a class action, and/or that MaloneBailey engaged in any misconduct as to Plaintiffs or the putative class they seek to represent. Responding further, except as set forth above, at this time MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

47.     Answering the allegations of paragraph 47, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

48.     Answering the allegations of paragraph 48, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

49.     Answering the allegations of paragraph 49, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

50.     Answering the allegations of paragraph 50, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

51.     Answering the allegations of paragraph 51, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

52.     Answering the allegations of paragraph 52, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

## V.     THE GENESIS OF CIL

53.     Answering the allegations of paragraph 53, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

54.    Answering the allegations of paragraph 54, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

55.    Answering the allegations of paragraph 55, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

56.    Answering the allegations of paragraph 56, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

57.    Answering the allegations of paragraph 57, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

58.    Answering the allegations of paragraph 58, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

59.    Answering the allegations of paragraph 59, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

## VI.    CIL PUBLIC OFFERINGS AND SALE OF COMMON STOCK

60.    Answering the allegations of paragraph 60, on information and belief MaloneBailey admits the allegation of this paragraph that on or about June 17, 2010, the SEC declared effective a Registration Statement (no. 333-164925) for two sets of CIL shares. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

61.    Answering the allegations of paragraph 61, on information and belief MaloneBailey admits the allegation of this paragraph that the June, 2010 Registration Statement included financial statements audited by MaloneBailey and by Kempisty and that the two Prospectuses also included financial statements audited by MaloneBailey and by Kempisty.  MaloneBailey is without

1  sufficient information or knowledge to form a belief as to the truth of the remaining allegations of

2  this paragraph and, on that basis, denies them.

3          62.    Answering the allegations of paragraph 62, on information and belief MaloneBailey

4  admits the allegation of this paragraph that on December 15, 2010, the SEC declared effective a

5  Registration Statement (no. 333-1170943) for the Secondary Resale, that MaloneBailey gave its

6  consent to incorporate its audit opinion on the Company's financial statements as of December 31,

7  2009, and that the Prospectus included the financial statements audited by MaloneBailey.

8  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the

9  remaining allegations of this paragraph and, on that basis, denies them.

10          63.    Answering the allegations of paragraph 63, MaloneBailey is without sufficient

11  information or knowledge to form a belief as to the truth of the allegations of this paragraph and,

12  on that basis, denies them.

13          64.    Answering the allegations of paragraph 64, MaloneBailey is without sufficient

14  information or knowledge to form a belief as to the truth of the allegations of this paragraph and,

15  on that basis, denies them.

16          65.    Answering the allegations of paragraph 65, MaloneBailey is without sufficient

17  information or knowledge to form a belief as to the truth of the allegations of this paragraph and,

18  on that basis, denies them.

19          66.    Answering the allegations of paragraph 66, MaloneBailey is without sufficient

20  information or knowledge to form a belief as to the truth of the allegations of this paragraph and,

21  on that basis, denies them.

22              **VII.    FALSE STATEMENTS IN THE REGISTRATION**

23                    **STATEMENTS AND PROSPECTUSES**

24          67.    Answering the allegations of paragraph 67, on information and belief MaloneBailey

25  admits the allegations of this paragraph.

26          68.    Answering the allegations of paragraph 68, MaloneBailey is without sufficient

27  information or knowledge to form a belief as to the truth of the allegations of this paragraph and,

28  on that basis, denies them.

69.     Answering the allegations of paragraph 69, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

70.     Answering the allegations of paragraph 70, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

71.     Answering the allegations of paragraph 71, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

72.     Answering the allegations of paragraph 72, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

73.     Answering the allegations of paragraph 73, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

74.     Answering the allegations of paragraph 74, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

75.     Answering the allegations of paragraph 75, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

76.     Answering the allegations of paragraph 76, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

77.     Answering the allegations of paragraph 77, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

78.     Answering the allegations of paragraph 78, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

79.     Answering the allegations of paragraph 79, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

80.     Answering the allegations of paragraph 80, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

81.     Answering the allegations of paragraph 81, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

82.     Answering the allegations of paragraph 82, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

83.     Answering the allegations of paragraph 83, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

84.     Answering the allegations of paragraph 84, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

85.     Answering the allegations of paragraph 85, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

86.     Answering the allegations of paragraph 86, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

87.     Answering the allegations of paragraph 87, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

88.     Answering the allegations of paragraph 88, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

89.     Answering the allegations of paragraph 88, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

90.     Answering the allegations of paragraph 90, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

91.     Answering the allegations of paragraph 91, MaloneBailey admits the allegation of this paragraph that on March 29, 2011, CIL filed a form 8-K with the SEC that stated in pertinent part: that on March 24, 2011, the Company received a notice of resignation from MaloneBailey indicating that it is terminating its engagement with the Company, effective immediately. MaloneBailey refers to the form 8-k for a complete and accurate statement of its contents. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

92.     Answering the allegations of paragraph 92, MaloneBailey refers to the form 8-k for a complete and accurate statement of its contents. MaloneBailey refers to the letter it sent to the SEC for a complete and accurate statement of its contents.  MaloneBailey refers to the March 29, 2011 press release for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

93.     Answering the allegations of paragraph 93, MaloneBailey refers to the April 5, 2011, NYSE AMEX LLC notice to the company for a complete and accurate statement of its contents. MaloneBailey refers to the April 7, 2011, Current Report on Form 8-K filed by the

15

Company for a complete and accurate statement of its contents. MaloneBailey refers to the letter it sent to the SEC for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

94.     Answering the allegations of paragraph 94, MaloneBailey refers to the April 12, 2011, Current Report on Form 8-K filed by the Company for a complete and accurate statement of its contents. MaloneBailey refers to the letter it sent to the SEC for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

95.     Answering the allegations of paragraph 95, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

96.     Answering the allegations of paragraph 96, MaloneBailey refers to the July 22, 2011, SEC order for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

## IX.     THE UNDERWRITERS WERE NEGLIGENT

97.     Answering the allegations of paragraph 97, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal conclusions to which, no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

98.     Answering the allegations of paragraph 98, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis denies them.

99.     Answering the allegations of paragraph 99, the allegations are not directed at MaloneBailey, and therefore no response is required. To the extent a response is required, MaloneBailey admits that underwriters generally assist the issuer in preparing an offering document to investors that should disclose all material information relevant to the offering. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

100.    Answering the allegations of paragraph 100, the allegations are not directed at MaloneBailey, and therefore no response is required. To the extent a response is required, MaloneBailey admits that underwriters generally conduct due diligence and should allow their name to appear on a Prospectus only if it is accurate and not misleading. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

101.    Answering the allegations of paragraph 101, the allegations are not directed at MaloneBailey, and therefore no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

102.    Answering the allegations of paragraph 102, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

103.    Answering the allegations of paragraph 103, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

104.    Answering the allegations of paragraph 104, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal

conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

105.    Answering the allegations of paragraph 105, the allegations are not directed at MaloneBailey, and therefore no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

106.    Answering the allegations of paragraph 106, the allegations are not directed at MaloneBailey, and therefore no response is required: To the extent a .response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

107.    Answering the allegations of paragraph 107, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

108.    Answering the allegations of paragraph 108, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

109.    Answering the allegations of paragraph 109, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

110.    Answering the allegations of paragraph 110, the allegations are not directed at MaloneBailey, and therefore no response is required. To the extent a response is required,

1  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the

2  allegations of this paragraph and, on that basis, denies them.

3      111.    Answering the allegations of paragraph 111, the allegations are not directed at

4  MaloneBailey, and therefore no response is required. To the extent a response is required,

5  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the

6  allegations of this paragraph and, on that basis, denies them.

7          **X.    ACCOUNTING DEFENDANTS' NEGLIGENCE**

8      112.    Answering the allegations of paragraph 112, on information and belief

9  MaloneBailey admits the allegations of this paragraph.

10      113.    Answering the allegations of paragraph 113, on information and belief

11  MaloneBailey admits the allegations of this paragraph.

12      114.    Answering the allegations of paragraph 114, MaloneBailey refers to the AU §

13  310.07 for a complete and accurate statement of its contents.  MaloneBailey is without sufficient

14  information or knowledge to form a belief as to the truth of the remaining allegations of this

15  paragraph and, on that basis, denies them.

16      115.    Answering the allegations of paragraph 115, MaloneBailey refers to the AU §

17  150.02.3 for a complete and accurate statement of its contents.  MaloneBailey is without sufficient

18  information or knowledge to form a belief as to the truth of the remaining allegations of this

19  paragraph and, on that basis, denies them.

20      116.    Answering the allegations of paragraph 116, MaloneBailey refers to the Auditing

21  Standard No 15 Paragraph 10 for a complete and accurate statement of its contents.  MaloneBailey

22  is without sufficient information or knowledge to form a belief as to the truth of the remaining

23  allegations of this paragraph and, on that basis, denies them.

24      117.    Answering the allegations of paragraph 117, MaloneBailey refers to the Auditing

25  Standard No 15 Paragraph 22 for a complete and accurate statement of its contents.  MaloneBailey

26  is without sufficient information or knowledge to form a belief as to the truth of the remaining

27  allegations of this paragraph and, on that basis, denies them.

28

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

118.    Answering the allegations of paragraph 118, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

119.    Answering the allegations of paragraph 119, MaloneBailey refers to the Auditing Standard No 12 Paragraph 9 for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

120.    Answering the allegations of paragraph 120, MaloneBailey refers to the Auditing Standard No 15 Paragraph 29 for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

121.    Answering the allegations of paragraph 121, MaloneBailey denies that it was negligent as set forth in the allegations of this paragraph.

122.    Answering the allegations of paragraph 122, MaloneBailey denies that it was negligent as set forth in the allegations of this paragraph. On information and belief, MaloneBailey denies the remaining allegations of this paragraph.

123.    Answering the allegations of paragraph 123, MaloneBailey refers to the Auditing Standard No 12 Paragraph 65 for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

124.    Answering the allegations of paragraph 124, MaloneBailey refers to the AU § 316.85A.2 for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

125.    Answering the allegations of paragraph 125, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

126.    Answering the allegations of paragraph 126, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

127.    Answering the allegations of paragraph 127, on information and belief MaloneBailey admits that it was an auditing firm who audited a number of Chinese-based clients. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

128.    Answering the allegations of paragraph 128, on information and belief MaloneBailey admits *The Street* interviewed George Qin, a partner at MaloneBailey.  On information and belief, MaloneBailey admits the remaining allegations of this paragraph.

129.    Answering the allegations of paragraph 129, MaloneBailey refers to *The Street* article for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

130.    Answering the allegations of paragraph 130, MaloneBailey refers to *The Street* article for a complete and accurate statement of its contents.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

## XI.    PROOF OF RELIANCE IS UNNECESSARY

131.    Answering the allegations of paragraph 131, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

132.    Answering the allegations of paragraph 132, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

1

## XII.    FIRST CLAIM

2

### Violation of Section 11 of the Securities Act

3

### Against all Defendants Except Rappaport, Rubin and Borer

4       133.    Answering the allegations of paragraph 133, MaloneBailey hereby incorporates by

5   reference its responses to each of the preceding allegations as though fully set forth herein. Further,

6   paragraph 133 sets forth legal conclusions to which no response is required.

7       134.    Answering the allegations of paragraph 134, this paragraph requires no response.

8       135.    Answering the allegations of paragraph 135, MaloneBailey admits that in this

9   action Plaintiffs are attempting to assert a class action on behalf of the persons and entities set forth

10   in this paragraph. MaloneBailey denies that this case is, or should be subject to class certification,

11   that it is otherwise properly brought as a class action, and/or that MaloneBailey engaged in any

12   misconduct as to Plaintiffs or the putative class they seek to represent. Responding further, except

13   as set forth above, at this time MaloneBailey is without sufficient information or knowledge to

14   form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

15       136.    Answering the allegations of paragraph 136, at this time MaloneBailey is without

16   sufficient information or knowledge to form a belief as to the truth of the allegations of this

17   paragraph and, on that basis, denies them.

18       137.    Answering the allegations of paragraph 137, that paragraph sets forth legal

19   conclusions to which no response is required. To the extent a response is required, MaloneBailey is

20   without sufficient information or knowledge to form a belief as to the truth of the allegations of

21   this paragraph and, on that basis, denies them.

22       138.    Answering the allegations of paragraph 138, MaloneBailey admits the allegations of

23   this paragraph that it provided an audit opinion.  MaloneBailey is without sufficient information or

24   knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on

25   that basis, denies them.

26       139.    Answering the allegations of paragraph 139, that paragraph sets forth legal

27   conclusions to which no response is required. To the extent a response is required, MaloneBailey

28   denies each allegation in that paragraph.

140.     Answering the allegations of paragraph 140, on information and belief MaloneBailey admits the allegations of this paragraph.

141.     Answering the allegations of paragraph 141, MaloneBailey denies allegations in that paragraph as it relates to MaloneBailey.  MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

142.     Answering the allegations of paragraph 142, on information and belief MaloneBailey denies each allegation in that paragraph.

143.     Answering the allegations of paragraph 143, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey denies each allegation in that paragraph.

144.     Answering the allegations of paragraph 144, on information and belief MaloneBailey denies the allegations of this paragraph.

145.     Answering the allegations of paragraph 145, on information and belief MaloneBailey denies the allegations of this paragraph.

146.     Answering the allegations of paragraph 146, on information and belief MaloneBailey denies the allegations of this paragraph.

147.     Answering the allegations of paragraph 147, on information and belief MaloneBailey denies the allegations of this paragraph.

## XIII.   SECOND CLAIM

### Violation of Section 12(a)(2) of the Securities Act

### Against Rodman & Renshaw and Westpark

148.     Answering the allegations of paragraph 148 the allegations are not directed at MaloneBailey, and therefore no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

149.     The allegations set forth in paragraph 149, the allegations are not directed at MaloneBailey, and therefore no response is required. To the extent a response is required,

23

MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

150.    The allegations set forth in paragraph 150, the allegations are not directed at MaloneBailey, and therefore no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

151.    The allegations set forth in paragraph 151, the allegations are not directed at MaloneBailey, and therefore no response is required. Furthermore, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

152.    The allegations set forth in paragraph 152, are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

153.    The allegations set forth in paragraph 153 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

154.    The allegations set forth in paragraph 154 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

155.    The allegations set forth in paragraph 155 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

156.    The allegations set forth in paragraph 156 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

157.   The allegations set forth in paragraph 157 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

## XIV.

## THIRD CLAIM

### Violation of Section 15 of the Securities Act

### Against Individual Defendants

158.   Answering the allegations of paragraph 158, MaloneBailey hereby incorporates by reference its responses to each of the preceding allegations as though fully set forth herein.

159.   Answering the allegations of paragraph 159, that paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

160.   The allegations set forth in paragraph 160 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

161.   The allegations set forth in paragraph 161 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

162.   The allegations set forth in paragraph 162 are not directed against MaloneBailey and no response is required. To the extent a response is required, MaloneBailey denies each allegation in that paragraph.

163.   The allegations set forth in paragraph 163 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

164.   The allegations set forth in paragraph 164 are not directed against MaloneBailey and no response is required. To the extent a response is required, MaloneBailey denies each allegation in that paragraph.

165.    The allegations set forth in paragraph 165 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

166.    The allegations set forth in paragraph 166 are not directed against MaloneBailey and no response is required. To the extent a response is required, on information and belief MaloneBailey denies each allegation in that paragraph.

167.    Answering the allegations of paragraph 167, Malone Bailey denies the allegations related to MaloneBailey. MaloneBailey is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

## AFFIRMATIVE DEFENSES

MaloneBailey hereby asserts the following affirmative defenses to Plaintiffs' claims for relief without waiving or excusing the burden of proof of Plaintiffs and/or the purported class or admitting that MaloneBailey has any burden of proof. MaloneBailey reserves the right to raise other defenses, affirmative or otherwise, that may become evident during discovery and during any other proceeding in this action. MaloneBailey also, reserves the right to amend and/or delete any affirmative defenses in the event that discovery indicates it may be appropriate to do so.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a first affirmative defense, MaloneBailey alleges that Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a second affirmative defense, MaloneBailey alleges that Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

As a third affirmative defense, MaloneBailey alleges that Plaintiffs' claims are barred for lack of personal jurisdiction,

1          **FOURTH AFFIRMATIVE DEFENSE**

2          **(Lack of Standing to Pursue Claims)**

3          As a fourth affirmative defense, MaloneBailey alleges that certain Plaintiffs lack standing

4    to pursue claims against MaloneBailey.

5          **FIFTH AFFIRMATIVE DEFENSE**

6          **(No Remedy For Purchases in Secondary Market )**

7          As a fifth affirmative defense, MaloneBailey alleges that Section 11 of the Securities Act of

8    1933 does not afford a remedy to purchasers who buy their securities in the secondary market. In

9    any event, claims by secondary market purchasers are barred to the extent they fail to plead and

10   prove reliance upon the alleged misrepresentations or omissions.

11         **SIXTH AFFIRMATIVE DEFENSE**

12         **(Proof that Purchased Securities Traceable to a Registration Statement)**

13         As a sixth affirmative defense, MaloneBailey alleges that certain Plaintiffs lack standing to

14   pursue claims against MaloneBailey.

15         **SEVENTH AFFIRMATIVE DEFENSE**

16         **(Discharge of Duties)**

17         As a seventh affirmative defense, MaloneBailey alleges that Plaintiffs' claims are barred

18   because MaloneBailey has satisfied and discharged all duties and obligations allegedly owed to

19   Plaintiffs or any member of the putative class.

20         **EIGHTH AFFIRMATIVE DEFENSE**

21         **(Lack of Adequate Representation)**

22         As an eighth affirmative defense, MaloneBailey alleges that the named Plaintiffs lack

23   standing as representatives of the proposed class and do not adequately represent the putative class

24   members.

25         **NINTH AFFIRMATIVE DEFENSE**

26         **(Fails to Meet Fed. R. Civ. Proc. 23)**

27         As a ninth affirmative defense, MaloneBailey alleges that this action does not meet the

28   requirements for class action treatment under Rule 23 of the Federal Rules of Civil Procedure, or

27

any other applicable law. Plaintiffs cannot prosecute this action on behalf of the putative class they purport to represent.

## TENTH AFFIRMATIVE DEFENSE

### (Material Information Disclosed to Market)

As a tenth affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, on the grounds that some or all of the matters now alleged to be the subject of false and/or misleading statements, acts or omissions were publicly disclosed or were in the public domain, and, as such, were available to Plaintiffs and the market.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Due Diligence)

As an eleventh affirmative defense, MaloneBailey alleges that Plaintiffs' claims are barred because MaloneBailey at all times acted with reasonable care and due diligence. with respect to the matters Plaintiffs now contend were misrepresented by, or omitted from China Intelligent Lighting, Inc.'s public filings and public statements, including the Registration Statements. After reasonable investigation, MaloneBailey had reasonable ground to believe and did believe that the Statements contained therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith/No Culpable Participation)

As a twelfth affirmative defense, MaloneBailey alleges that Plaintiffs' claims are barred because at all times MaloneBailey acted in good faith without scienter or any knowledge or intent to commit fraud, and/or did not, directly or indirectly, culpably participate in the actionable acts or omissions, if any, of any other person or entity, or induce any of the acts alleged to give rise to any of Plaintiffs' alleged claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statements Not Made With Scienter)

As a thirteenth affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, because the First Amended Consolidated Complaint challenges statements that were not made with the requisite level of scienter.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

As a fourteenth affirmative defense, MaloneBailey alleges that the alleged misstatements that purportedly provide the basis for the causes of action alleged, alone or in context, bespoke caution and otherwise contained sufficient disclosures and information to render them non-actionable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statements Not Made With Subjective Falsity)

As a fifteenth affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, because the First Amended Consolidated Complaint challenges statements of opinions, reasons, recommendation, and the like that were not made with subjective falsity.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Inability to Prove Reliance)\

As a sixteenth affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, because Plaintiffs have failed to plead and cannot prove reliance on any alleged misstatements or omissions by MaloneBailey.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reliance on Employees)

As a seventeenth affirmative defense, MaloneBailey alleges that this action is barred because MaloneBailey reasonably relied on the information, opinions, reports and statements presented by China Intelligent Lighting, Inc. officers and employees whom MaloneBailey actually and reasonably believed to be reliable and competent of the matters presented.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reliance on Management)

As a eighteenth affirmative defense, MaloneBailey alleges it was entitled to, and did, rely upon the recommendations, statements and representations of China Intelligent Lighting's management in connection with their decisions to authorize the transactions challenged by plaintiffs. As a result of the reasonable reliance, MaloneBailey did not know, in the exercise of reasonable diligence could not have known, and had no reasonable ground to believe that China Intelligent's public filings contain any material misrepresentations or omissions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Participation and Knowledge)

As a nineteenth affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, because MaloneBailey at all times lacked participation in or knowledge of any alleged misrepresentations or omissions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Misrepresentations or Omissions at Time Statements Made)

As a twentieth affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, because MaloneBailey was advised, understood and believed that there were no misrepresentations or omissions at the time that the Registration Statement was made.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Grounds)

As a twenty-first affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, because MaloneBailey had, after reasonable investigation, reasonable grounds to believe and did believe that China Intelligent Lighting, Inc.'s public statements and filings were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Control)

As a twenty-second affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, because MaloneBailey did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Inducement of Act in Violation of Any Securities Law or Regulation)

As a twenty-third affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, because MaloneBailey did not directly or indirectly induce any act or acts alleged in the First Amended Consolidated Complaint to constitute a violation of any federal securities law or regulation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Investment Risk)

As a twenty-fourth affirmative defense, MaloneBailey alleges that this action, is barred, in whole or in part, because Plaintiffs knew or should have known the risks associated with their investments, and assumed those risks, including the risk of the losses they allegedly incurred, when they purchased the stock.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause/Superseding Cause/Act of Third Parties)

As a twenty-fifth affirmative defense, MaloneBailey alleges that any unrecoverable loss, injury or damage suffered by Plaintiffs, was not proximately caused by any of the acts or omissions of MaloneBailey, but instead was caused by acts or omissions by other persons or entities, which constituted superseding and intervening causes.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

As a twenty-sixth affirmative defense, MaloneBailey alleges that this action is barred, in whole or in part, due to lack of recoverable damages.

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Speculative Damages)

3    As a twenty-seventh affirmative defense, MaloneBailey alleges that this action is barred, in

4    whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain.

5

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

6

### (No Duplicative Recovery)

7    As a twenty-eighth affirmative defense, MaloneBailey alleges that recovery in this action is

8    barred, in whole or in part, to the extent that recovery is had in another lawsuit or proceeding.

9

## TWENTY-NINTH AFFIRMATIVE DEFENSE

10

### (Plaintiffs' Knowledge)

11    As a twenty-ninth affirmative defense, MaloneBailey alleges that this action is barred in

12    whole or in part, because Plaintiffs had actual or constructive knowledge of the alleged untruths or

13    omissions.

14

## THIRTIETH AFFIRMATIVE DEFENSE

15

### (No Reliance)

16    As a thirtieth affirmative defense, MaloneBailey alleges that this action is barred, in whole

17    or in part, to the extent Plaintiffs did not actually, reasonably, or justifiably rely on any alleged

18    untrue or misleading statement of material fact when purchasing or agreeing to purchase the stock.

19

## THIRTY-FIRST AFFIRMATIVE DEFENSE

20

### (Neither Sole nor Partial Cause of Plaintiffs' Alleged Loss)

21    As a thirty-first affirmative defense, MaloneBailey alleges that its actions or inactions were

22    not the sole or partial cause of any loss allegedly suffered by any Plaintiff.

23

## THIRTY-SECOND AFFIRMATIVE DEFENSE

24

### (Neither Sole nor Partial Cause of Plaintiffs' Decision to Purchase or Sell Stock)

25    As a thirty-second affirmative defense, MaloneBailey alleges that its actions or inactions

26    were not the sole or partial cause of any decision by any plaintiff to purchase or sell stock.

27

28

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

1    ### THIRTY-THIRD AFFIRMATIVE DEFENSE

2    ### (Limited to Damages Authorized by SEC)

3    As a thirty-third affirmative defense, MaloneBailey alleges that Plaintiffs are limited only

4    to only those damages authorized by the Securities Act of 1933, and the Private Securities

5    Litigation Reform Act and therefore, Plaintiffs may not recover damages in excess of those

6    authorized by those statutes or the regulations promulgated pursuant to those statutes.

7    ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

8    ### (Indemnifications)

9    As a thirty-fourth affirmative defense, MaloneBailey alleges that it is entitled to be

10    indemnified by and/or receive contribution for any liability it incurs.

11    ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

12    ### (Incorporation of Other Defendants' Defenses)

13    As a thirty-fifth affirmative defense, MaloneBailey alleges that it hereby adopts and

14    incorporates by reference any and all other defenses asserted or to be asserted by any other

15    defendant to the extent that MaloneBailey may share in such defense.

16    ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

17    ### (Comparative Fault)

18    As a thirty-sixth affirmative defense, MaloneBailey alleges that Plaintiffs' claims are barred

19    in whole or in part due to the comparative fault with certain former officers and employees of

20    China Intelligent Lighting, as well as other third parties who, on information and belief,

21    collaborated to perpetuate and conceal the fraud alleged by Plaintiffs from MaloneBailey.

22    ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

23    ### (Authority of Experts)

24    As a thirty-seventh affirmative defense, MaloneBailey alleges that as regards any part of

25    the registration statement purporting to be made on the authority of an expert, other than

26    MaloneBailey, or purporting to be a copy of or extract from a report or valuation of any expert,

27    other than MaloneBailey, MaloneBailey had no reasonable ground to believe and did not believe,

28    at the time such part of the registration statement became effective, that the statements therein

33

1   were untrue or that there was an omission to state a material fact required to be stated therein or

2   necessary to make the statements therein not misleading, or that such part of the registration

3   statement did not fairly represent the statement of the expert or was not a fair copy of or extract

4   from the report or valuation of the expert.

5   ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

6   **(Statements by Public Persons or Publications)**

7       As a thirty-eighth affirmative defense, MaloneBailey alleges that as regards any part of the

8   registration statement purporting to be made on the authority of an expert, other than

9   MaloneBailey, or purporting to be a copy of or extract from a report or valuation of any expert,

10  other than MaloneBailey, MaloneBailey had no reasonable ground to believe and did not believe,

11  at the time such part of the registration statement became effective, that the statements therein

12  were untrue or that there was an omission to state a material fact required to be stated therein or

13  necessary to make the statements therein not misleading, or that such part of the registration

14  statement did not fairly represent the statement of the expert or was not a fair copy of or extract

15  from the report or valuation of the expert.

16  ### THIRTY-NINTH AFFIRMATIVE DEFENSE

17  **(Reasonable Investigation)**

18      As a thirty-ninth affirmative defense, MaloneBailey alleges that MaloneBailey is exempt

19  from liability because, to the extent that any part of the registration statement purports to be made

20  on MaloneBailey's authority as an expert, MaloneBailey had, after a reasonable investigation

21  exercised with the prudence of a man in the management of his own property, reasonable ground

22  to believe and did believe, at the time such part of the registration statement became effective, that

23  the statements therein were true and that there was no omission to state a material fact required to

24  be stated therein or necessary to make the statements therein not misleading.

25

26

27

28

## FORTIETH AFFIRMATIVE DEFENSE

### (Reasonable Care)

As a fortieth affirmative defense, MaloneBailey alleges that MaloneBailey's good faith compliance with Generally Accepted Accounting Principles and Generally Accepted Auditing Standards discharges its professional obligation to act with reasonable care.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Actions or Inactions of Parties Other Than MaloneBailey and/or Persons and
### Economic Events Outside of MaloneBailey's Control)

As a forty-first affirmative defense, MaloneBailey alleges that Plaintiffs' claims are barred because the injuries Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than MaloneBailey, actions or inactions by parties outside the control of MaloneBailey, or economic events that were, likewise, outside the control of MaloneBailey. These actions, inactions and events were intervening or superseding causes of plaintiffs alleged damages.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Fraud and/or Contributory Negligence)

As a forty-second affirmative defense, MaloneBailey alleges that Plaintiffs' claims are barred in whole or in part due to the fraud and/or contributory negligence of certain former officers and employees of China Intelligent Lighting as well as of the third parties who, on information and belief, collaborated to perpetuate and conceal the fraud from MaloneBailey.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Make Efforts to Mitigate)

As a forty-third affirmative defense, MaloneBailey alleges that Plaintiffs' claims for damages or injury are barred, in whole or in part, because they failed to make reasonable efforts to mitigate such damages or injury, which would have prevented their damages or injury.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Depreciation in Market)

As a forty-fourth affirmative defense, MaloneBailey alleges that Plaintiff's claims are barred in whole or in part because the depreciation in the market price of China Intelligent

35

Lighting securities resulted from factors other than the misstatements and omissions alleged by plaintiffs.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

#### (Superseding and/or Intervening Causes)

As a forty-fifth affirmative defense, MaloneBailey alleges that the actions or inactions of MaloneBailey, if any, were not the sole proximate cause, or the joint proximate cause, of any of the injuries alleged by Plaintiffs. Any damages allegedly suffered by Plaintiffs were the result of superseding and/or intervening causes.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

As a forty-sixth affirmative defense, MaloneBailey hereby reserves and reasserts all affirmative defenses available under any applicable federal and state law. MaloneBailey further alleges that discovery has not yet begun, and on the basis of such discovery, other affirmative defenses may become known or substantiated. MaloneBailey reserves the right to add affirmative defenses within a reasonable time after the facts of said affirmative defenses may become known to MaloneBailey.

WHEREFORE, MaloneBailey prays as follows:

1.     That Plaintiffs take nothing by reason of their First Amended Consolidated Complaint and that judgment be entered in favor of MaloneBailey;

2.     That MaloneBailey be awarded its costs of suit incurred in defense of this action; and,

3.     For such other and further relief as the Court deems proper.

///

///

///

///

///

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

1

## **DEMAND FOR JURY TRIAL**

2

MaloneBailey hereby demands a trial by jury on all counts.

3

4

DATED:  May 7, 2012                    WILSON, ELSER, MOSKOWITZ,

5                                                                EDELMAN & DICKER LLP

6                                               By */s/ Patricia Ann Golson*

7                                                    Patrick M. Kelly

                                                     David S. Eisen

8                                                    Patricia Ann Golson

                                                     Attorneys for Defendant

9                                                    **MALONEBAILEY LLP**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1

**PROOF OF SERVICE**
**ECF/PACER FILE AND SERVE**
*Michael Stern v. China Intelligent Lighting and Electronics, Inc. et al*
USDC Case No. 2:11-cv-02768-PSG-SS
(Western Division – Roybal Federal Building)
Attorneys for Defendant MALONEBAILEY LLP
Wilson Elser File No. 10907.00280

I, **Cheryl A. White**, declare:

1.      I am over the age of 18 years and am not a party to the within action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP in the City of Los Angeles, State of California.

2.      My business address is 555 South Flower Street, 29th Floor, Los Angeles, California 90071.

3.      On **May 7, 2012**, I served a copy of the foregoing document, titled:

<u>**DEFENDANT MALONEBAILEY'S ANSWER TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINTAND DEMAND FOR JURY TRIAL**</u>

by:

[ X ] Filing and serving directly through ECF/Pacer at the USDC-Central District of California (Southern Division) website at: https://ecf.cacd.uscourts.gov at approximately **3:30 p.m. PST**.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **May 7, 2012**, at Los Angeles, California.


*/s/ Cheryl A. White*
CHERYL A. WHITE

DEFENDANT MALONEBAILEY LLP'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
1493767.1