1   TIMOTHY A. HORTON (SBN 205414)
    thorton@mckennalong.com
2   PETER Z. STOCKBURGER (SBN 265750)
    pstockburger@mckennalong.com
3   MCKENNA LONG & ALDRIDGE LLP
    300 South Grand Avenue, 14th Floor
4   Los Angeles, CA 90071
    Telephone:   (213) 243-6164
5   Facsimile:   (213) 243-6330

6   Attorneys for Defendant
    CHINA INTELLIGENT LIGHTING AND
7   ELECTRONICS, INC.

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

| 11 | | CASE NO.  2:11-CV-02768-PSG (SSX) |
|----|----|----|
| 12 | IN RE CHINA INTELLIGENT LIGHTING AND ELECTRONICS, INC. SECURITIES LITIGATION. | **CLASS ACTION** |
| 13 | | **DEFENDANT CHINA INTELLIGENT LIGHTING AND ELECTRONIC INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE SECURITIES LAWS** |
| 14 | | |
| 15 | | |
| 16 | | |

17

18

19

20

21

22

23

24

25

26

27

28

Defendant China Intelligent Lighting and Electronics Inc. ("Defendant" or "CIL") hereby answers the First Amended Consolidated Class Action Complaint (the "Complaint") of Lead Plaintiffs Perritt Emerging Opportunities Fund, Acerco SA, and Antoine de Sejournet, (collectively "Lead Plaintiffs"). To the extent that allegations in the Complaint refer to other defendants, Defendant answers these allegations only for itself.

In response to the two introductory paragraphs of the Complaint, other than admitting that the Lead Plaintiffs brought this case against the named defendants, Defendant denies all allegations and specifically denies that Lead Plaintiffs or any plaintiff are entitled to any relief. In response to the specific allegations of the Complaint, Defendant answers and alleges as follows:

## I.

## SUMMARY OF THE ACTION

1.      CIL admits that Lead Plaintiffs brought this action on behalf of themselves and on behalf of a purported putative class. CIL admits upon information and belief that a Registration Statement numbered 333-164925 for an initial public offering of CIL's common stock was declared effective by the United States Securities and Exchange Commission ("SEC") on or about June 17, 2010. CIL also admits a Prospectus for an initial public offering of CIL's common stock was filed with the SEC on or about June 21, 2010. CIL further admits another Registration Statement and Prospectus were filed by CIL with the SEC on or about July 27, 2010. The remaining allegations in this paragraph state a legal conclusion to which no response is necessary. To the extent any further response is necessary, CIL denies the remaining allegations in this paragraph.

2.      CIL admits that a Registration Statement numbered 333-170943 relating to the sale and resale of CIL common stock was declared effective by the SEC on or about December 15, 2010. CIL also admits that a Prospectus relating to the sale and resale of CIL common stock was filed with the SEC on or about

December 15, 2010. The remaining allegations in this paragraph do not state factual allegations and therefore no response is necessary. To the extent any further response is necessary, CIL denies the remaining allegations in this paragraph.

3.     The allegations in this paragraph state a legal conclusion and therefore no response is necessary. To the extent any further response is necessary, CIL denies the allegations in this paragraph.

4.     CIL admits the allegations in this paragraph.

5.     CIL admits the allegations in this paragraph.

6.     CIL denies the allegations in this paragraph.

7.     CIL admits Lead Plaintiffs filed the instant action on behalf of themselves and a purported putative class. CIL denies Lead Plaintiffs or any plaintiff is entitled to any relief. The remaining allegations in this paragraph state allegations that are not directed at CIL, and therefore no response is necessary. To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

8.     CIL denies this action arises from materially false statements made by CIL through its "Offering Documents," "financial statements" or any other vehicle.

a.     CIL denies the allegations of this subparagraph.

b.     CIL admits the financial statements it filed with its Registration Statement in relation to the initial public offering of its common stock reported revenue for CIL of $59.2 million in 2009 and $42.9 million in 2008. CIL denies the remaining allegations of this subparagraph.

c.     CIL admits that its subsidiary which generates all income for CIL is Hyundai HZ. CIL denies the remaining allegations in this subparagraph.

d.     To the extent the allegations in this subparagraph state a legal conclusion, no response is necessary. CIL otherwise denies these allegations.

e.      CIL is without sufficient knowledge or information to form a belief about the truth of these allegations, and on that basis denies such allegations.

f.      CIL admits the allegations in this paragraph.

g.      The allegations in this subparagraph are based upon the contents of publicly available documents that speak for themselves.  Therefore, CIL refers Lead Plaintiffs to the documents for a complete and accurate statement of their contents.  CIL otherwise denies the allegations of this subparagraph.

h.      The allegations in this subparagraph are based upon the contents of publicly available documents that speak for themselves.  Therefore, CIL refers Lead Plaintiffs to the documents for a complete and accurate statement of their contents.   CIL admits that it has not disclosed the results of the investigation regarding the stated reasons for MaloneBailey's resignation.  CIL otherwise denies the allegations of this subparagraph.

i.      The allegations in this subparagraph are based upon the contents of publicly available documents that speak for themselves.  Therefore, CIL refers Lead Plaintiffs to the documents for a complete and accurate statement of their contents.  To the extent any response is necessary, CIL denies the allegations in this subparagraph.

j.      The allegations in this subparagraph are based upon the contents of publicly available documents that speak for themselves.  Therefore, CIL refers Lead Plaintiffs to the documents for a complete and accurate statement of their contents.  To the extent any response is necessary, CIL admits the SEC instituted proceedings against CIL on June 10, 2010, and otherwise CIL denies the allegations in this subparagraph.

k.      CIL admits that the SEC issued an order suspending the effectiveness of its Registration Statements, and otherwise CIL denies the allegations in this subparagraph.

## II.

## <u>JURISDICTION AND VENUE</u>

9.    The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.

10.    The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.

11.    The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.

12.    CIL denies the allegations in this paragraph as they are directed toward CIL.  CIL denies Lead Plaintiffs or any member of the purported putative class are entitled to any relief.  The remaining allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

## III.

## <u>PARTIES</u>

A.    <u>Lead Plaintiffs</u>

13.    CIL denies Lead Plaintiff Perritt Emerging Opportunities Fund is entitled to any relief.  The remaining allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

14.    CIL denies Lead Plaintiff Acerco SA is entitled to any relief.  The remaining allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

15.    CIL denies Lead Plaintiff Antoine de Sejournet is entitled to any relief.
The remaining allegations in this paragraph are not directed at CIL, and therefore,
no response is necessary.  To the extent a response is necessary, CIL is without
sufficient knowledge or information to form a belief about the truth of the
remaining allegations, and on that basis denies such allegations.

**B.    Issuer Defendant**

16.    CIL admits that it is a corporation incorporated in Delaware.  CIL
admits its principal offices are located in Guangdon Province, People's Republic of
China ("PRC").  CIL admits that it owns a subsidiary that manufactures LED
lighting products in China.  CIL admits the chart presented in this paragraph
accurately represents the corporate structure of CIL.  CIL otherwise denies the
remaining allegations in this paragraph.

17.    CIL admits the allegations in this paragraph.

18.    CIL admits that Hyundai HZ is a wholly owned foreign entity under
Chinese law.  The remaining allegations in this paragraph state a legal conclusion to
which no response is required.  To the extent any further response is necessary, CIL
denies the remaining allegations.

19.    CIL admits the allegations in this paragraph.

**C.    CIL Individual Defendants**

20.    CIL admits that Li Xuemei ("Xuemei") was CIL's Chief Executive
Officer, President and Chairman of its Board of Directors for the entire Class
Period, as that period is alleged by Lead Plaintiffs.  CIL also admits that Xumei
owned 38.5%  of the Company's outstanding voting stock at the time of the
Company's initial public offering of common stock.

21.    CIL admits that Kui Jiang ("Jiang") was CIL's Chief Financial Officer
and Corporate Secretary for the entire Class Period, as that period is alleged by
Lead Plaintiffs.  CIL admits Jiang signed the subject Registration Statements.

22.    CIL admits that Wu Shiliang ("Shiliang") was the Company's Executive Vice President and a Director of the Company for the entire Class Period, as that period is alleged by Lead Plaintiffs.  CIL admits Shiliang signed the subject Registration Statements.

23.    CIL admits that Michael Askew ("Askew") was a Director fo the Company for the entire Class Period, as that period is alleged by Lead Plaintiffs.  CIL admits Askew resigned from his position with CIL on or about March 24, 2011.  CIL admits Askew signed the subject Registration Statements.

24.    CIL admits that Su Yang ("Yang") was a Director of CIL.  CIL admits that Yang resigned from CIL on or about March 1, 2011.  CIL admits Yang signed the subject Registration Statements.

25.    CIL admits that Zhang Hongfeng ("Hongfeng") was a Director of CIL during the entire Class Period, as that period is alleged by Lead Plaintiffs.  CIL admits Hongfeng signed the subject Registration Statements.

26.    The allegations in this paragraph state a non-factual allegation to which no response is necessary.  To the extent any further response is necessary, CIL denies the remaining allegations.

**D.    Underwriter Defendants**

27.    The allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

28.    The allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

29.    The allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without

1    sufficient knowledge or information to form a belief about the truth of the

2    allegations, and on that basis denies such allegations.

3          30.    The allegations in this paragraph are not directed at CIL, and therefore,

4    no response is necessary.  To the extent a response is necessary, CIL is without

5    sufficient knowledge or information to form a belief about the truth of the

6    allegations, and on that basis denies such allegations.

7          31.    The allegations in this paragraph are not directed at CIL, and therefore,

8    no response is necessary.  To the extent a response is necessary, CIL is without

9    sufficient knowledge or information to form a belief about the truth of the

10   allegations, and on that basis denies such allegations.

11         32.    The allegations in this paragraph are not directed at CIL, and therefore,

12   no response is necessary.  To the extent a response is necessary, CIL is without

13   sufficient knowledge or information to form a belief about the truth of the

14   allegations, and on that basis denies such allegations.

15         33.    The allegations in this paragraph are not directed at CIL, and therefore,

16   no response is necessary.  To the extent a response is necessary, CIL is without

17   sufficient knowledge or information to form a belief about the truth of the

18   allegations, and on that basis denies such allegations.

19         34.    The allegations in this paragraph are not directed at CIL, and therefore,

20   no response is necessary.  To the extent a response is necessary, CIL is without

21   sufficient knowledge or information to form a belief about the truth of the

22   allegations, and on that basis denies such allegations.

23         35.    The allegations in this paragraph are not directed at CIL, and therefore,

24   no response is necessary.  To the extent a response is necessary, CIL is without

25   sufficient knowledge or information to form a belief about the truth of the

26   allegations, and on that basis denies such allegations..

27         36.    The allegations in this paragraph are not directed at CIL, and therefore,

28   no response is necessary.  To the extent a response is necessary, CIL is without

1  sufficient knowledge or information to form a belief about the truth of the

2  allegations, and on that basis denies such allegations.

3      37.    The allegations in this paragraph are not directed at CIL, and therefore,

4  no response is necessary.  To the extent a response is necessary, CIL is without

5  sufficient knowledge or information to form a belief about the truth of the

6  allegations, and on that basis denies such allegations.

7      38.    The allegations in this paragraph are not directed at CIL, and therefore,

8  no response is necessary.  To the extent a response is necessary, CIL is without

9  sufficient knowledge or information to form a belief about the truth of the

10  allegations, and on that basis denies such allegations.

11      39.    The allegations in this paragraph are not directed at CIL, and therefore,

12  no response is necessary.  To the extent a response is necessary, CIL is without

13  sufficient knowledge or information to form a belief about the truth of the

14  allegations, and on that basis denies such allegations.

15      40.    The allegations in this paragraph are not directed at CIL, and therefore,

16  no response is necessary.  To the extent a response is necessary, CIL is without

17  sufficient knowledge or information to form a belief about the truth of the

18  allegations, and on that basis denies such allegations.

19      41.    The allegations in this paragraph are not directed at CIL, and therefore,

20  no response is necessary.  To the extent a response is necessary, CIL is without

21  sufficient knowledge or information to form a belief about the truth of the

22  allegations, and on that basis denies such allegations.

23      42.    The allegations in this paragraph state non-factual allegations to which

24  no response is required.

25      **E.**    **Accounting Defendants**

26      43.    The allegations in this paragraph are not directed at CIL, and therefore,

27  no response is necessary.  To the extent a response is necessary, CIL is without

28

1   sufficient knowledge or information to form a belief about the truth of the

2   allegations, and on that basis denies such allegations.

3       44.    The allegations in this paragraph are not directed at CIL, and therefore,

4   no response is necessary.  To the extent a response is necessary, CIL is without

5   sufficient knowledge or information to form a belief about the truth of the

6   allegations, and on that basis denies such allegations.

7       45.    The allegations in this paragraph state non-factual allegation to which

8   no response is required.

9                                    **IV.**

10                      **CLASS ACTION ALLEGATIONS**

11      46.    CIL admits Lead Plaintiffs brought this action on behalf of themselves

12  and a purported putative class.  CIL denies Lead Plaintiffs or any plaintiffs are

13  entitled to any relief.  The remaining allegations in this paragraph state a legal

14  conclusion to which no response is required.  To the extent any further response is

15  necessary, CIL denies the remaining allegations.

16      47.    This paragraph states non-factual allegations to which no response is

17  required.

18      48.    CIL admits that throughout the Class Period, as that period is defined

19  by Lead Plaintiffs, CIL common stock was traded on the New York Stock

20  Exchange ("NYSE") Amex LLC under the symbol "CIL."  The remaining

21  allegations in this paragraph state a legal conclusion and/or non-factual allegations

22  to which no response is necessary.  To the extent any further response is necessary,

23  CIL denies the remaining allegations.

24      49.    CIL denies Lead Plaintiffs or any plaintiffs are entitled to any relief.

25  The remaining allegations in this paragraph state a legal conclusion and/or non-

26  factual allegations to which no response is required.  To the extent any further

27  response is necessary, CIL denies the remaining allegations.

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

50.     This paragraph states a legal conclusion and/or non-factual allegations to which no response is required.  To the extent any response is necessary, CIL denies the allegations in this paragraph.

51.     This paragraph and its subparts state a legal conclusion and/or non-factual allegations to which no response is required.  To the extent any response is necessary, CIL denies the allegations in this paragraph and its subparts.

52.     This paragraph and its subparts state a legal conclusion and/or non-factual allegations to which no response is required.  To the extent any response is necessary, CIL denies the allegations in this paragraph and its subparts.

## V.

## THE GENESIS OF CIL

53.     CIL admits it was incorporated in Delaware on or about October 11, 2007 as SRKP 22, Inc.

54.     CIL admits the allegations in this paragraph.

55.     CIL admits the allegations in this paragraph.

56.     CIL admits the allegations in this paragraph.

57.     CIL admits the allegations of this paragraph.

58.     CIL admits the allegations in this paragraph.

59.     CIL admits the allegation in this paragraph.

## VI.

## CIL PUBLIC OFFERINGS AND SALE OF COMMON STOCK

60.     The allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL admits the SEC declared effective a Registration Statement on or about June 17, 2010 for two sets of CIL shares.  The remaining allegations in this paragraph state a legal conclusion to which no response is required.

a.     CIL admits the allegations in this subparagraph.

b.     CIL admits the allegations in this subparagraph.

61.    CIL admits that Amendment No. 7 to the Registration Statement was signed by each of the Individual CIL Defendants and included financial statements audited by MaloneBailey and Kempisty.  CIL also admits that the two Prospectuses also included financial statements audited by MaloneBailey and Kempisty, and that at the conclusion of the IPO and the Initial Resale there were 4,727,955 CIL common shares available for sale on the public market.  CIL otherwise denies the allegations in this paragraph.

62.    CIL admits that the SEC declared effective a Registration Statement No. 333-170943 on or about December 15, 2010 for the Secondary Resale of CIL common stock.  CIL admits that Defendant MaloneBailey gave its consent to CIL to incorporate its audit opinion in CIL's financial statements for the fiscal year of 2009.  CIL admits that Defendant Kempisty gave its consent to incorporate its audit opinion on China Intelligent BVI's financial statements for the fiscal year of 2008.  CIL admits the Prospectus included financial statements audited by MaloneBailey and Kempisty.  CIL admits that the Registration Statement No. 333-170943 and the Prospectus filed in relation to the secondary resale of CIL common stock were signed by the Individual CIL Defendants, as that phrase is defined by Lead Plaintiffs.  The remaining allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

63.    CIL admits the allegations in this paragraph.

a.    The allegations in this subparagraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

b.    The allegations in this subparagraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is

1   without sufficient knowledge or information to form a belief about the truth of the

2   allegations, and on that basis denies such allegations.

3           c.      The allegations in this subparagraph are not directed at CIL, and

4   therefore, no response is necessary.  To the extent a response is necessary, CIL is

5   without sufficient knowledge or information to form a belief about the truth of the

6   allegations, and on that basis denies such allegations.

7       64.     The allegations in this paragraph are based upon the contents of

8   publicly available documents that speak for themselves.  Otherwise, this paragraph

9   states non-factual allegations to which no response is required.

10      65.     The allegations in is paragraph state a legal conclusion to which no

11  response is necessary.  To the extent any further response is necessary, Defendant

12  denies the allegations in this paragraph.

13      66.     CIL denies the allegations in this paragraph, and denies Lead Plaintiffs

14  or any other member of the purported putative class is entitled to any relief.

15                                  **VII.**

16          **FALSE STATEMENTS IN THE REGISTRATION**

17              **STATEMENTS AND PROSPECTUSES**

18      67.     CIL admits the allegations in this paragraph.

19      68.     CIL admits the financial statements it submitted to the SEC for fiscal

20  years 2008 and 2009 reflected the categories of "Revenue", "Gross Profit", "Net

21  income", "Total assets" and "Shareholder equity."  The remaining allegations in

22  this paragraph state either a non-factual allegation or state an allegation based upon

23  the contents of a publicly available document that speaks for itself.  Therefore, CIL

24  is not required to provide a response and CIL refers Lead Plaintiffs to the document

25  for a complete and accurate statement of its contents.

26      69.     CIL admits the allegations in this paragraph.

27      70.     CIL denies its "financials reported to the SAIC are materially different

28  than those reported in the Offering Documents."  The remaining allegations in this

paragraph state allegations based upon the contents of publicly available documents that speak for themselves.  Therefore, CIL is not required to provide a response and CIL refers Lead Plaintiffs to those documents for a complete and accurate statement of their contents.

71.    The allegations in this paragraph state non-factual allegations and/or allegations not directed at CIL.  Therefore, no response is necessary.  To the extent a response is necessary, CIL denies the allegations in this paragraph.

72.    This paragraph states non-factual allegations and/or allegations not directed at CIL.  Therefore, no response is necessary.  To the extent a response is necessary, CIL denies the allegations in this paragraph.

73.    This paragraph states a conclusion to which no response is required. To the extent any response is necessary, CIL denies the allegations in this paragraph.

74.    This paragraph states a legal conclusion to which no response is required.  The allegations in this paragraph are also based upon statutes and regulations that speak for themselves, and therefore no response is required.  The allegations in this paragraph are also not directed at CIL, and therefore, no response is necessary.

75.    The allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  The allegations in this paragraph also state non-factual allegations and/or conclusions to which no response is necessary.

76.    CIL admits these allegations. To the extent the allegations in this paragraph are not directed at CIL, no response is necessary.

77.    CIL denies that it filed an annual report and financial statements with the SAIC.  The remaining allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.

78.    The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.  The allegations in this

paragraph also are based upon statutes and regulations that speak for themselves, and therefore no response is required.

79.   The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.  The allegations in this paragraph also are based upon statutes and regulations that speak for themselves, and therefore no response is required.  .

80.   The allegations in this paragraph state a legal conclusion to which no response is required.

81.   The allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

82.   CIL admits the law firm of K&L Gates LLP represented CIL during the initial public offering of CIL's common stock.  The remaining allegations in this paragraph are not directed at CIL, and therefore, no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

83.   The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.  The allegations in this paragraph are also not directed at CIL, and therefore, no response is necessary.

84.   The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.  The allegations in this paragraph are also not directed at CIL, and therefore, no response is necessary.

85.   The allegations in this paragraph, including its subparagraphs, state a legal conclusion and/or non-factual allegations to which no response is required. The allegations in this paragraph, including its subparagraphs, are also not directed at CIL, and therefore, no response is necessary.

86.     In what appears to be a typographical error, Plaintiffs did not include a paragraph 86.  Therefore, no response is necessary.

87.     The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.  To the extent any response is necessary, CIL denies the allegations in this paragraph.

88.     The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is necessary.  To the extent any response is necessary, CIL denies the allegations in this paragraph.

89.     The allegations in this paragraph state a legal conclusion and/or non-factual allegations to which no response is required.  To the extent any response is necessary, CIL denies the allegations in this paragraph.

90.     CIL admits the allegations in this paragraph.

## VIII.

## THE TRUTH IS REVEALED

91.     The allegations in this paragraph are based upon the contents of a publicly available document that speaks for itself.   Therefore, CIL refers Lead Plaintiffs to that document for a complete and accurate statement of its contents.

92.     The allegations in this paragraph are based upon the contents of a publicly available document that speaks for itself.   Therefore, CIL refers Lead Plaintiffs to that document for a complete and accurate statement of its contents.

93.     The allegations in this paragraph are based upon the contents of a publicly available document that speaks for itself.   Therefore, CIL refers Lead Plaintiffs to that document for a complete and accurate statement of its contents.

94.     The allegations in this paragraph are based upon the contents of a publicly available document that speaks for itself.   Therefore, CIL refers Lead Plaintiffs to that document for a complete and accurate statement of its contents.

95.     The allegations in this paragraph are based upon the contents of a publicly available document that speaks for itself.   Therefore, CIL refers Lead Plaintiffs to that document for a complete and accurate statement of its contents.

96.     The allegations in this paragraph are based upon the contents of a publicly available document that speaks for itself.   Therefore, CIL refers Lead Plaintiffs to that document for a complete and accurate statement of its contents.

## IX.

## **THE UNDERWRITERS WERE NEGLIGENT**

97.     The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

98.     The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

99.     The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

100.   The allegations in this paragraph state a legal conclusion to which no response is required.

101.   The allegations in this paragraph state a legal conclusion to which no response is required.

102.   The allegations in this paragraph state a legal conclusion to which no response is required.

103.   The allegations in this paragraph state a legal conclusion to which no response is required.

104.   The allegations in this paragraph state a legal conclusion to which no response is required.

105.   The allegations in this paragraph state a legal conclusion to which no response is required.

106.   The allegations in this paragraph state a legal conclusion to which no response is required.

107.   The allegations in this paragraph state a legal conclusion to which no response is required.

108.   The allegations in this paragraph state a legal conclusion to which no response is required.

109.   The allegations in this paragraph state a legal conclusion to which no response is required.

110.   The allegations in this paragraph state a legal conclusion to which no response is required.

111.   The allegations in this paragraph and subparagraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

## X.

## ACCOUNTING DEFENDANTS' NEGLIGENCE

112.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

113.   The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

114.   The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

115.   The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

116.   The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

117.    The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

118.    The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

119.    The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

120.    The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

121.    The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

122.    The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

123.    The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

124.    The allegations in this paragraph are based upon statutes and regulations that speak for themselves, and therefore no response is required.

125.    The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

126.    The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without

1   sufficient knowledge or information to form a belief about the truth of the

2   allegations, and on that basis denies such allegations.

3       127.   The allegations in this paragraph are not directed at CIL, and therefore

4   no response is necessary.  To the extent a response is necessary, CIL is without

5   sufficient knowledge or information to form a belief about the truth of the

6   allegations, and on that basis denies such allegations.

7       128.   The allegations in this paragraph are not directed at CIL, and therefore

8   no response is necessary.  To the extent a response is necessary, CIL is without

9   sufficient knowledge or information to form a belief about the truth of the

10  allegations, and on that basis denies such allegations.

11      129.   The allegations in this paragraph are not directed at CIL, and therefore

12  no response is necessary.  To the extent a response is necessary, CIL is without

13  sufficient knowledge or information to form a belief about the truth of the

14  allegations, and on that basis denies such allegations.

15      130.   The allegations in this paragraph are not directed at CIL, and therefore

16  no response is necessary.  To the extent a response is necessary, CIL is without

17  sufficient knowledge or information to form a belief about the truth of the

18  allegations, and on that basis denies such allegations.

19                                      **XI.**

20                   **PROOF OF RELIANCE IS UNNECESSARY**

21      131.   The allegations in this paragraph in part state a legal conclusion and in

22  part are based upon statutes and regulation that speak for themselves.  Therefore, no

23  response is required.

24      132.   The allegations in this paragraph in part state a legal conclusion and in

25  part are based upon statutes and regulation that speak for themselves.  Therefore, no

26  response is required.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# XII.

# FIRST CLAIM

## Violation of Section 11 of the Securities Act Against all Defendants Except Rappaport, Rubin and Borer

133.   CIL repeats and incorporates each and every denial contained above as if fully set forth herein.  The remaining allegations in this paragraph state non-factual allegations to which no response is required.  To the extent any further response is necessary, CIL denies the remaining allegations.

134.   CIL admits Lead Plaintiffs brought this action against CIL on behalf of themselves and on behalf of a purported putative class.  The remaining allegations in this paragraph are not directed at CIL, and therefore no response is necessary. To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

135.   CIL admits Lead Plaintiffs brought this action against CIL on behalf of themselves and on behalf of a purported putative class.  The remaining allegations in this paragraph are not directed at CIL, and therefore no response is necessary. To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

136.   CIL admits the allegations in this paragraph.

137.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

138.   CIL admits the allegations in this paragraph.

139.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without

1  sufficient knowledge or information to form a belief about the truth of the

2  allegations, and on that basis denies such allegations.

3      140.   The allegations in this paragraph are not directed at CIL, and therefore

4  no response is necessary.  To the extent a response is necessary, CIL is without

5  sufficient knowledge or information to form a belief about the truth of the

6  allegations, and on that basis denies such allegations.

7      141.   CIL denies the allegations in this paragraph as it relates to CIL.  CIL

8  denies Lead Plaintiffs or any members of the purported putative class are entitled to

9  any relief.  The remaining allegations in this paragraph are not directed at CIL, and

10  therefore no response is necessary.  To the extent a response is necessary, CIL is

11  without sufficient knowledge or information to form a belief about the truth of the

12  allegations, and on that basis denies such allegations.

13      142.   CIL denies the allegations in this paragraph as it relates to CIL.  CIL

14  denies Lead Plaintiffs or any members of the purported putative class are entitled to

15  any relief.  The remaining allegations in this paragraph are not directed at CIL, and

16  therefore no response is necessary.  To the extent a response is necessary, CIL is

17  without sufficient knowledge or information to form a belief about the truth of the

18  allegations, and on that basis denies such allegations.

19      143.   CIL admits it was the issuer of its common stock sold in the initial

20  public offering that is the subject of this suit.  CIL denies any wrongdoing, and

21  denies Lead Plaintiffs or any members of the purported putative class are entitled to

22  any relief.  The remaining allegations in this paragraph state a legal conclusion to

23  which no response is necessary.  To the extent any further response is necessary,

24  CIL denies the remaining allegations.

25      144.   The allegations in this paragraph are not directed at CIL, and therefore

26  no response is necessary.  To the extent a response is necessary, CIL is without

27  sufficient knowledge or information to form a belief about the truth of the

28  allegations, and on that basis denies such allegations.

145.   CIL admits Lead Plaintiffs filed the instant suit.  The remaining allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

146.   CIL admits it has not issued an earnings statement covering a period of at least twelve months beginning after July 17, 2010.

147.   CIL denies that Lead Plaintiffs are entitled to any relief.  The remaining allegations in this paragraph are a legal conclusion to which no response is required.  To the extent any further response is necessary, CIL denies the remaining allegations in this paragraph.

## XIII.

## SECOND CLAIM

### Violation of § 12(a)(2) of the Securities Act Against Rodman & Renshaw and WestPark

148.   CIL repeats and incorporates each and every denial contained above as if fully set forth herein.

149.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

150.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

151.   CIL denies it actively solicited the Plaintiffs' purchases of CIL shares in the initial public offering of CIL common stock.  The remaining allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To

McKenna Long & Aldridge LLP Attorneys At Law Los Angeles

2:11-cv-02768-PSG (SSx)

the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

152.   CIL denies the allegations in this paragraph as they relate to CIL.  The remaining allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

153.   CIL denies the allegations in this paragraph as they relate to CIL.  The remaining allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

154.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

155.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

156.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies such allegations.

157.   The allegations in this paragraph are not directed at CIL, and therefore no response is necessary.  To the extent a response is necessary, CIL is without

sufficient knowledge or information to form a belief about the truth of the

allegations, and on that basis denies such allegations.

## XIV.

## THIRD CLAIM

### Violations of Section 15 of the Securities Act Against the Individual Defendants

158.    CIL repeats each and every denial contained above as if fully set forth

herein.

159.    CIL admits Lead Plaintiffs brought this case on behalf of themselves

and a purported putative class.  The remaining allegations in this paragraph are not

directed at CIL, and therefore no response is necessary.  To the extent a response is

necessary, CIL is without sufficient knowledge or information to form a belief

about the truth of the allegations, and on that basis denies such allegations.

160.    CIL denies the allegations in this paragraph as they relate to CIL.  The

remaining allegations in this paragraph are not directed at CIL, and therefore no

response is necessary.  To the extent a response is necessary, CIL is without

sufficient knowledge or information to form a belief about the truth of the

allegations, and on that basis denies such allegations.

161.    The allegations in this paragraph are not directed at CIL, and therefore

no response is necessary.  To the extent a response is necessary, CIL is without

sufficient knowledge or information to form a belief about the truth of the

allegations, and on that basis denies such allegations.

162.    The allegations in this paragraph are not directed at CIL and state a

legal conclusion to which no response is necessary.  To the extent a response is

necessary, CIL denies the allegations in this paragraph.

163.    The allegations in this paragraph are not directed at CIL, and therefore

no response is necessary.  To the extent a response is necessary, CIL is without

1    sufficient knowledge or information to form a belief about the truth of the

2    allegations, and on that basis denies such allegations.

3        164.   The allegations in this paragraph are not directed at CIL, and therefore

4    no response is necessary.  To the extent a response is necessary, CIL is without

5    sufficient knowledge or information to form a belief about the truth of the

6    allegations, and on that basis denies such allegations.

7        165.   The allegations in this paragraph are not directed at CIL, and therefore

8    no response is necessary.  To the extent a response is necessary, CIL is without

9    sufficient knowledge or information to form a belief about the truth of the

10   allegations, and on that basis denies such allegations.

11       166.   The allegations in this paragraph state a legal conclusion and/or non-

12   factual allegations.  Therefore, no response is necessary.  To the extent any

13   response is necessary, CIL denies the allegations in this paragraph.

14       167.   CIL denies any wrongdoing, and denies Lead Plaintiffs or any member

15   of the purported putative class are entitled to any relief.  The remaining allegations

16   in this paragraph are not directed at CIL, and therefore no response is necessary.

17   To the extent a response is necessary, CIL is without sufficient knowledge or

18   information to form a belief about the truth of the allegations, and on that basis

19   denies such allegations.

## AFFIRMATIVE DEFENSES

21       The Defendant assert the following affirmative defenses with respect to the

22   claims alleged in the Complaint, without assuming the burden of proof where the

23   burden of proof rests on the Lead Plaintiffs.

## FIRST DEFENSE

25       1.     Lead Plaintiffs' Complaint fails to state a claim upon which relief can

26   be granted.

## SECOND DEFENSE

2.     Lead Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

## THIRD DEFENSE

3.     Lead Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH DEFENSE

4.     Lead Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to pursue claims against the Individual Defendants.

## FIFTH DEFENSE

5.     The claims are barred, in whole or in part, because the alleged misrepresentations are non-actionable statements that contain expressions of opinion that Lead Plaintiffs have not alleged, and cannot prove, were not truly held.

## SIXTH DEFENSE

6.     Certain purportedly material information alleged in the Complaint to have been omitted from the Offering Documents is a matter of public knowledge and therefore was not required to be disclosed.  Lead Plaintiffs' claims with respect to such information therefore are barred.

## SEVENTH DEFENSE

7.     Lead Plaintiffs knew, or should have known, of any untruth or omission in the Offering Documents.

## EIGHTH DEFENSE

8.     The actions or inactions of the Defendant were not the sole cause or a partial cause of any loss allegedly suffered by any Lead Plaintiff or any plaintiff. Any damages allegedly suffered by Lead Plaintiffs or any plaintiff were the result of superseding and intervening causes.

### NINTH DEFENSE

9.      Lead Plaintiffs' claims are barred in whole or in part because any alleged harm, including depreciation in the value of Defendants' stock, was caused by events and circumstances unrelated to the misstatements and omissions alleged in the Complaint.

### TENTH DEFENSE

10.     Lead Plaintiffs' claims for damages or injury are barred, in whole or in part, because Lead Plaintiffs failed to make reasonable efforts to mitigate such damages or injury, which would have prevented their damages or injury.

### ELEVENTH DEFENSE

11.     Without admitting that Lead Plaintiffs or any plaintiff suffered damages in any amount, or that Defendant is or should be liable for any such damages, Defendant asserts that its liability for damages may not exceed the statutory limitation to damages set forth in 15 U.S.C. §77k(e).

### TWELFTH DEFENSE

12.     Lead Plaintiffs' claims for damages or injury are barred, in whole or in part, because the alleged misstatements and/or omissions in the Company are not material.

### THIRTEENTH DEFENSE

13.     Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs' purported putative class fails to meet the requirements of Federal Rule of Civil Procedure 23.

### FOURTEENTH DEFENSE

14.     Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs may not state valid claims for purchases of securities in the secondary market.

**FIFTEENTH DEFENSE**

15.    Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs knew of any untrue statements or omissions of material fact in the Registration Statement at the time they acquired CIL stock.

**SIXTEENTH DEFENSE**

16.    Any alleged damages must be reduced or offset for amounts received through bankruptcy distributions, settlements or other sources, including reductions for the percentage of culpability of each of the defendants with whom Lead Plaintiffs or purported putative class members have settled.

**SEVENTEENTH DEFENSE**

17.    If Lead Plaintiffs sustained any loss as a result of the matters alleged in the Complaint, such loss, if any, was caused and contributed to the conduct of Lead Plaintiffs and purported putative class members any recovery should be barred or, in the alternative, any recovery, if any, should be reduced in proportion in relation to that conduct.

**EIGHTEENTH DEFENSE**

18.    Defendant hereby reserves all defenses and affirmative defenses available under any applicable federal or state law.  Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have available other, as yet unstated, defenses or affirmative defenses. Therefore, CIL reserves its right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate.

WHEREFORE, CIL prays for relief and judgment against Lead Plaintiffs as follows:

(a)    That Lead Plaintiffs or any plaintiff take nothing by reason of this action;

(b)    That Defendant recover its fees, costs and attorneys' fees incurred herein; and

1    (c)    For such further and other relief as the Court deems proper.

2

3                    **DEMAND FOR JURY TRIAL**

4    Defendant demands trial by jury on all issues in this action.

5    Dated: October 23, 2012                McKENNA LONG & ALDRIDGE LLP

6
                                            By: /s/ Timothy A. Horton
7                                               thorton@mckennalong.com

8                                            Attorneys for Defendant
                                             China Intelligent Lighting and
9                                            Electronics, Inc.

10
     SD:22268391.10
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28