UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225,  10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (In Chambers) Order GRANTING Class Certification**

Before the Court is Plaintiffs' unopposed motion for class certification, appointment of class representatives, and appointment of class counsel. *See* Dkt. # 226.  The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the arguments in Plaintiffs' submissions, the Court GRANTS Plaintiffs' motion.

I.    Background

China Intelligent Lighting and Electronics, Inc. ("CIL") manufactures LED lighting products in China, through a Chinese operating subsidiary. *See FAC* ¶ 16.  From June through December 2010, CIL conducted an Initial Public Offering, an Initial Resale, and a Secondary Resale of stock in the United States. *See id.* ¶¶ 60, 62.  In connection with those offerings, CIL filed several registration statements and prospectuses containing information about CIL's financial condition with the Securities and Exchange Commission ("SEC").  Specifically, CIL filed two Registration Statements that were declared effective on June 17, 2010 and December 15, 2010, respectively, and filed three Prospectuses on June 21, 2010, July 27, 2010, and December 15, 2010, respectively (collectively, the "Offering Documents"). *See id* ¶¶ 1-2.  The Offering Documents included audited financial statements. *See id.* ¶¶ 61-62.

CIL's Chinese operating subsidiary also filed audited financial statements with the Chinese government's State Administration of Industry and Commerce (the "SAIC") covering the same years as the statements filed with the SEC. *See id.* ¶¶ 43-44, 74-77.  The Chinese

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225,  10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

operating subsidiary was CIL's only source of revenue.  *See id.* ¶¶ 17, 69.  However, the statements filed with the SAIC show that the subsidiary—and thus CIL—had revenues and profits that were significantly lower than stated in the Offering Documents.  *See id.* ¶¶ 70-72. Plaintiffs allege that the financial statements submitted to the SAIC reflected CIL's true financial condition, and that the information in the Offering Documents was materially false.  *See id.* ¶¶ 66, 73.

Plaintiffs Perritt Emerging Opportunities Fund, Acerco SA, and Antoine de Sejournet (collectively, "Plaintiffs") brought this action against:  CIL; various officers and directors of CIL who signed the Offering Documents ("Individual CIL Defendants"), WestPark Capital, Inc. ("WestPark") and Rodman & Renshaw, LLC ("Rodman & Renshaw"), who served as underwriters for CIL's stock offerings; WestPark Chief Executive Officer Richard Rappaport ("Rappaport"); Rodman & Renshaw President and Chief Executive Officer Edward Rubin ("Rubin"); Rodman & Renshaw Head of Investment Banking John Borer ("Borer"); and MaloneBailey LLP ("MaloneBailey") and Kempisty & Company, P.C. ("Kempisty"), CIL's auditors for the financial statements in the Offering Documents.  *See id.* ¶¶ 16-44.

On July 7, 2011, the Court appointed the Plaintiffs as Lead Plaintiffs pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4a(3)(B)(i), and appointed Gold Bennett Cera & Sidener LLP ("Gold Bennett Cera & Sidener") and the Rosen Law Firm, P.A. ("Rosen Law Firm") as Co-Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v).  Dkt. # 14.

Plaintiffs filed a First Consolidated Amended Complaint ("FAC") on March 16, 2012. Dkt. # 115.  On September 5, 2012, the Court dismissed Plaintiffs' claims against Rubin and Borer, but otherwise allowed Plaintiffs to proceed with their claims.  Dkt. # 161.[1]  The Court refers to the remaining defendants collectively as "Defendants."

Plaintiffs currently assert causes of action for:  (1) violations of § 11 of the Securities Act of 1933 (the "Securities Act") (against all Defendants other than Rappaport); (2) violations of § 12(a)(2) of the Securities Act (against WestPark and Rodman & Renshaw); and (3) violations

---

[1]  Plaintiffs incorrectly state that the Court upheld Plaintiffs' claims against Rubin and Borer. *Mem.* 2:21-3:6 & n.4.  The Court clearly held that:  "the motion to dismiss Rubin and Borer from the Third Cause of Action is GRANTED.  Rubin and Borer are DISMISSED from this action, without prejudice."  *Sept. 5, 2012 Order* at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225, 10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | | Date | October 25, 2013 |
|---|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | | |

of § 15 of the Securities Act (against Rappaport, Li Xuemei, and Kui Jiang, collectively, the "Section 15 Defendants").[2] *See FAC* ¶¶ 133-167.

Plaintiffs now move to certify a class (the "Class"), pursuant to Federal Rule of Civil Procedure 23(b)(3), comprised of:

> All persons and entities who purchased or otherwise acquired the common stock of China Intelligent Lighting and Electronics, Inc. ("CIL" or the "Company") pursuant or traceable to two (2) separate Registration Statements and three (3) accompanying Prospectuses filed with the U.S. Securities and Exchange Commission ("SEC") by CIL[.]

*Mem.* 1:6-1:12. The Registration Statements and Prospectuses referred to in the definition of the Class are the Offering Documents. *Id.* 1:13-2:3. Plaintiffs assert that all purchases or acquisitions of CIL common stock from June 18, 2010 (the day after CIL's first Registration Statement became effective) through March 24, 2011 (the date when MaloneBailey terminated its engagement with CIL, citing accounting fraud) (the "Class Period") can be traced to the Offering Documents. *FAC* ¶ 3. The only shares CIL registered for resale before the end of the Class Period were registered through the Offering Documents. *See id.* ¶ 63.

The Class excludes: (1) Defendants; (2) the parents, successors, subsidiaries, affiliates, and assigns of CIL; (3) members of the immediate family of each of the individual Defendants, and their legal representatives, heirs, successors, or assigns; (4) any person who was an officer or director of CIL, or any subsidiary thereof at the time of CIL's stock offering; (5) any underwriter, or affiliate of an underwriter, who offered, sold, or purchased CIL common stock during the offering; and (6) any firm, trust, corporation, or other entity in which any of the Defendants has a controlling interest or had a controlling interest at the time of CIL's stock offering. *Mem.* 1 n.1.

Plaintiffs also move to appoint themselves as Class Representatives, and to appoint Gold Bennett Cera & Sidener and the Rosen Law Firm as Class Counsel. *Mem.* 2:4-2:7.

---

[2] Plaintiffs' § 15 claim is pleaded against "the Individual Defendants," but the only individuals alleged to be control persons are Rappaport, Xumei, Jiang, Rubin, and Borer. *FAC* ¶¶ 158-167. As noted above, the Court dismissed the § 15 claims against Rubin and Borer. *Sept. 5, 2012 Order* at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225,  10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

II.    <u>Legal Standard</u>

    A.    <u>Class Certification</u>

A plaintiff seeking class certification must affirmatively demonstrate that it meets the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997).  To satisfy Rule 23(a), the plaintiff must show that:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  To certify a class under Rule 23(b)(3), as Plaintiffs seek to do here, the plaintiff must also show that: (5) "questions of law or fact common to class members predominate over any questions affecting only individual class members," and (6) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  These requirements are often referred to, respectively, as numerosity, commonality, typicality, adequacy, predominance, and superiority.

The Court must conduct a "rigorous analysis" to confirm that the Rule 23 standard is met.  *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *Conn. Ret. Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011); *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  As the Supreme Court has explained:  "Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).

    B.    <u>Appointment of Class Counsel</u>

The adequacy of class counsel is governed by Rule 23(g).  Pursuant to that Rule, the Court must consider:  "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  Finally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225,  10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

"[c]lass counsel must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).

III.    Discussion

     A.    Class Certification

         i.    *Numerosity*

The numerosity requirement is met if the class is "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  There is no fixed threshold for numerosity—rather, it is based on a consideration of the specific facts of each case.  *See Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980); *Rannis v. Recchia*, 380 F. App'x 646 (9th Cir. 2010).  However, courts have generally presumed numerosity when there are at least forty members in the proposed class.  *See Charlebois v. Angels Baseball, LP*, No. SACV 10-0853 DOC (ANx), 2011 WL 2610122, at *4 (C.D. Cal. June 30, 2011); *Alba v. Papa John's USA, Inc.*, No. CV 05-7487 GAF (CTx), 2007 WL 953849, at *5-6 (C.D. Cal. Feb. 7, 2007); *see also Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982) *vacated on other grounds*, 459 U.S. 810 (1982) (stating that the court "would be inclined to find the numerosity requirement in the present case satisfied solely on the basis of the number of ascertained class members, i.e. 39, 64, and 71").  Plaintiffs are also not required to establish the precise number of class members, as long as common sense and reasonable inferences from the available facts show that the numerosity requirement is met.  *See Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 587-88 (C.D. Cal. 2011); *Bruno v. Quten Rsch. Inst., LLC*, 280 F.R.D. 524, 533 (C.D. Cal. 2011); *O'Donovan v. CashCall, Inc.*, 278 F.R.D. 479, 488 (N.D. Cal. 2011).  The court may also consider factors such as "the geographical diversity of class members, [and] the ability of individual claimants to institute separate suits."  *Jordan*, 669 F.2d at 1319.

In this case, the Court can reasonably infer that the numerosity standard is met, given that the Class includes all persons or entities who purchased or acquired the approximately the 6.6 million shares of CIL stock traceable to the Offering Documents.  *See FAC* ¶ 62.  Courts have regularly found numerosity based on similar allegations.  *See, e.g.*, *In re Unioil Sec. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal. 1985) (finding numerosity based on the purchase of "several million shares"); *Katz v. Image Innovations Holdings, Inc.*, No. 06 Civ. 3707 (JGK), 2010 WL 2926196, at *3 (S.D.N.Y. July 22, 2010) (sale of approximately 1.2 million shares); *Wade v. Indus. Funding Corp.*, No. C 92-0343 TEH, 1993 WL 594019, at *3 (N.D. Cal. Dec. 14, 1993) (sale of approximately 1.8 million shares); *In re PE Corp. Sec. Litig.*, 228 F.R.D. 102, 107 (D. Conn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225, 10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

2005) (sale of "almost 4 million shares"); *In re Activision Sec. Litig.*, 621 F. Supp. 415, 428 (N.D. Cal. 1985) (sale of four million shares); *Brosious v. Children's Place Retail Stores*, 189 F.R.D. 138, 145 (D.N.J. 1999) (sale of at least four million shares); *Gilbert v. First Alert, Inc.*, 904 F. Supp. 714, 719 (N.D. Ill. 1995) ("more than four million" outstanding shares); *In re AnnTaylor Stores Sec. Litig.*, No. 91 Civ. 7145 (CBM), 1992 WL 249975, at *1 (S.D.N.Y. Sept. 22, 1992) (sale of approximately seven million shares); s*ee also Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1039-40 (5th Cir. 1981) (noting that an allegation of six million shares in trading volume would ordinarily satisfy numerosity) (collecting cases).  Further, because this is a securities action involving a publicly-traded stock, it is highly likely that the members of the Class are geographically diverse, making joinder impractical.

For the reasons above, the Court finds that the numerosity requirement is met.

       *ii.*     *Commonality*

To satisfy Rule 23(a)(2), Plaintiffs must establish that there are questions of law or fact common to the Class as a whole.  Fed. R. Civ. P. 23(a)(2).  To meet this burden, Plaintiffs must show that the Class members' claims "depend upon a common contention" that is "capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of its claims in one stroke."  *Dukes*, 131 S.Ct. at 2551; *see Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588-89 (9th Cir. 2012) (quoting *Dukes*, 131 S.Ct. at 2551).  However, not every question of law or fact must be common to the Class—all that is required is "a single *significant* question law or fact."  *See Mazza*, 666 F.3d at 589.

Here, the members of the Class were all allegedly injured by the same misstatements and omissions in the Offering Documents.  As a result, there are numerous common questions of law or fact that can be resolved on a classwide basis, including:  (1) whether the Offering Documents contain misstatements or omissions regarding CIL's financial condition; (2) whether those misstatements or omissions would be material to a reasonable investor; and (3) whether the Section 15 Defendants were "control persons" for the purposes of the Securities Act.  *See Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009) (describing the elements of a § 11 violation); *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 885 (9th Cir. 2007) (describing the elements of a § 12(a)(2) violation); 15 U.S.C. § 77o (establishing "control person" liability for violations of § 11 and § 12(a)(2)).

Accordingly, the Court finds that the commonality requirement is met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225,  10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

  *iii.  Typicality*

  Plaintiffs seeking to represent a class must establish that their claims are typical of the class.  Fed. R. Civ. P. 23(a)(3).  "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (citation omitted).  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

  In this case, to the extent the Offering Documents contained material misstatements or omissions, all members of the Class, including Plaintiffs, were injured by the same course of conduct and suffered essentially the same injury.  It does not appear that Defendants engaged in any conduct unique to Plaintiffs, or that Plaintiffs' claims are subject to any unique defenses.

  Accordingly, the Court finds that the typicality requirement is met.

  *iv.  Adequacy*

  Plaintiffs seeking to represent a class must also show that they will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "The proper resolution of this issue requires that two questions be addressed:  (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (citation omitted).

  Plaintiffs assert that there are no conflicts of interest between them and the absent members of the Class.  *Mem.* 15:3-15:12.  The Court concurs.  As the Supreme Court has noted, the commonality, typicality, and adequacy requirements of Rule 23(a) "tend to merge."  *Dukes*, 131 S.Ct. at 2551 n.5.  Here, because the claims of the Class members are based almost entirely on common issues of law and fact, and because the Plaintiffs' claims are typical of the Class, Plaintiffs' interests appear to be closely bound to those of the absent Class members.

  Plaintiffs also assert that they will continue to vigorously prosecute this case on behalf of the Class.  *Mem.* 15:12-15:17.  Plaintiffs have diligently prosecuted this case since they were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225,  10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

appointed as Lead Plaintiffs in July 2011, and have successfully advanced the case through two rounds of dispositive motions.

As a result, the Court finds that Plaintiffs will fairly and adequately protect the interests of the Class as Class Representatives.

*v.      Predominance*

Plaintiffs seeking class certification under Rule 23(b)(3) must show that common issues of law or fact predominate over questions affecting only individual class members.  Fed. R. Civ. P. 23(b)(3).  The predominance test gauges "whether proposed classes are sufficiently cohesive to warrant adjudication by representation . . . . [and] focuses on the relationship between the common and individual issues.  'When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis.'"  *Hanlon*, 150 F.3d at 1022 (citation omitted).  This assessment "begins, of course, with the elements of the underlying cause of action."  *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S.Ct. 2179, 2184 (2011).

Here, the predominance requirement is easily met, as it appears that virtually all of the material issues of law and fact will be common to the Class.  To establish their claims, Plaintiff will not need to show scienter, their reliance, or loss causation.  *See Rubke*, 551 F.3d at 1161. Rather, the principal issues Plaintiffs will have to prove, as discussed above, will be: (1) whether the Offering Documents contain misstatements or omissions regarding CIL's financial condition; (2) whether those misstatements or omissions would be material to a reasonable investor; and (3) whether the Section 15 Defendants were "control persons" for the purposes of the Securities Act.  These issues are all common to the Class.

The only notable issue that is not common to the Class is damages.  Each member of the Class will suffer different damages based on their shareholdings.  However, "[t]he amount of damages is *invariably* an individual question and does not defeat class action treatment." *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) (emphasis).  Further, the calculation of damages will be governed by statutory formulas.  *See* 15 U.S.C. §§ 77k(e), 77l(a).

Accordingly, the Court finds that common issues of law or fact predominate over questions affecting only individual class members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225,  10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

*vi.    Superiority*

Finally, Plaintiffs must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  As part of this analysis, the Court must consider:  "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."  *Id.*

No individual member of the Class has expressed any interest here in separately controlling the prosecution of their case, and Plaintiffs have represented that no member of the Class has brought an individual suit based on the Offering Documents.  *See Mem.* 20:13-20:16. Further, the relatively low $3 offering price of CIL's stock suggests that most Class members will not have a financial incentive to litigate their claims separately, because their damages will be limited by the price at which the CIL shares were offered to the public multiplied by their shareholdings.  *See* 15 U.S.C. §§ 77k(e), 77l(a).

In the Court's view, it would be desirable to concentrate the litigation of claims related to the Offering Documents in one forum.  It would be inefficient to have individual members of the Class—who are likely geographically dispersed, given that CIL was a publicly-traded company—bring separate claims in scattered courts across the country.  Such fragmentation would be inconvenient for witnesses and Defendants, would unnecessarily burden the courts, and would needlessly create a risk of inconsistent judgments.

With regards to manageability, in light of the overwhelming predominance of common issues in this case and the statutory formulas for the calculation of damages, the Court sees no reason why this case cannot be effectively managed as a class action.

For the reasons above, the Court finds that a class action is superior to other available methods for the fair and efficient adjudication of this case.

In summary, Plaintiffs have shown that class certification is appropriate under Rule 23(b)(3).

B.    Appointment of Class Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Link #225,  10/28 (hrg off)**

| Case No. | CV 11-2768 PSG (SSx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

Gold Bennett Cera & Sidener and the Rosen Law Firm have shown that they are qualified to serve as Class Counsel.  The firms investigated the claims at issue and have successfully litigated them to date.  Both firms also have substantial experience in shareholder class actions. *See Bright Decl.* Exs. B-E; Dkt. # 6, Ex. C.  Further, in this litigation, the firms have demonstrated their knowledge of the applicable law, and have shown that they are willing to commit the resources necessary to prosecute this case.

IV.    Conclusion

For the reasons above, the Court GRANTS Plaintiffs' motion for class certification with respect to their claims for:  (1) violations of § 11 of the Securities Act (against all Defendants other than Rappaport and Rodman & Renshaw[3]); (2) violations of § 12(a)(2) of the Securities Act (against WestPark); and (3) violations of § 15 of the Securities Act (against Rappaport, Li Xuemei, and Kui Jiang).  Subject to the exceptions described above, the Class is defined as:

> All persons and entities who purchased or otherwise acquired the common stock of China Intelligent Lighting and Electronics, Inc. ("CIL" or the "Company") pursuant or traceable to two (2) separate Registration Statements and three (3) accompanying Prospectuses filed with the U.S. Securities and Exchange Commission ("SEC") by CIL.

The Registration Statements and Prospectuses referred to in the definition of the Class are the Offering Documents:  the Registration Statements that were declared effective on June 17, 2010 and December 15, 2010, respectively, and the Prospectuses that were filed on June 21, 2010, July 27, 2010, and December 15, 2010.

The Court also GRANTS Plaintiffs' motion to be appointed as Class Representatives, and GRANTS Plaintiffs' motion to appoint Gold Bennett Cera & Sidener and the Rosen Law Firm as Class Counsel.

**IT IS SO ORDERED.**

---

[3]  The Court recognizes that Plaintiffs have raised § 11 and § 12(a)(2) claims against Rodman & Renshaw.  However, all proceedings against Rodman & Renshaw have been stayed due to the company's bankruptcy.  *See* Dkt. # 191.