UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#244/248 (4/14 hrg off)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2768 PSG (SSx) | Date | April 10, 2014 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) Order DENYING Requests for Entry of Default**

Before the Court are Lead Plaintiffs' requests for an entry of default against Defendants Hongfeng Zhang, Li Xuemei, and Wu Shilang ("Default Defendants"). Dkts. # 244, 248. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the unopposed moving papers, the Court DENIES Lead Plaintiffs' requests.

I.      Background

This case is a securities class action against China Intelligent Lighting and Electronic, Inc. ("CIL"). Default Defendants were officers of CIL: Xuemei was CIL's CEO and President; Shilang was CIL's Executive Vice President; and Zhang was a member of CIL's Board of Directors. *See FAC* ¶¶ 20, 22, 25. All three Default Defendants are located in the People's Republic of China ("PRC"). *See* Dkts. # 220, 221, 247, Ex. A.

Lead Plaintiffs filed a First Amended Complaint ("FAC") on March 16, 2012. Dkt. # 15. Lead Plaintiffs served Xuemei and Shilang with the FAC and Summons on January 28, 2013, *see* Dkts. # 220, 221; *Feb. 4, 2014 Bright Decl.* ¶ 7, and served Zhang on November 27, 2013, *see* Dkt. # 247; *March 6, 2014 Bright Decl.* ¶ 8. Xuemei and Shilang were required to answer the FAC by February 18, 2014. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Zhang was required to answer by December 18, 2013. *See id.* None of the Default Defendants answered or otherwise responded to the FAC. *See Feb. 4, 2014 Bright Decl.* ¶ 8; *March 6, 2014 Bright Decl.* ¶ 10.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#244/248 (4/14 hrg off)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2768 PSG (SSx) | Date | April 10, 2014 |
| --- | --- | --- | --- |
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

On February 4, 2014, Lead Plaintiffs applied to the Clerk of the Court for an entry of default against Xuemei and Shilang.  Dkt. # 244.  The Clerk forwarded that request to this Court. Dkt. # 246.  On March 3, 2014, Lead Plaintiffs filed the present motion, reiterating their request for an entry of default against Xuemei and Shilang, and requesting an entry of default against Zhang.  Dkt. # 248.

II.     Legal Standard

Before a party can obtain a default judgment under Federal Rule of Civil Procedure 55(b), there must be an entry of default pursuant to Rule 55(a).  *See* Fed. R. Civ. P. 55.  A default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"  Fed. R. Civ. P. 55(a).

An entry of default cannot be entered against a party unless the Court has jurisdiction over the party.  This means that the party must have been effectively served with process in the manner prescribed by Federal Rule of Civil Procedure 4.

Rule 4(f) provides that individuals in foreign countries may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]"  Fed. R. Civ. P. 4(f)(1).  "[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies[.]"  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).  The PRC is a signatory to the Hague Convention.  *See* Declarations of the People's Republic of China, Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 2 *International Judicial Assistance: Civil and Commercial* (2000) ("PRC Declarations").  Under the Convention, service in a foreign country is generally effected by providing the documents to be served, along with a summary of those documents, to the receiving country's "Central Authority," which serves the targeted party.  *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 2, 5, Nov. 15, 1965, 20 U.S.T. 361; *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (explaining service under the Convention).  Some countries also permit litigants to serve documents by mail.  *See* Hague Convention, Art. 10; *Brockmeyer*, 383 F.3d at 801-03.  The PRC does not.  *See* PRC Declarations ¶ 3; *see also Intercontinental Indus. Corp. v. Luo*, No. CV 10-4174-JST (Ex), 2011 WL 221880, at *2 (C.D. Cal. Jan. 20, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#244/248 (4/14 hrg off)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2768 PSG (SSx) | Date | April 10, 2014 |
|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | |

The PRC's Central Authority is the Ministry of Justice, Department of Judicial Assistance and Cooperation, Division of Judicial Assistance ("Ministry of Justice"). *See* PRC Declarations ¶ 1. It appears that the PRC requires all documents to be served to be written in Chinese or served with a Chinese translation. *See, e.g.*, *Stream SICAV v. Wang*, No. 12 Civ. 6682 (PAE), 2013 WL 5526289, at *12 (S.D.N.Y. Oct. 7, 2013).

III.     Discussion

Lead Plaintiffs have not shown that they have correctly served Default Defendants under the Hague Convention.

Lead Plaintiffs' declaration with respect to Xuemei and Shilang states that they were served "in compliance with Rule 4 of the Federal Rules of Civil Procedure by personal service." *See Feb. 4, 2014 Bright Decl.* ¶ 7. Neither the declaration nor the relevant proofs of service indicate whether Xuemei and Shilang were served through the Ministry of Justice, as required under the Convention. *See Feb. 4, 2014 Bright Decl.*; Dkts. # 220, 221. Further, it does not appear that Xuemei and Shilang were served with Chinese translations. None of Lead Plaintiffs' relevant filings make any mention of translations. *See Feb. 4, 2014 Bright Decl.*; Dkts. # 220, 221, 244, 248. As a result, the Court cannot find that Xuemei and Shilang were properly served.

Although Lead Plaintiffs' declaration with respect to Zhang *does* states that Zhang was served through the Ministry of Justice, in conformity with Convention procedures, *see March 6, 2014 Bright Decl.* ¶ 8, there are other shortcomings in Lead Plaintiffs' efforts to serve Zhang. Specifically, it does not appear that Zhang was served with a summary of the relevant documents, or with any Chinese translations. *See March 6, 2014 Bright Decl.*; Dkts. # 247, 248. Although Lead Plaintiffs have submitted one page of a document written entirely in Chinese, it is unclear what that document is. *See* Dkt. # 247, Ex. A at 2. Without more, the Court cannot conclude that Zhang has been properly served under the Convention.

Because it does not appear that Default Defendants have been properly served, Lead Plaintiffs' requests for an entry of default are DENIED.

IV.     Conclusion

For the reasons above, Lead Plaintiffs' requests for an entry of default are DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#244/248 (4/14 hrg off)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2768 PSG (SSx) | | Date | April 10, 2014 |
|---|---|---|---|---|
| Title | In re China Intelligent Lighting and Electronics, Inc. Securities Litigation | | | |

**IT IS SO ORDERED.**